UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---X

JANE DOE 1, individually, and on behalf of all others similarly situated, JANE DOE 2, individually and on behalf of all others similarly situated, JANE DOE 3, individually and on behalf of all others similarly situated, JANE DOE 4, individually and on behalf of all others similarly situated and JANE DOE 5, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, FIRST LADY CECILE DE JONGH, GOVERNOR KENNETH MAPP, SENATOR CELESTINO WHITE, ATTORNEY GENERAL VINCENT FRAZER, GOVERNOR JOHN DE JONGH, SENATOR CARLTON DOWE, DELEGATE STACEY PLASKETT, and JOHN DOES 1-100,

Defendants.

---X

№.: 1:23-cv-10301-AS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOVERNOR JOHN DE JONGH JR.'S MOTION TO DISMISS, TRANSFER, AND/OR STRIKE**

Cevallos & Wong LLP
Daniel L. Cevallos, Esq.
917.699.5008
Danny@CevallosWong.com
www.CevallosWong.com

The Cattie Law Firm, P.C.
David J. Cattie, Esq.
1710 Kongens Gade
St. Thomas, USVI, 00802
David.Cattie@Cattie-Law.com
www.Cattie-Law.com
Phone: 340.775.1200
Admitted Pro Hac Vice [ECF #21]

*Attorneys for Governor John de Jongh, Jr.*

TABLE OF CONTENTS

**I. FAC's Insufficient, Vague, Group Pleading as to Defendants, Plaintiffs, Dates, Locations ... 1**

**II. Fed.R.Civ.P. 12(b)(1) No Subject Matter Jurisdiction, Causation, Standing ... 1**

**III. Fed.R.Civ.P. 12(b)(2): No Personal Jurisdiction ... 4**

*1. Non-Fact Specific Allegations, Group Pleading, Fail to Establish Jurisdiction ... 4*

*2. FAC Fails to Establish Personal Jurisdiction over Nondomiciliary ... 4*

**IV. Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1406: Dismissal for Improper/Wrong Venue ... 8**

*1. 28 U.S.C. § 1391(b)(2): Venue is Wrong / Improper in SDNY ... 8*

*2. § 1406(a): Dismissal Warranted, Rather Than Transfer ... 9*

*3. Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1406 Transfer for Improper Venue ... 9*

**V. 28 U.S.C. § 1404(a): Only if Venue Proper, Transfer for Convenience ... 10**

**VI. Fed.R.Civ.P. 12(b)(6): FAC Fails to State a Claim ... 11**

*1. All COAs: Fed.R.Civ.P. 8(a): Improper Group Pleading ... 11*

*2. All COAs: Statute of Limitations; Failure to Allege Conspiracy ... 12*

*3. All COAs: USVI Law Applies; Statute of Limitations ... 12*

*4. 1st, 2nd, 3rd COAs: FAC Alleges Conduct Before TVPRA Private Right of Action Existed ... 13*

A. TVPRA Private COA Not Retroactive ... 13

B. No TVPRA Continuing Violation Theory ... 14

*5. 1st, 2nd, 3rd COAs: Failure to Allege Knowledge of Venture ... 14*

*6. 2nd COA: No "Aiding and Abetting" Liability under § 1595 ... 15*

*7. 3rd COA: No Individual Cause of Action for Civil Conspiracy ... 15*

*8. 4th COA: FAC Fails to Plead Negligence, Duty, Breach, Causation ... 16*

A. VI Governor Could Not Enforce Federal Law ... 16

B. V.I. Atty. General Enforces §§ 1591, 1595, Not V.I. Governor, or Mr. de Jongh ... 16

C. FAC Fails to Plead Causation ... 17

*9. All COAs: Failure to Distinguish Conduct During de Jongh Term ... 17*

*10. All COA: Failure to Plead Exception to USVI Immunity ... 17*

*11. Failure to Comply with Virgin Islands Tort Claims Act ... 18*

*12. No COA for Failure to Enforce Law, Stop Crime ... 18*

*13. Mr. de Jongh not an Agent of First Lady Cecile de Jongh* ........................................... *18*

**VII. Fed.R.Civ.P. 12(b)(7), 19: Failure to Join Epstein, Estate** ............................................. **18**

**VIII. Fed.R.Civ.P. 12(f): Immaterial, Scandalous Loan, Arrest Allegations must be Stricken**.......................................................................................... **19**

**IX. Any Dismissal Must Be with Prejudice; ASA's 1-yr Window Closed 11/24/2023, Statute has Run** .......................................................................... **20**

**X. Conclusion**............................................................................................................. **20**

