UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────────X

JANE DOE 1, individually, and on behalf of all others similarly situated, JANE DOE 2, individually and on behalf of all others similarly situated, JANE DOE 3, individually and on behalf of all others similarly situated, JANE DOE 4, individually and on behalf of all others similarly situated and JANE DOE 5, individually and on behalf of all others similarly situated,

      Plaintiffs,

  vs.

GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, FIRST LADY CECILE DE JONGH, GOVERNOR KENNETH MAPP, SENATOR CELESTINO WHITE, ATTORNEY GENERAL VINCENT FRAZER, GOVERNOR JOHN DE JONGH, SENATOR CARLTON DOWE, DELEGATE STACEY PLASKETT, and JOHN DOES 1-100,

      Defendants.

──────────────────────────────────────────────X

№.: 1:23-cv-10301-AS

**EXHIBIT CHARTS IN COMPLIANCE WITH JUDGE SUBRAMANIAN'S INDIVIDUAL PRACTICES IN CIVIL CASES, #8(G)(I)**

I, Daniel L. Cevallos, Esq., do hereby declare and state as follows:

1. I am an attorney admitted to practice in New York and in the Southern District of New York. I am an attorney at Cevallos & Wong LLP, counsel for defendant Governor John de Jongh, Jr. ("Mr. de Jongh") in the above-captioned action.

2. The attached charts and identifications of paragraphs of the Complaint are submitted in compliance with United States District Judge Arun Subramanian's *Individual Practices in Civil Cases*, #8(G)(i), which require, *inter alia*, non-argumentative charts as an exhibit to its moving papers identifying the elements not plausibly alleged.

Dated: *January 21, 2024*
   New York, New York

              C&W  CEVALLOS & WONG LLP

              _____
              Daniel L. Cevallos, Esq.
              Cevallos & Wong LLP
              61 Broadway, Suite 2220,

New York, NY 10006
917.699.5008
Danny@CevallosWong.com

David J. Cattie, Esq.
The Cattie Law Firm, P.C.
1710 Kongens Gade
St. Thomas, USVI, 00802
David.Cattie@Cattie-Law.com
www.Cattie-Law.com
Phone: 340.775.1200
Admitted Pro Hac Vice [ECF #21]

*Attorneys for Governor John de Jongh, Jr..*

TABLE OF CONTENTS

Chart 1: Non-Argumentative Chart Identifying Each Cause of
Action and Elements Thereof ................................................................................................... 4

Chart 2: Non-Argumentative Chart Identifying the Elements
not Plausibly Alleged ................................................................................................................ 6

Chart 3: Non-Argumentative Chart as to Group Pleading ............................................................ 9

 *"Co-Conspirators," "Defendants," and Mr. de Jongh* ........................................................ 9
 *"Victims" and "Plaintiffs"* .................................................................................................... 9

**CHART 1: NON-ARGUMENTATIVE CHART IDENTIFYING EACH CAUSE OF ACTION AND ELEMENTS THEREOF**

| COA | Title: | Elements: |
|---|---|---|
| **First** | PARTICIPATING IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF TRAFFICKING VICTIMS PROTECTION ACT ("TVPRA") UNDER 18 U.S.C. §§ 1591(a)(2), 1595(d) | Each plaintiff cannot demonstrate as to Mr. de Jongh that he: <br><br>**[1st]** Knowingly <br>**[2nd]** benefitted, financially or by receiving anything of value, from <br>**[3rd]** <u>participation in a venture</u> [see below] which has engaged in an act described in violation of paragraph (1) ["affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person"] <br>**[4th]** Knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act [is liable.]. *Noble v. Weinstein*, 335 F. Supp. 3d 504, 523 (S.D.N.Y. 2018). <br><br><u>Participation in *a* Venture</u>: <br><br>To adequately allege "participation in a venture in violation of 18 U.S.C. § 1591(a)(2)," Plaintiff must plead facts suggesting that Mr. de Jongh: <br><br>(i) "knowingly benefitted, <br><br>(ii) from participation in a commercial sex trafficking venture, <br><br>(iii) while knowing (or in reckless disregard of the fact) that means of force, fraud or coercion would be used to cause the trafficked person to engage in a commercial sex act." <br><br>*Noble v. Weinstein*, 335 F. Supp. 3d 504, 523–24 (S.D.N.Y. 2018) |
| **Second** | AIDING, ABETTING, AND INDUCING A SEX-TRAFFICKING VENTURE IN | There is no aiding and abetting liability under the TVPRA. *Noble v. Weinstein*, |

| COA | Title: | Elements: |
|---|---|---|
|  | VIOLATION OF THE TVPRA UNDER 18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595 | 335 F. Supp. 3d 504, 525 (S.D.N.Y. 2018) |
| **Third** | CONSPIRACY TO COMMIT VIOLATIONS OF THE TVPRA UNDER 18 U.S.C. §§ 1594(c), 1591, 1595 | Civil conspiracy cannot be asserted as an individual cause of action," including in a TVPRA case. *Sahebdin v Khelawan*, 2022 WL 4451005, *14 (EDNY 2022). Moreover, as discussed in Memorandum, FAC fails to allege elements of conspiracy. |
| **Fourth** | NEGLIGENCE | **[1st]** defendant owed a duty to the plaintiff, **[2nd]** that the defendant breached that duty, **[3rd]** and that the breach was a proximate cause of the plaintiff's injury.<br><br>*Kafka v. Wells Fargo Sec., LLC.*, No. 22-CV-1034-LTS, 2023 WL 6037948, at *3 (S.D.N.Y. Sept. 15, 2023)<br><br>Plaintiffs have failed to establish all three elements. |

