

| | Admitted to Practice: | **Daniel Cevallos, Esquire** |
|---|---|---|
| | † New York | 61 Broadway, Suite 2220 |
| | ✠ Pennsylvania | New York, NY 10006 |
| | • New Jersey | O: 917.699.5008 F: 215.689.4375 |
| | ☼ U.S. Virgin Islands | Danny@CevallosWong.com |
| | ◊ Dist. Puerto Rico | www.CevallosWong.com |

February 12, 2024

Hon. Arun Subramanian, U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Does 1-6 vs. Gov. John de Jongh [Jr.], 1:23-cv-10301-AS; Letter Motion to Stay/Extend Time to Answer until 14 days after Motion to Dismiss/Transfer Decided

Dear Judge Subramanian:

We are the attorneys for defendant Governor John de Jongh ("Mr. de Jongh").

On 1/21/2204, Mr. de Jongh filed a Motion to Dismiss/Transfer/Strike, pursuant to, *inter alia*, Fed.R.Civ.P. 12(b), and 18 U.S.C. §§ 1404 and 1406 ("Motion") [ECF # 31] . To date, Mr. de Jongh is the only defendant to serve a pre-answer motion to dismiss or transfer venue, and that Motion is pending.

On 2/12/2024, at 4:07 p.m., the Court entered the following Docket Text: "Set/Reset Deadlines: Governor John De Jongh answer due 3/15/2024. (tg)"

Generally, unless "otherwise order[ed]" (Fed.R.Civ.P. 12(a)(4)), courts hold that the "filing of the motion to dismiss stay[s] the time to file a responsive pleading." *Russell v. Texas*, 2019 WL 9355828, *1 (N.D.Tex. 2019), report/rec adopted, 2019 WL 9355853 (N.D.Tex. 2019); *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015); *Williams v. Morningstar, LLC*, 2019 WL 13272480, *1 (N.D.Ga. 2019). It appears the Court has "otherwise ordered" (Fed.R.Civ.P. 12(a)(4)) Mr. de Jongh's answer to be filed before the pending motion is decided. Accordingly, Mr. de Jongh *respectfully* requests and moves for the following relief:

*First.*   A docket entry, or order, vacating the 3/15/2024 deadline for Mr. de Jongh to file an Answer,

*Second.*   A stay of the time to answer, or extension of time for Mr. de Jongh to file an answer, until fourteen (14) days after the Court decides Mr. de Jongh's pending Motion, pursuant to Fed.R.Civ.P. Rules 6(b), 12(a)(4) and this Court's inherent power to control its calendar; and

*Third.*   For such other and further relief as this Honorable Court deems necessary and just.

Respectfully Submitted,

By: _____
Daniel L. Cevallos



Fr: Daniel Cevallos, Esquire
61 Broadway, Suite 2220, New York, NY 10006

CERTIFICATION OF SERVICE

The undersigned certifies that on the date below, counsel for Mr. de Jongh caused the foregoing document to be filed on the ECF system, which will cause a notice of electronic filing (NEF) to be e-mailed to all counsel and others who have entered their appearances on the system.

Dated: February 12, 2024

By: _____
Daniel L. Cevallos

Defendant Governor John de Jongh is correct that--because he has filed a motion to dismiss the complaint--any answer is due after the Court's ruling on Defendant's motion. The docket text should have indicated that Defendant *Cecile* De Jongh's response to the complaint is due on March 15, 2024.

The Clerk of Court is directed to terminate the motion at ECF No. 53 and correct the deadlines indicated on the docket.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 13, 2024