TABLE OF AUTHORITIES

**Cases**

*Al-Ahmed v Twitter*, 553 F.Supp.3d 118 (SDNY 2021) .... 5
*Ashcroft v Iqbal*, 556 U.S. 662 (2009) .... 11
*Atuahene v City of Hartford*, 10 F. App'x 3 (2d Cir. 2001) .... 11
*Big Apple Pyrotechnics v Sparktacular* 2007 WL 747807 (SDNY 2007) .... 5
*Boswell v Bimbo Bakeries*, 570 F.Supp.3d 89 (SDNY 2021) .... 11
*Bucco v W. Iowa Tech*., 555 F.Supp.3d 628 (N.D.Iowa 2021) .... 11, 12
*C.T. v Red Roof Inns*, 2022 WL 18003292, *7 (S.D.Ohio 2022) .... 10
*Cabot Lodge Sec. v Stoltmann P.C.*, 2023 WL 6811774 (SDNY 2023) (Subramanian, J.) .... 4
*Calder v Jones*, 465 U.S. 783 (1984) .... 7
*Carroll v Trump*, 650 F.Supp.3d 213 (SDNY 2023) .... 13
*City of New York v Chemical Bank*, 122 Misc.2d 104 (Sup. Ct. 1983) .... 18
*Concesionaria v Int'l Fin. Corp*., 307 F.Supp.2d 553 (SDNY 2004) .... 8
*Coubaly v Cargill*, 610 F.Supp.3d 173 (D.D.C. 2022) .... 2, 3
*Crandell v Ross*, 2019 WL 3302819 (NDNY 2019) .... 10
*D.H. Blair v Gottdiener*, 462 F.3d 95 (2d Cir. 2006) .... 5
*Daniel v Am. Bd. of Emerg. Med*., 428 F.3d 408 (2d Cir. 2005) .... 8
*DeLong v County of Erie*, 60 N.Y.2d 296 (1983) .... 18
*Detroit Coffee Co. v Soup for You, LLC*, 2018 WL 941747 (SDNY 2018) .... 8
*Doe 1 v Deutsche Bank*, 2023 WL 3167633 (SDNY 2023) .... 13
*Doe I v Apple*, 2021 WL 5774224 (D.D.C. 2021) .... 2, 3
*Doe v Siddig*, 810 F.Supp.2d 127 (D.D.C. 2011) .... 14
*Doe v Telemundo Network*, 2023 WL 6259390 (SDNY 2023) .... 4
*Energy Brands v Spiritual Brands*, 571 F.Supp.2d 458 (SDNY 2008) .... 4, 6
*Fleur v Delta*, 2016 WL 551622 (SDNY 2016) .... 10
*Garner v Behrman Bros*., 260 F.Supp.3d 369 (SDNY 2017) .... 18, 19
*Garrett v Town of Greece*, 55 N.Y.2d 774 (1981) .... 18
*George v People*, 69 V.I. 553 (2018) .... 16
*G-I Holdings v Baron & Budd*, 238 F.Supp.2d 521 (SDNY 2002) .... 19
*Gilbert v Indeed*, 513 F.Supp.3d 374 (SDNY 2021) .... 5, 6
*Goodyear Dunlop v Brown*, 564 U.S. 915 (2011) .... 5
*Grand River v Pryor*, 425 F.3d 158 (2d Cir. 2005) .... 4
*Griffin v Alamo*, 2016 WL 7391046 (W.D.Ark. 2016) .... 13
*Gulf Ins. Co. v Glasbrenner*, 417 F.3d 353 (2d Cir. 2005) .... 8
*Herman v Cataphora*, 730 F.3d 460 (5th Cir. 2013) .... 9
*Homecare CRM v Adam Grp*., 2012 WL 12847231 (N.D.Ga. 2012) .... 20
*Hongxia Wang v Enlander*, 2018 WL 1276854 (SDNY 2018) .... 13
*In re Aegean Petroleum*, 529 F.Supp.3d 111 (SDNY 2021) .... 4
*In re Ethereummax*, 2023 WL 6787827 (C.D.Cal. 2023) .... 19
*Int'l Biometric v Intrepid*, 2012 WL 2369501 (SDNY 2012) .... 7
*J.L. v Best Western*, 521 F.Supp.3d 1048 (D.Colo. 2021) .... 13
*Jasper & Black v Carolina Pad Co*., 2012 WL 413869 (SDNY 2012) .... 15
*Kelly-Brown v Winfrey*, 2013 WL 6574918 (SDNY 2013) .... 10
*Kernan v Kurz-Hastings*, 175 F.3d 236 (2d Cir. 1999) .... 7
*Krock v Lipsay*, 97 F.3d 640 (2d Cir. 1996) .... 12
*Landgraf v USI Film Prod*., 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed. 2d 229 (1994) .... 13, 14
*Light v Taylor*, 2007 WL 274798 (SDNY 2007) .... 7

*M.L. v craigslist*, 2020 WL 5494903 (W.D.Wash. 2020)........................................................ 14
*Medina v Bauer*, 2004 WL 136636 (SDNY 2004)........................................................................ 11
*Miller v Annucci*, 2019 WL 4688539 (SDNY 2019)...................................................................... 10
*Mills-Williams v Mapp*, 67 V.I. 574 (2017)................................................................................ 17
*Nattah v Bush*, 770 F.Supp.2d 193 (D.D.C. 2011) ........................................................................ 14
*Ne. Landscape & Masonry v Conn. Dep't of Lab.*, 2015 WL 8492755 (SDNY 2015)............. 8, 9
*Nicholson v State*, 872 NYS2d 846 (Ct. Cl. 2008) ........................................................................ 18
*Noble v Weinstein*, 335 F.Supp.3d 504 (SDNY 2018) ................................................................. 15
*P.T.A., P.S. 72 v Manufacturers Hanover*, 138 Misc.2d 289, 524 NYS2d 336 (Civ.Ct. 1988) ... 18
*Pare v Valet Park*, 2020 WL 495038 (NDNY 2020) ...................................................................... 8
*People v de Jongh*, 64 V.I. 53, 55, 2016 WL 310422 (V.I.Super. 2016) ..................................... 17
*Petrone v Turner Publ'g Co.*, 2023 WL 7302447 (SDNY 2023) .................................................. 11
*Plusgrade v Endava*, 2023 WL 2402879 (SDNY 2023) ................................................................ 11
*Poleon v. GVI*, 2018 WL 3764086 (D.V.I. 2018)........................................................................... 18
*Porina v Marward Shipping*, 521 F.3d 122 (2d Cir.2008) ............................................................... 7
*Ravelombonjy v Zinsou-Fatimabay*, 632 F.Supp.3d 239 (SDNY 2022) ..................................... 19
*Rosenblatt v Coutts*, 2017 WL 3493245 (SDNY 2017) .................................................................. 6
*S.J. v Choice Hotels*, 473 F.Supp.3d 147 (EDNY 2020) ............................................................... 14
*Sahebdin v Khelawan*, 2022 WL 4451005 (EDNY 2022)............................................................. 16
*Steel Co. v Citizens for Better Environment*, 523 U.S. 83 (1998)................................................... 2
*Stroman Realty v Wercinski*, 513 F.3d 476 (5th Cir. 2008)............................................................. 7
*Sunward Elecs. v McDonald*, 362 F.3d 17 (2d Cir. 2004)................................................................ 4
*Tamam v Franzsabank Sal*, 677 F.Supp.2d 720 (SDNY 2010)........................................................ 4
*Tatone v SunTrust*, 857 F.Supp.2d 821 (D.Minn. 2012)................................................................ 11
*U.S. v Med-Care Diabetic*, 2014 WL 12279511 (S.D.Fla. 2014)................................................. 20
*Velez v Sanchez*, 693 F.3d 308 (2d Cir. 2012) ........................................................................ 13, 14
*Weizmann Inst. v Neschis*, 229 F.Supp.2d 234 (SDNY 2002)....................................................... 12
*Wilson v Danka*, 2002 WL 31929120 (SDNY 2003) ....................................................................... 6
*Wohlbach v Ziady*, 2018 WL 3611928 (SDNY 2018)...................................................................... 9

**Statutes**

18 U.S.C. § 1591.............................................................................................................. 15, 16
18 U.S.C. § 1594...................................................................................................................... 16
28 U.S.C. § 1391........................................................................................................................ 8
28 U.S.C. § 1404...................................................................................................................... 10
28 U.S.C. § 1406........................................................................................................................ 9
3 V.I.C. § 112........................................................................................................................... 16
3 V.I.C. § 114........................................................................................................................... 16
33 V.I.C. § 3408....................................................................................................................... 18
48 U.S.C. § 1541...................................................................................................................... 17
CPLR § 214-J............................................................................................................................ 12
CPLR § 302.......................................................................................................................... 5, 6
Pub. L. No. 106-386, 114 Stat. 1464 (2000)............................................................................. 13
Pub. L. No. 108-193, 117 Stat. 2875 (2003)............................................................................. 13