**CHART 2: NON-ARGUMENTATIVE CHART IDENTIFYING THE ELEMENTS NOT PLAUSIBLY ALLEGED**

| COA | Element | Not Plausibly Alleged |
|---|---|---|
| 1, 2, 3, 4 (All) | Subject Matter Jurisdiction | 1. Failure to plead causation for Article III standing.<br>2. Group pleading insufficient. |
| 1, 2, 3, 4 (All) | Personal Jurisdiction | 1. No general jurisdiction.<br>2. No Specific jurisdiction<br>3. Due process considerations not met.<br>4. Group pleading insufficient. |
| 1, 2, 3, 4 (All) | Improper/Wrong Venue (Dismissal or Transfer, 28 U.S.C. § 1406) | 1. Defendants' residence, domicile not pleaded.<br>2. Complaint fails to plead venue for each plaintiff as to defendant Mr. de Jongh, Jr. individually.<br>3. Substantial events, including assault, happened in Virgin Islands, not New York<br>4. Group pleading as to venue insufficient. |
| 1, 2, 3, 4 (All) | Convenient Venue in D.V.I. (28 U.S.C. § 1404) | 1. Only if venue is deemed proper.<br>2. Abuse, witnesses, Defendants, all in Virgin Islands. |
| 1, 2, 3 (TVPRA) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **No retroactivity. Vague pleading as to when conduct occurred.** | 1. FAC fails to allege what conduct was pre-2003 and what was post-2003.<br>2. Private COA for TVPRA did not exist until 2003.<br>3. TVPRA private right of action not retroactive.<br>4. Mr. de Jongh not governor during entirety of 2001-2019. |
| 1, 2, 3 (TVPRA) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **No continuing violation theory for pre-2001 conduct that continued to 2019.** | 1. No continuing violation theory under TVPRA |
| 1, 2, 3 (TVPRA) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **Knowledge element as to particular sex trafficking venture.** | Plaintiffs fail to plead the knowledge element as to Mr. de Jongh, as to **a** particular sex trafficking venture. |
| 2 (TVPRA – Aiding, Abetting) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): | Aiding and abetting liability is not provided for in Section 1595. |
| 3 (TVPRA – Civil Conspiracy) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **No individual cause of** | There is no individual COA for civil conspiracy under NY law. It is not a separate tort. |

| COA | Element | Not Plausibly Alleged |
|---|---|---|
|  | action for Civil Conspiracy |  |
| 4 (Negligence) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **No Duty** | 1. Mr. de Jongh was not Governor pre-2001<br>2. Mr. de Jongh was elected Governor in 2006 and took office on January 1, 2007.<br>3. Mr. de Jongh concluded his second term in office in January 2015 when Kenneth E. Mapp was sworn in as Governor.<br>4. Mr. de Jongh could not enforce the TVPRA (only the AG could)<br>5. Improper lumping of defendants in violation of Fed.R.Civ.P. 8(a). |
| 4 (Negligence) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **No Breach** | 1. Mr. de Jongh was not Governor pre-2001<br>2. Mr. de Jongh was elected Governor in 2006 and took office on January 1, 2007.<br>3. Mr. de Jongh concluded his second term in office in January 2015 when Kenneth E. Mapp was sworn in as Governor.<br>4. Mr. de Jongh could not enforce the TVPRA (only the AG could)<br>5. Improper lumping of defendants in violation of Fed.R.Civ.P. 8(a). |
| 4 (Negligence) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **No Causation** | 1. Mr. de Jongh was not Governor pre-2001<br>2. Mr. de Jongh was elected Governor in 2006 and took office on January 1, 2007.<br>3. Mr. de Jongh concluded his second term in office in January 2015 when Kenneth E. Mapp was sworn in as Governor.<br>4. Mr. de Jongh could not enforce the TVPRA (only the AG could)<br>5. Plaintiffs have failed to plead causation.<br>6. Improper lumping of defendants in violation of Fed.R.Civ.P. 8(a). |
| 1, 2, 3, 4 (All) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **Immunity** | 1. VI Governor and GVI are immune.<br>2. No COA for failure to enforce the law. |
| 1, 2, 3, 4 (All) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **Statute of limitations** | 1. After dismissal, whether re-filed in SDNY or DVI, statute of limitations and 1yr lookback window have run.<br>2. Any dismissal is with prejudice. |
| 1, 2, 3, 4 (All) | Failure to State a Claim (Fed.R.Civ.P. 12(b)(6)): **Mr. de Jongh no agency relationship with spouse-party.** | 1. Mr. de Jongh is not an agent of his spouse, and vice versa. |

| COA | Element | Not Plausibly Alleged |
|---|---|---|
| **1, 2, 3, 4 (All)** | Failure to Join (Fed.R.Civ.P. 12(b)(7) and 19) | Plaintiffs have failed to join indispensable parties (Epstein). |
| **1, 2, 3, 4 (All)** | Scandalous, Immaterial matter to be stricken (Fed.R.Civ.P. 12(f)) | ¶ 77 contains scandalous, immaterial matter that should be stricken. |

**CHART 3: NON-ARGUMENTATIVE CHART AS TO GROUP PLEADING**

*"Co-Conspirators," "Defendants," and Mr. de Jongh*

"Co-Conspirators" - 38 references to "co-conspirators," which the FAC defines as a "wide network…including the USVI and its many government officials and staff." ¶48.

"Defendants" - word appears in plural 167 times – FAC: "Co-Conspirators" a larger group than "Defendants"

Defendant de Jongh: mentioned by name in five paragraphs

*"Victims" and "Plaintiffs"*

"Victims" - 69 references to "victims," defined as "young women and girls, like Plaintiffs," who were part of a "worldwide network" of victims. FAC ¶48.

Plaintiffs – there are six (6) Plaintiffs