**Rules**

Fed.R.Civ.P. 12.................................................................................................................. passim
Fed.R.Civ.P. 19................................................................................................................ 18, 19
Fed.R.Civ.P. 8.......................................................................................................................... 11

## I. FAC'S INSUFFICIENT, VAGUE, GROUP PLEADING AS TO DEFENDANTS, PLAINTIFFS, DATES, LOCATIONS

The First Amended Complaint (ECF #7, "FAC") is 48 pages long, and consists of 225 paragraphs. Defendant Governor John de Jongh ("Mr. de Jongh") is specifically mentioned by name in only *five* paragraphs (¶¶ 1, 12, 34, 72, 77). "All Defendants:" The FAC otherwise lumps all allegations against "all Defendants" as a group. As discussed herein, such nonspecific, group pleading fails to establish, *inter alia*, subject matter jurisdiction, personal jurisdiction, venue, and timeliness. "Co-Conspirators:" The FAC makes some 38 references to "co-conspirators," which the FAC defines as a "wide network…including the USVI and its many government officials and staff." ¶ 48. As defined by the FAC, a "co-conspirator" could be a Defendant, *or* it could be anyone else in the "wide network." When the FAC broadly references "co-conspirators," it is not necessarily alleging anything against any particular Defendant. "Victims:" The FAC also makes approximately 69 references to "victims." But the FAC defines "Epstein's victims [as] young women and girls, *like* Plaintiffs," who were part of a "worldwide network" of victims. FAC ¶ 48. Throughout the FAC, many paragraphs refer only to "victims" and not any Plaintiff. But, as with "co-conspirators," the FAC has defined a large ("worldwide") group of victims, of which Plaintiffs are only a small subset (6 persons). When the FAC refers only to "victims," it is not necessarily alleging anything about the Plaintiffs. As discussed herein, this vague group pleading fails to meet even the deferential pleading standard at this stage.

## II. FED.R.CIV.P. 12(B)(1) NO SUBJECT MATTER JURISDICTION, CAUSATION, STANDING

The FAC should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for failure to allege subject matter jurisdiction, causation, and standing. Plaintiffs in cases alleging violations of the Trafficking Victims Protection Reauthorization Act (TVPRA) who seek to "invoke federal

jurisdiction bear the burden of establishing the three elements" of Article III standing. *Coubaly v Cargill*, 610 F.Supp.3d 173, 180–82 (D.D.C. 2022) (plaintiffs failed to establish Article III standing in TVPRA case) (hereinafter "*Coubaly*") (cleaned up). The second element is "causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co. v Citizens for Better Environment*, 523 U.S. 83, 103 (1998). "Because standing is not dispensed in gross," each "plaintiff must demonstrate that [s]he has standing separately *as to each defendant*, which requires showing that *each defendant* caused [her] injury," *Coubaly*, at 180-82 (cleaned up). As in *Coubaly*, (TVPRA case) the plaintiffs here cannot show causation for three reasons: First, the FAC's group pleading fails to "establish causation separately for each defendant," specifically Mr. de Jongh. *Coubaly*, at 180–82. Second, the FAC violates the "prohibition on a speculative chain of possibilities." *Id.* (quotations omitted). "Third, the TVPRA's venture theory of liability cannot relieve plaintiffs of Article III's constitutional causation requirement." *Id.*

As in *Coubaly*, the TVPRA Plaintiffs' complaint does not link the individual defendant Mr. de Jongh to a particular act or venture, "nor does it address the degree of influence that [Mr. de Jongh specifically] had over the" alleged sex trafficking. *Id.*, *see also Doe I v Apple*, 2021 WL 5774224, *6 (D.D.C. 2021) (TVPRA case) ("Plaintiffs have pleaded no facts showing that every individual in the entire global supply chain—let alone one or more of the Defendants—controlled the mines or conditions that led to [p]laintiffs' injuries."). As in *Coubaly*, the "the [FAC] alleges generally that the defendants knew" about the sex trafficking conduct by a third-party (Epstein) not before the Court. *Coubaly*, at 181. These general, broad allegations "fail to establish a non-speculative relationship between each plaintiff and each defendant in this [TVPRA] case." *Id.* "There is no standing where the court would have to accept a number of

very speculative inferences and assumptions in any endeavor to connect the alleged injury with [the challenged conduct].” *Id.* (quotations omitted).

The plaintiffs here face the same problems satisfying the causation prong as did the TVPRA plaintiffs in *Doe I* and *Coubaly*. In *Doe I*, the plaintiffs were trafficked child miners of cobalt in the Congo who brought TVPRA claims against Apple (and others) that purchased refined cobalt. 2021 WL 5774224 *1–4. The *Doe I* plaintiffs alleged that non-parties actually *supervised* them working in mines operated by non-parties on land owned by non-parties. *Id.* But the *Doe I* plaintiffs failed to allege a traceable, causal connection between the harm the plaintiffs suffered and a particular defendant. *Id.* *6–7. The FAC here alleges even less: it alleges generally that a non-party (*i.e.*, Epstein and undefined “co-conspirators”) trafficked “victims” and (unspecified) Plaintiffs, and subjected them to sexual assault on property owned by the non-party. *Id.*, at 182-83. The FAC does not allege that Mr. de Jongh supervised anything. It does not allege he had contact with the victims. As in *Doe I*, “[t]he allegations here...involve the actions of...independent third parties in the causal chain between [p]laintiffs” (*Doe I*, 2021 WL 5774224, *7) and the defendant Mr. de Jongh. “The causation requirement of standing is not satisfied by injur[ies] that result[] from the independent action[s] of some third part[ies] not before the court,” (in this case, Epstein and his “co-conspirators.”) *Coubaly*, at 182 (quotations omitted).

The TVPRA does not obviate the FAC’s need to trace *each* Plaintiff’s harms to Mr. de Jongh’s actions. *Coubaly*, 610 F.Supp.3d at 183 (referencing TVPRA hotel cases). In the hotel TVPRA cases, the plaintiffs alleged a traceable, direct link between the injuries and a defendant hotel chain. The FAC, on the other hand, forces the Court “to speculate about the role of the intermediaries or whether a particular defendant [Mr. de Jongh] had a tie to a particular plaintiff.” *Coubaly*, 610 F.Supp.3d at 183 (citations omitted).

## III. Fed.R.Civ.P. 12(b)(2): No Personal Jurisdiction

The FAC should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) because the FAC does not meet the "burden of establishing that the court has [personal] jurisdiction over the defendant" Mr. de Jongh. *Cabot Lodge Sec. v Stoltmann P.C.*, 2023 WL 6811774, *1 (SDNY Oct. 16, 2023) (Subramanian, J.) (citations omitted).

### *1. Non-Fact Specific Allegations, Group Pleading, Fail to Establish Jurisdiction*

The FAC's boilerplate assertions against the Defendants as a group are the type of "conclusory non-fact-specific jurisdictional allegations or [ ] legal conclusion couched as a factual allegation [that] will not establish a *prima facie* showing of jurisdiction." *Tamam v Franzsabank Sal*, 677 F.Supp.2d 720, 725 (SDNY 2010). Furthermore, "group pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant," (*In re Aegean Petroleum*, 529 F.Supp.3d 111, 135 (SDNY 2021)) and "each claim asserted." *Sunward Elecs. v McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). This Court "need not draw argumentative inferences in the plaintiff's favor or accept as true a legal conclusion couched as a factual allegation." *Doe v Telemundo Network*, 2023 WL 6259390, *8 (SDNY 2023) (cleaned up). The FAC's vague, group pleading fails to allege jurisdiction over (or even domicile of) Mr. de Jongh.

### *2. FAC Fails to Establish Personal Jurisdiction over Nondomiciliary*

Mr. de Jongh is a nondomiciliary (Exh. C). "To determine whether it may exercise personal jurisdiction over a non-domiciliary, [this Court] engages in a two-part analysis." *Energy Brands v Spiritual Brands*, 571 F.Supp.2d 458, 469 (SDNY 2008). (A) The FAC first fails to establish jurisdiction under the law of the forum (New York). *Grand River v Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). The only bases for jurisdiction over non-domiciliaries are general personal

jurisdiction and long-arm personal jurisdiction (discussed below). *Big Apple Pyrotechnics v Sparktacular* 2007 WL 747807, *2 (SDNY 2007). (B) The FAC then fails to establish that the exercise of personal jurisdiction comports with the Due Process Clause of the U.S. Constitution. *D.H. Blair v Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).

No General Jurisdiction: There is no general jurisdiction because there are no allegations that Mr. de Jongh specifically engaged "in continuous, permanent, and substantial activity in New York." *Al-Ahmed v Twitter*, 553 F.Supp.3d 118, 125 (SDNY 2021) (quotations omitted). "For an individual," like Mr. de Jongh, "the paradigm forum for the exercise of general jurisdiction is [his] domicile." *Goodyear Dunlop v Brown*, 564 U.S. 915, 924 (2011). The FAC fails to allege the domiciles of any defendants, and fails to even invoke New York's general or long-arm jurisdiction statutes.

No Long Arm Jurisdiction: CPLR § 302(a) is New York's long-arm statute for non-domiciliaries. None of the bases for personal jurisdiction appear in the FAC. There are no allegations that Mr. de Jongh, Jr. himself "transact[ed] any business within [New York];" "contract[ed] anywhere to supply goods or services in [New York];" "commit[ed] a tortious act within [New York]," or "own[ed], use[d] or possesse[d] any real property situated within [New York]." CPLR 302(a)(1-2, 4). Nor have plaintiffs alleged facts supporting personal jurisdiction under CPLR 302(a)(3), which requires: "(1st) [Mr. de Jongh] committed a tortious act outside New York; (2nd) the cause of action arose from that act; (3rd) the…act caused…injury to [Plaintiffs] in New York; (4th) [Mr. de Jongh] expected or should reasonably have expected the [out-of-state] act to have consequences in New York; and (5th) [Mr. de Jongh] derived substantial revenue from interstate or international commerce." *Gilbert v Indeed*, 513 F.Supp.3d 374, 418 (SDNY 2021).

The 1st and 2nd requirements are not met. The FAC does not allege "the out-of-state [tortious] act [is] the proximate cause of the injury in New York, *i.e.*, the act must be 'so close to the injury that reasonable people would regard it as a *cause* of the injury." *Energy Brands*, 571 F.Supp.2d at 467. Plaintiff has not alleged *any* specific out-of-state tortious act by Mr. de Jongh, let alone one that is "so close to the injury" as required by the Southern District.

The 3rd element is not met. The only specific allegations of sexual assault occurred in the USVI. In *Gilbert*, the "tortious act of rape [occurred] in Connecticut and the "first effects" of that rape were felt in Connecticut, not New York." *Id.* As in *Gilbert*, "[a]lthough Plaintiff[s] "undoubtedly continued to experience pain and suffering from [the rape] upon [their] return to New York, a litigant may not carry an injury home for purposes of section 302(a)(3)." *Id.* (citations omitted); *Wilson v Danka*, 2002 WL 31929120, *3-4 (SDNY 2003). "It is firmly established that the domicile or residence of an injured party within New York is not enough to establish personal jurisdiction—rather, a more direct injury must have occurred within New York State." *Rosenblatt v Coutts*, 2017 WL 3493245, *4 (SDNY 2017) (citations omitted). The FAC also group pleads nonspecific communications and transactions directed to New York by unnamed "co-conspirators," and the "Defendants" generally. The "co-conspirators" are not necessarily the Defendants. Even if they were, such nonspecific group allegations are not sufficient. Even if group pleading was sufficient, telephone calls, fax transmissions, and correspondence in connection with negotiations and conduct that "ha[ve] a center of gravity well outside the state [do not create] personal jurisdiction under CPLR 302(a)(1)." *DirecTV Latin America v Park 610*, 691 F.Supp.2d 405, 420 (SDNY 2010).

The 4th element is not met. "[F]orseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New

York market." *Int'l Biometric v Intrepid*, 2012 WL 2369501, *3 (SDNY 2012). The FAC does not allege that Mr. de Jongh "purposeful[ly] avail[ed himself] of the benefits of the laws of New York," such that Mr. de Jongh would reasonably anticipate being haled into a New York court. *Kernan v Kurz-Hastings*, 175 F.3d 236, 241 (2d Cir. 1999). See also, de Jongh Affidavit.

The 5th element is not met. The FAC fails to plead revenue Mr. de Jongh derived from interstate commerce. His Affidavit addresses this by denying it. Even if the nonspecific allegations are construed as Governor/official conduct, any commercial transactions in New York are "to obtain a commercial benefit by acting in a governmental capacity." *Stroman Realty v Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). "Because no such benefit accrues to the [Governor] from h[is] activities relating to [New York], any jurisdiction based upon h[im] having caused an "effect" in [New York] is likewise misplaced." *Id.* The FAC fails to show Mr. de Jongh engaged in interstate commerce activities, let alone any revenue he generated by those interstate commerce activities. *Light v Taylor*, 2007 WL 274798, *4 (SDNY 2007).

Due Process Not Satisfied: The FAC fails to allege either of the two necessary elements of the Due Process inquiry: The FAC does not establish that Mr. de Jongh [1] "has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction...." *Porina v Marward Shipping*, 521 F.3d 122, 127 (2d Cir. 2008). Again, the FAC's group pleading is fatal, because *each defendant's contacts* with New York must be assessed *individually*. *Calder v Jones*, 465 U.S. 783 (1984). The five paragraphs mentioning Mr. de Jongh fail to do this.

Even it met the first test, the FAC does not satisfy [2] the second test "of the due process inquiry, [because] the assertion of personal jurisdiction is [un]reasonable under the circumstances of the particular case." *Id.* Mr. de Jongh has "filed an affidavit in which he states that he does not live in New York, does not work in New York, does not own property in New

York, was not served with process in New York, and" he never interacted with any Plaintiff, ever. Exh. C; *Pare v Valet Park*, 2020 WL 495038, *5 (NDNY 2020) (defendant who actually interacted with plaintiff filed similar affidavit that resulted in finding of no personal jurisdiction).

## IV. Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1406: Dismissal for Improper/Wrong Venue

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co. v Soup for You, LLC*, 2018 WL 941747, *1 (SDNY 2018). The FAC "must show that venue is proper for each claim against each defendant," including Mr. de Jongh. *Concesionaria v Int'l Fin. Corp.*, 307 F.Supp.2d 553, 558 (SDNY 2004). The FAC's group pleading that all defendants were involved in conduct that affected all plaintiffs fails to do this.

### *1. 28 U.S.C. § 1391(b)(2): Venue is Wrong / Improper in SDNY*

The FAC bases venue on "28 U.S.C. § 1391(b)(2), because [it alleges] substantial activities occurred in this District…" FAC ¶ 4. "For venue to be proper under § 1391(b)(2), significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Ne. Landscape & Masonry v Conn. DOL*, 2015 WL 8492755, *2–3 (SDNY 2015). "Substantiality for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Daniel v Am. Bd. of Emerg. Med.*, 428 F.3d 408, 432-33 (2d Cir. 2005). The Second Circuit cautions that courts "are required to construe the venue statute strictly." *Gulf Ins. Co. v Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). Thus, "[i]t would be error...to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Id.* "Rather, only the events that directly give rise to

a claim are relevant." *Ne. Landscape*, 2015 WL 8492755, *2–3 (cleaned up). The "substantial events or omissions" test limits proper venue in order "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* From the face of the FAC, the Court can determine that the alleged substantial events and omissions occurred in the USVI. Parenthetically, the FAC does not even adequately allege the Defendants' domiciles. The Court may dismiss because the FAC's omissions prevent sufficient venue analysis.

***2. § 1406(a): Dismissal Warranted, Rather Than Transfer***

28 U.S.C. § 1406(a) provides that if plaintiffs have "la[id] venue in the wrong…district," the Court "shall dismiss, or if it be in the interest of justice, transfer..." This Court should dismiss—not transfer—the FAC, because it was filed in an improper venue. *See, e.g., Wohlbach v Ziady*, 2018 WL 3611928, *4 (SDNY 2018) (When venue not pleaded, "courts in this Circuit have *dismissed the complaint instead of transferring the case*."). If the Court does not dismiss, it should then transfer to the D.V.I. pursuant to 28 U.S.C. § 1406. If it does not transfer pursuant to Section 1406 (wrong venue), it should transfer pursuant to 28 U.S.C. § 1404 (convenience).

***3. Fed.R.Civ.P. 12(b)(3), 28 U.S.C. § 1406 Transfer for Improper Venue***

If the Court does not dismiss, then pursuant to § 1406(a) the court "shall… in the interest of justice, transfer…" to another district. In considering whether it is in the interest of justice to transfer pursuant to § 1406(a), the Court considers factors such as the location of witnesses and evidence, the underlying events, and the location of the defendants. *Herman v Cataphora*, 730 F.3d 460 (5th Cir. 2013). From the face of the FAC, all of these factors favor a § 1406 transfer to the USVI.

## V. 28 U.S.C. § 1404(a): Only if Venue Proper, Transfer for Convenience

If "venue is proper in the Southern District [], the Court may transfer an action pursuant to 28 U.S.C. § 1404(a)." *Fleur v Delta*, 2016 WL 551622, *1 (SDNY 2016). In deciding to transfer TVPRA cases pursuant to § 1404, courts "consider factors such as access to proof, witnesses' ability to attend trial, enforceability of any judgment rendered, and preventing unnecessary waste of time, energy and money and to protect witnesses and the public interest against unnecessary inconvenience and expense." *C.T. v Red Roof Inns*, 2022 WL 18003292, *7 (S.D.Ohio 2022) (TVPRA case). In *C.T.*, "[a]lthough venue [wa]s proper over [defendant hotel in Ohio], there [wa]s a strong interest in litigating the matter in Florida *where C.T. was allegedly trafficked* and evidence and witnesses can be more easily accessed." *Id.* (emphasis added, transferring TVPRA case to Florida). Here, "it is clear that the operative facts [of the sex trafficking and abuse allegations in the USVI] have a minimal connection to the [Southern] District, particularly because the 'sexual assaults'…occurred in the [USVI]." *Miller v Annucci*, 2019 WL 4688539, *10 (SDNY 2019); *Crandell v Ross*, 2019 WL 3302819, *5–6 (NDNY 2019) (transferring sexual assault claims to where the underlying incidents occurred pursuant to § 1404). The FAC ¶¶ 63-67, for example, establish that most, if not all, witnesses will be located in the USVI.

Dismissal is still the proper remedy, because section 1404(a) transfer "is only available when the court initiating the transfer [1] is the proper venue and [2] has personal jurisdiction over the defendant." *Kelly-Brown v Winfrey*, 2013 WL 6574918, *1 (SDNY 2013). Plaintiffs have failed to plead jurisdiction or venue, have filed in the wrong venue, and as discussed herein, there is no personal jurisdiction over the defendant de Jongh. But, if the Court declines to transfer pursuant to § 1406, it should transfer pursuant to § 1404.

## VI. FED.R.CIV.P. 12(B)(6): FAC FAILS TO STATE A CLAIM

The FAC should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state sufficient factual matter to "state a claim to relief that is plausible on its face," (*Petrone v Turner Publ'g Co.*, 2023 WL 7302447, *2 (SDNY 2023) (Subramanian, J.); *quoting Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)), and that satisfies Fed.R.Civ.P. 8(a)(2). This "court should not accept non-factual matter or conclusory statements set forth in a complaint as true." *Boswell v Bimbo Bakeries*, 570 F.Supp.3d 89, 93 (SDNY 2021) (citations omitted). Plaintiffs "must show more than a sheer possibility that [Mr. de Jongh] acted unlawfully, and cannot rely on mere labels and conclusions to support a claim," *Id.*

### *1. All COAs: Fed.R.Civ.P. 8(a): Improper Group Pleading*

Fed.R.Civ.P. 8 "requires, at a minimum, that [the FAC] give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v City of Hartford*, 10 F. App'x 3, 34 (2d Cir. 2001). The FAC "fails to give fair notice [because] it lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct." *Plusgrade v Endava*, 2023 WL 2402879, at *3 (SDNY 2023) (cleaned up, dismissing pursuant to Rule 12(b)(6)); *Medina v Bauer*, 2004 WL 136636, *6 (SDNY 2004). "Such a deficient pleading is called improper 'group pleading.'" *Id*. In *Bucco v W. Iowa Tech*., a TVPRA case, the "[p]laintiffs' [complaint] lack[ed] specific factual allegations about each defendant's conduct, defendants' knowledge of each other's conduct or to establish a reckless disregard concerning the alleged violations. 555 F.Supp.3d 628, 642 (N.D.Iowa 2021). "These shortfalls in plaintiffs' [complaint] illustrate the problem with 'shotgun style' pleading or 'kitchen sink' pleading. *Id.* (*citing Tatone v SunTrust*, 857 F.Supp.2d 821, 831 (D.Minn. 2012)). "Without details as to who

did what," this Court, like the court in *Bucco*, "cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant." *Id.*

***2. All COAs: Statute of Limitations; Failure to Allege Conspiracy***

Mr. de Jongh's "statute of limitations defense may be decided on a Rule 12(b)(6) motion [because] the defense appears on the face of the complaint." *Ellul v Christian Brothers*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). The FAC's claims depend on a continuing conspiracy (¶¶ 6, 7) to be timely; they would otherwise barred by the statutes of limitations. The FAC fails to plead a COA for conspiracy in New York, but it additionally fails to plead a conspiracy for the purpose of establishing continuing conduct liability for Mr. de Jongh. "Each defendant is entitled to know how he is alleged to have conspired, with whom and for what purpose. Mere generalizations as to any particular defendant—or *even defendants as a group*—are insufficient." *FrontPoint Asian L.P. v Citibank*, 2017 WL 3600425, *11 (SDNY 2017) (motion to dismiss for failure to state conspiracy, emphasis added) (*citing In re Zinc Antitrust Litig*., 155 F.Supp.3d 337, 384 (SDNY 2016)). The FAC mentions Mr. de Jongh by name in five paragraphs. None of those sufficiently allege a conspiracy, or continuing conduct.

***3. All COAs: USVI Law Applies; Statute of Limitations***

USVI law should apply, not New York law. "Where, as here, the parties are domiciled in different states, and the issue is the standard governing Defendants' conduct, the place or location of the tort is determinative." *Weizmann Inst. v Neschis*, 229 F.Supp.2d 234, 249 (SDNY 2002); *Krock v Lipsay*, 97 F.3d 640, 646 (2d Cir. 1996). The alleged locus of specific abuse and other bad acts by USVI government officials, as alleged in the FAC, was in the USVI, not New York. The Plaintiffs filed in New York for the Adult Survivors Act (CPLR § 214-J) (ASA) (ECF #7, ¶ 6) and its "one-year revival period, starting November 24, 2022, during which adult

survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitation." *Carroll v Trump*, 650 F.Supp.3d 213, 218 (SDNY 2023). That window closed on 11/24/2023. Plaintiffs' claims would otherwise be time-barred in the USVI, which has not enacted any "one-year revival period" for sexual assault. That's almost certainly why the plaintiffs "forum-shopped," and filed this case in New York instead of the USVI: they wanted to forum-shop for the New York ASA. New York law should not apply, though.

#### *4. 1st, 2nd, 3rd COAs: FAC Alleges Conduct Before TVPRA Private Right of Action Existed*

The 1st, 2nd, and 3rd COAs, are premised on conduct that "arose from 2001…" (ECF # 7, ¶ 5) to 2019. Alleged conduct from 2001 to 2003 predates the private right of action under the TVPRA. The FAC largely does not identify which conduct occurred when. Plaintiffs have no private right of action for allegations occurring before 2003, and the FAC fails to distinguish dates for (the vast majority) of alleged conduct. Congress enacted the TVPRA in 2000, first creating *criminal* offenses for sex trafficking. Pub. L. No. 106-386, 114 Stat. 1464 (2000), but no *private* right of action. *Griffin v Alamo*, 2016 WL 7391046, *2 (W.D.Ark. 2016). Congress did not add a civil right of action for victims to sue their traffickers until 2003. *J.L. v Best Western*, 521 F.Supp.3d 1048, 1060 (D.Colo. 2021); Pub. L. No. 108-193, 117 Stat. 2875 (2003).

##### A. TVPRA PRIVATE COA NOT RETROACTIVE

The "TVPRA does not apply retroactively to conduct that predated the creation of the private right of action," on 12/19/2003. *Hongxia Wang v Enlander*, 2018 WL 1276854, *4 (SDNY 2018). *Velez v Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012); *Doe 1 v Deutsche Bank*, 2023 WL 3167633, *8 (SDNY 2023). In *Velez*, the Second Circuit concluded that "while criminal liability may have existed prior to the 2003 amendments, the civil remedy added in 2003 fits within the *Landgraf* (*v. USI Film Prod*., 511 U.S. 244 (1994)) definition of 'impermissibly

retroactive legislation' because it increases a party's liability for previously occurring conduct." *Id.*, *citing Doe v Siddig*, 810 F.Supp.2d 127, 135 (D.D.C. 2011); *Nattah v Bush*, 770 F.Supp.2d 193, 205 (D.D.C. 2011). plaintiffs have failed to specify which post-2001 conduct occurred pre-12/19/2003 (barred) and post-12/19/2003 (after private right of action added to TVPRA).

### B. No TVPRA Continuing Violation Theory

The FAC alleges a continuing violation theory for the retroactive application of § 1595. FAC ¶¶ 5, 6. However, federal courts have "also rejected the continuing violation theory to overcome the presumption against retroactive application of § 1595…for the 2003 amendment." *M.L. v craigslist*, 2020 WL 5494903, *9 (W.D.Wash. 2020) (*citing Ditullio*, 662 F.3d at 1101–1102. The Ninth Circuit has held that "the continuing violation theory was not sufficient to overcome the *Landgraf* presumption against retroactivity for a provision creating new civil liabilities." *Ditullio*. at 1101.

### ***5. 1st, 2nd, 3rd COAs: Failure to Allege Knowledge of Venture***

The 1st, 2nd and 3rd Causes of Action ("COAs") are premised upon Section 1595(a). The FAC's vague pleading fails to "satisf[y] the knowledge element as to a particular sex trafficking venture." *S.J. v Choice Hotels*, 473 F.S

upp.3d 147, 154 (EDNY 2020). "The statutory text speaks in singular terms – 'participation in ***a*** venture which that person...should have known ***has*** engaged in ***an*** act in violation of this chapter.'" *Id.* (*emphasis in original*). "Therefore, knowledge or willful blindness of a general sex trafficking problem…does not satisfy the *mens rea* requirements of the TVPRA." *Id.* Once again, the FAC's group pleading is fatal here. The FAC does not allege that *Mr. de Jongh* "had the requisite knowledge of a *specific* sex trafficking venture," (*Id*.). Accordingly, COAs 1 and 2 fail to allege the knowledge element as to a particular venture under the TVPRA, and therefore must

be dismissed. In *Noble v Weinstein*, 335 F.Supp.3d 504, 525 (SDNY 2018), a TVPRA case, this Court held that "guilt, or in this case liability, cannot be established by association alone, Plaintiff must allege *specific conduct* that furthered the sex trafficking venture." *Id*. (emphasis added).

> Such conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the alleged sex trafficking venture. In other words, some participation in the sex trafficking act itself must be shown. "[D]efendant's mere membership in the venture is insufficient if he is ignorant of the venture's sex trafficking activities (and the means and methods thereof)." (citations omitted).

As in *Noble*, "factual allegations implicating [Mr. de Jongh] as a participant in [Epstein's] conduct toward [each Plaintiff were] required." The FAC fails to meet this standard.

### *6. 2nd COA: No "Aiding and Abetting" Liability under § 1595*

The Second COA alleges that "Defendants and their officers, agents, and employees *aided*, *abetted*, and induced Epstein's sex-trafficking venture," in "violation[] of 18 U.S.C. §§ 1591(a)(1) , 1591(a)(2), and 1595." (FAC ¶ 139). "To be clear, *aiding and abetting liability is not provided for in Section 1595*." *Noble*, 335 F.Supp.3d 504 [emphasis added]. Moreover, "when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors." *Id., quoting Cent. Bank of Denver v First Interstate Bank of Denver*, 511 U.S. 164, 183 (1994). COA 2 must be dismissed because there is no aiding and abetting liability under Section 1595.

### *7. 3rd COA: No Individual Cause of Action for Civil Conspiracy*

The Third COA for civil conspiracy must be dismissed because "under New York law, civil conspiracy is not a separate tort…" *Jasper & Black v Carolina Pad Co.*, 2012 WL 413869, *12 (SDNY 2012). Consequently, "civil conspiracy cannot be asserted as an individual cause of

action," including in a TVPRA case. *Sahebdin v Khelawan*, 2022 WL 4451005, *14 (EDNY 2022) (TVPRA case). The 3rd COA must therefore be dismissed. Relatedly, as discussed herein in the context of the untimeliness of the claims, the FAC fails to allege any conspiracy at all sufficient to toll the statute of limitations.

### *8. 4th COA: FAC Fails to Plead Negligence, Duty, Breach, Causation*

Plaintiffs' 4th COA alleges that Mr. de Jongh "owed" and negligently breached a "duty of care, including, but not limited to ensuring the citizens, aliens, and travelers to USVI, are protected by the USVI government uniformly under the federal law, including 18 U.S.C. §§ 1591, 1594, and 1595." ECF #7, ¶ 199, also ¶¶ 200-223.

#### A. VI GOVERNOR COULD NOT ENFORCE FEDERAL LAW

"States have no inherent power to enforce federal statutory law." Lemos, Margaret, *State Enforcement of Federal Law*, NYU L.REV. (June 2011), https://shorturl.at/jsxB1 (visited 12/11/2023). The USVI Department of Justice is "administered under the supervision and direction of the Attorney General," (3 V.I.C. § 112) and not the Governor. "The authority of the Attorney General to prosecute offenses against the laws of the Virgin Islands cannot be seriously questioned." *George v People*, 69 V.I. 553, 562 (2018); 3 V.I.C. § 114(a)(1). Plaintiffs' 4th COA fails to state a claim because a V.I. Governor had no duty, and could not breach any duty, to enforce the TVPRA.

#### B. V.I. ATTY. GENERAL ENFORCES §§ 1591, 1595, NOT V.I. GOVERNOR, OR MR. DE JONGH

Section 1595(d) contains the TVPRA's sole mechanism for state enforcement of the TVPRA, allowing only "the attorney general of a State" to "bring a civil action" against a "person who violates section 1591." 18 U.S.C. § 1595(d). The TVPRA does not authorize a State or Territorial *governor* to enforce or bring a civil action. Even when he was governor, Mr. de

Jongh was unauthorized to "bring a civil action" under the TVPRA. The FAC fails to state Mr. de Jongh's duty or ability to enforce the TVPRA.

### C. FAC Fails to Plead Causation

Mr. de Jongh incorporates his causation argument from his Article III standing discussion above. The plaintiffs have failed to plead causation.

### *9. All COAs: Failure to Distinguish Conduct During de Jongh Term*

The FAC specifically alleges that Mr. de Jongh "was, at all relevant times, the governor of USVI." ECF #7, ¶34. Mr. de Jongh was Governor of the USVI from 1/1/2007 to 1/5/2015. De Jongh Affidavit, *People v de Jongh*, 64 V.I. 53, 55 (V.I.Super. 2016). The FAC alleges conduct from 2001 to 2019. The FAC fails to allege which conduct fell within Mr. de Jongh's term as Governor.

### *10. All COA: Failure to Plead Exception to USVI Immunity*

The FAC specifically alleges that Mr. de Jongh "was, at all relevant times, the governor of USVI." ¶34. Therefore, at all of the relevant times Mr. de Jongh was *not* a private person; he is sued only in his capacity as the governor. The governor of the Virgin Islands is absolutely immune from suit for the performance of his official duties, or acts within the scope of his line of duty. *Mills-Williams v Mapp*, 67 V.I. 574, 597 (2017).

Moreover, to the extent Mr. de Jongh is named in his official capacity or as the government of the V.I., "the Revised Organic Act grants sovereign immunity to the Virgin Islands for tort claims." *See* 48 U.S.C. § 1541(b) (while the government has waived immunity in certain situations, the FAC does not begin to allege that waiver applies here). The plaintiffs have not pleaded or shown any exception to the governor's immunity. Similarly, in New York, "[i]t is well-settled that [p]ublic entities remain immune from negligence claims arising out of the

performance of their governmental functions" *Nicholson v State*, 872 NYS2d 846, 851 (Ct. Cl. 2008).

#### *11. Failure to Comply with Virgin Islands Tort Claims Act*

The FAC fails to comply with the notice and filing requirements of the Virgin Islands Tort Claims Act ("VITCA"), which warrants dismissal. V.I. Code Ann. tit. 33, § 3408 et seq. *Poleon v. GVI*, 2018 WL 3764086, *14 (D.V.I. 2018).

#### *12. No COA for Failure to Enforce Law, Stop Crime*

The State/Territory cannot be held liable for negligent failure to perform governmental activities, such as providing police protection or law enforcement generally, unless a special relationship is established between the State/Territory and the person injured. *DeLong v County of Erie*, 60 N.Y.2d 296 (1983); *Garrett v Town of Greece*, 55 N.Y.2d 774 (1981). The FAC must be dismissed insofar as it cannot state a claim for the Governor's failure to prevent crime or enforce the law.

#### *13. Mr. de Jongh not an Agent of First Lady Cecile de Jongh*

The FAC makes specific allegations as to Mr. de Jongh's wife Cecile de Jongh. However, "one spouse is not an agent of another (*see City of New York v Chemical Bank*, 122 Misc.2d 104 (Sup.Ct. 1983)) and cannot be held liable for a spouse's independently wrongful act because of the marital relationship." *P.T.A., P.S. 72 v Manufacturers Hanover*, 138 Misc.2d 289, 297 (Civ. Ct. 1988). Specific allegations as to First Lady de Jongh are not imputed to Mr. de Jongh.

## VII. FED.R.CIV.P. 12(B)(7), 19: FAILURE TO JOIN EPSTEIN, ESTATE

This Court may dismiss the FAC "under Rule 12(b)(7) for failure to join a necessary party under [Fed.R.Civ.P.] 19." *Garner v Behrman Bros.*, 260 F.Supp.3d 369, 380 (SDNY 2017). The Court must dismiss an action where a party was not joined if: (1) an absent party is required, (2)

it is not feasible to join the absent party, and (3) it is determined 'in equity and good conscience' that the action should not proceed among the existing parties." *Id.* The primary allegations of assault, abuse, imprisonment, and sex trafficking were committed by Jeffrey Epstein. The FAC does not allege Mr. de Jongh abused anyone. The deceased Mr. Epstein, his unidentified abuser-"friends," and his estate are absent from the FAC. Epstein is an indispensable party under the Fed.R.Civ.P. 19(b) factors: (1) a judgment rendered in Epstein's absence will prejudice the estate or related parties, (2) the prejudice could not be alleviated, (3) a judgment in Epstein's absence would be inadequate, and (4) the plaintiff would have an adequate remedy if the court dismissed the suit. Fed.R.Civ.P. 19(b). *Ravelombonjy v Zinsou-Fatimabay*, 632 F.Supp.3d 239, 261 (SDNY 2022) (applying Fed.R.Civ.P. 12(b)(7) and 19 in TVPRA case).

## VIII. FED.R.CIV.P. 12(F): IMMATERIAL, SCANDALOUS LOAN, ARREST ALLEGATIONS MUST BE STRICKEN

The FAC (¶ 77) gratuitously includes impertinent, scandalous, and prejudicial criminal allegations about Mr. de Jongh that have no real bearing on the case. These allegations should be stricken, because "they have no real bearing on the case, will likely prejudice the movant, or…they have criminal overtones." *G-I Holdings v Baron & Budd*, 238 F.Supp.2d 521, 555 (SDNY 2002) (emphasis added); Fed.R.Civ.P. 12(f). First, the alleged Epstein to (John) de Jongh loan, as pleaded, is completely immaterial. There are no allegations that the loan was part of a corrupt *quid pro quo*, or that the loan had anything to do with abuse or trafficking. Second, even if the Plaintiffs *had* pleaded a nexus between the loan and the abuse or trafficking, "[t]o the extent the allegations relate to dissimilar criminal conduct and appear to be included solely to demonstrate [Mr. de Jongh's] willingness to violate applicable laws, the allegations are 'scandalous' and 'immaterial' and are appropriate targets of a motion to strike." *In re Ethereummax*, 2023 WL 6787827, *43 (C.D.Cal. 2023); *U.S. v Med-Care Diabetic*, 2014 WL

12279511, *1-*2 (S.D.Fla. 2014) (striking allegations regarding defendant's "past criminal conduct…intended to cast [the defendant] and his alleged associates in a derogatory light…"); *Homecare CRM v Adam Grp.*, 2012 WL 12847231, *1-*2 (N.D.Ga. 2012) (striking allegations that included party's guilty plea for tax fraud).

## IX. Any Dismissal Must Be with Prejudice; ASA's 1-yr Window Closed 11/24/2023, Statute has Run

If the Court dismisses the FAC, dismissal should be with prejudice. Plaintiffs cannot refile a complaint, or fix their allegations, because the one-year lookback window under the ASA expired on 11/24/2023. Ordinarily (as in the cases cited *supra*), district courts will dismiss without prejudice, to allow the plaintiffs to correct their deficient pleading. However, because the lookback window has expired, the plaintiffs can no longer refile this FAC, and any dismissal must be *with* prejudice. Even if the Court deems this a harsh remedy, the plaintiffs' attorneys elected to wait until two days before the ASA window closed to file the original complaint, on 11/22/2023. Then Plaintiffs had the opportunity to amend and file this FAC on 12/13/2023, after the ASA window closed.

## X. Conclusion

Rarely are there so many grounds to ask for dismissal of a complaint at this stage, especially pursuant to so many subsections of Rule 12. This is one of those rare instances. This FAC fails to minimally allege specific conduct that involved a specific Doe plaintiff and a specific defendant, Mr. de Jongh. Insufficient allegations are insufficient allegations, even if they are spread out over 48 pages and 225 paragraphs to conceal this fact. That's why so many independent grounds exist for dismissal and transfer of the case. The Court should dismiss the FAC. If it does not dismiss the FAC, it should transfer the case to the D.V.I. Finally, the Court should strike the unnecessary impertinent allegations in ¶ 77.

Dated: *January 21, 2024*
New York, New York




Daniel L. Cevallos, Esq.
Cevallos & Wong LLP
61 Broadway, Suite 2220,
New York, NY 10006
Danny@CevallosWong.com

**The Cattie Law Firm, P.C.**
David J. Cattie, Esq.
1710 Kongens Gade
St. Thomas, USVI, 00802
David.Cattie@Cattie-Law.com
www.Cattie-Law.com
Phone: 340.775.1200
Admitted Pro Hac Vice [ECF #21]

*Attorneys for Governor John de Jongh, Jr.*