# Merson Law, PLLC



# Merson Law, PLLC

950 Third Avenue, 18th Floor
New York, New York 10022
212-603-9100
Facsimile: 347-441-4171
www.mersonlaw.com
Please mail all correspondence to NY office

Pennsylvania Office
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

**VIA PACER E-FILING**
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

*Without taking a position on whether service in this case was proper, the Court finds that Plaintiff has shown good cause for any failure to serve any Defendants within 90 days. Under Federal Rule of Civil Procedure 4(m), the Court must extend the time for service for an appropriate time when good cause is shown. The Court therefore extends, nunc pro tunc, Plaintiffs' deadline for service.*

*The Clerk of Court is directed to terminate the motion at ECF No. 91.*

*SO ORDERED.*

Re:

*Arun Subramanian, U.S.D.J.*
*Date: April 24, 2024*

Dear Judge Subramanian,

Plaintiffs respectfully submit this Letter-Motion in support of their motion for an Order extending the deadline for service of process, *nunc pro tunc*, on some of the Defendants – Government of the United States Virgin Islands, Governor Kenneth Mapp, Attorney General Vincent Frazer (collectively "USVI Defendants") and Defendant Cecile de Jongh, together with such other and further relief as this Court deems just and proper.

## UNDERLYING FACTS

Plaintiffs have affidavits of service indicating that all defendants were thought to be timely served in the first instance. However, Plaintiffs do not dispute that they have since learned that service of process was incomplete on the USVI Defendants because the current governor was not also served. Once Plaintiffs became aware, as evidenced by the proofs of service, *Exhibit A*, the governor has now been served and as such, service has been effected and corrected on the USVI Defendants.

Defendant Cecile de Jongh denies that service was properly made on her in both her individual and official capacity, but she admits that her brother consented to receipt of the papers on or about January 15, 2024. With respect to the former, she denies that she authorized anyone to accept service on her behalf. With respect to the latter, she asserts that service was required on the Governor as well. Plaintiffs do not agree with these contentions but, out of an abundance of caution and to eliminate any doubts, Plaintiffs have also re-served the original and First Amended Complaint, *see Exhibit B*, on this Defendant.

Notably, Defendants have filed motions to dismiss within the timeframes fixed by this Court (and with adjournments agreed to by plaintiffs) and thus have had actual notice of this action in time to negotiate a briefing schedule and deadlines for filing their motions. There is thus no prejudice whatsoever with regard to the ancillary, technical service complaints raised by some of the defendants.

**PLAINTIFFS HAD GOOD CAUSE FOR FAILING TO PROPERLY SERVE THE USVI DEFENDANTS AND CECILE DEJONGH WITHIN THE STATUTORY PERIOD. EVEN IF THEY DID NOT, PLAINTIFFS URGE THIS COURT TO EXERCISE ITS DISCRETION AND DEEM THE SERVICE AS COMPLETE AND TIMELY, *NUNC PRO TUNC.***

In this Circuit, courts generally granted an extension of time to serve, *nunc pro tunc* and otherwise, for good cause shown and even in the absence of good cause, based on the strong public policy in favor of a resolution of claims on their merits. As demonstrated below, Plaintiffs undertook significant good faith efforts to serve the cited Defendants, through the retention of a process server, within the statutory time period. The cited Defendants had actual notice of the action and the delay resulting from any omissions in service was minimal and did not cause any distinct prejudice to these defendants.

### A. The Interpretive Law Regarding Rule 4(M) Which Militates In Favor Of Extending Service, *Nunc Pro Tunc.*

Recently, in *Conflict International, Inc. v. Komorek*, 2024 WL 1347577, at *5-7 [SDNY Mar. 29, 2024], this Court explained that:

> "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 439–40 (S.D.N.Y. 2012) (quoting *Dynegy Mistream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). Rule 4(m) requires that service of the complaint and summons be completed within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served within ninety days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* But the court must extend the time for service if the plaintiff shows "good cause" for the failure. *Id.*

Even in the absence of good cause, a court has discretion nonetheless to extend service. See *Henderson v. United States*, 517 U.S. 654, 658, 663 (1996) ("current Rule 4(m). . . permits a district court to enlarge the time for service 'even if there is no good cause shown"), citing Advisory Committee's Notes on 1993 Amend. to Fed. Rule Civ. Proc. 4, 28 U. S. C. App., p. 654. ("The Federal Rules convey a clear message that complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow"); *see Am. Int'l Tel., Inc. v. Mony Travel Servs. Inc.*, 203 F.R.D. 95, 96 (SDNY 2001) ("In the absence of good cause, the Court, in its discretion, may extend the time for service"). As explained below, the facts before this Court amply support the exercise of this Court's broad discretion to grant an extension of time, *nunc pro tunc*, to effect service of process on the cited Defendants.

**B.  Plaintiffs Have A Good Cause Basis For The Requested Relief.**

The USVI Defendants were served within the requisite time period with the original Complaint by service on them individually.  These defendants do not dispute that prong of service, but rather point out that plaintiffs failed to also serve the USVI governor.  Thus, these defendants concede actual notice, but dispute complete service.

Plaintiffs' failure to also serve the Governor of the USVI, stemmed from a misapprehension of F.R.C.P. 4 (j)(2), which provides:

> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

Plaintiffs failed to appreciate that the foregoing rule applies to a territory and that as the "chief executive officer" of the territory, service was required on the Governor as well. *Mamouzette v Jerome*, 2023 WL 5938608, at *5 [DVI Aug. 7, 2023], *report and recommendation adopted,* 2023 WL 5928134 [DVI Sept. 12, 2023] (granting multiple extensions of time to serve even though "plaintiff's efforts at perfecting timely service on the Governor of the Virgin Islands have been half-hearted at best").  During the pendency of the motions to dismiss, Plaintiffs cured this defect.

Plaintiffs did not agree that service was improper on Cecile de Jongh, on her place of abode, but have re-served her out of an abundance of caution.

Hence, Plaintiffs have demonstrated good cause for their failure to effect complete service on the USVI Defendants.  "The determination of good cause under Rule 4 is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Am. Intern. Tel., Inc. v. Mony Travel Servs., Inc.*, 203 F.R.D. 95, 97 (2001) (quoting *Snall v. City of New York*, 1999 WL 1129054, *3 (E.D.N.Y. Oct. 19, 1999)).

**C.  Even In The Absence Of Good Cause, The Record Satisfies Shows That Certain Claims Would Be Barred In The Absence Of Relief; These Defendants Had Actual Notice But Did Not Conceal The Defect In Service; And The Defendants Would Not Be Prejudiced By Extending The Time To Serve.**

*i.    The Factors Considered In Granting An Extension.*

Even if counsel's mistaken belief that service was proper on the USVI Defendants and Ms. De Jongh, does not constitute good cause, *Tieman v. City of Newburgh*, 2015 WL 1379652, at *9 (S.D.N.Y. Mar. 26, 2015), courts in this District have regularly exercised their discretion to extend the time to serve process, sometimes on more than one occasion in the same action.

The analysis of the court in *Conflict International, Inc. v. Komorek*, 23-CV-02165 (ER), 2024 WL 1347577, at *5-7 [SDNY Mar. 29, 2024], provides guidance in reviewing Plaintiffs'

request.  There, the plaintiffs' evidence of good cause was inadequate as they merely asserted that they had served a defendant after "several attempts" and had otherwise complied with deadlines. The court held that this was insufficient proof of good cause, but nevertheless exercised its discretion to grant an extension.  The court set forth the factors that must be considered in making such a determination:

> In determining whether a discretionary extension is warranted, "a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending plaintiff's time for service." *Agapov v. UBIF Franchising Co.*, No. 23 Civ. 02178 (PMH), 2024 WL 1018453, at *5 (S.D.N.Y. Mar. 8, 2024) (alterations in original).

First, the court determined that, "even if the statutes of limitations would not bar refiling," it would be "judicially uneconomical to force that procedure at this point where extension can be granted." *Id.,* quoting *Feingold v. Hankin*, 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003).  Second, the court determined that the defendant had actual notice of the claims because his counsel appeared at a preliminary injunction hearing and thereafter negotiated a timeline for him to respond to the complaint, among other things.  This factor, the court explained, "weighs in favor of an extension." *Id., citing Agapov*, 2024 WL 1018453, at *5 (finding "no question" that defendant received notice of the action and had sufficient notice to engage in motion practice, which weighed in favor of extension); *Patel v. Singh,*, 2023 WL 2262792, at *5 (E.D.N.Y. Feb. 28, 2023) (concluding that extension was appropriate where defendants had notice of the lawsuit and had "participated extensively in the case").  Third, and unlike this case, the defendant in *Conflict International* did not attempt to conceal the defect and noted "in their premotion letter that Komorek had not been served."  Defendants here did not conceal this defect.  However, this fact is not dispositive. *Conflict International, supra.*  Fourth, there was no prejudice by granting the extension because, and as in this case, the complaining defendant "was aware of the lawsuit and fully briefed the motion to dismiss the claims asserted against him." *Id.* citing *Buon*, 65 F.4th at 76 ("[O]n the issue of any prejudice to [defendants], we emphasize that there is no question that they had sufficient notice here, as they ... successfully moved to dismiss the [complaint]").

Based upon the foregoing detailed analysis, and in particular, "the strength of the second and fourth factors," the court granted the extension and denied the motion to dismiss for failure to properly serve process.  This is consistent with precedent from this Circuit.  309 F.R.D. 149, 156 (D. Conn. 2015) (extending deadline where two factors weighed in favor of each party); *Bernstein v. Vill. of Piermont*, 2012 WL 6625231, at *5 (S.D.N.Y. Dec. 20, 2012) (granting discretionary extension and noting "the general preference for deciding cases on the merits").  Applying this analysis, below, this Court should respectfully grant an extension to serve *nunc pro tunc* is proper and well within this Court's broad discretion.

   ii.   *The First Factor – Whether Certain Claims Would Be Barred In The Absence Of Relief -- Militates In Favor Of Plaintiffs.*

Plaintiffs would be highly prejudiced if service is not extended as the Adult Survivors Act

("ASA") revival window has expired. *McGregor v. United States*, 933 F.2d 156 (2d Cir. 1991) and *Frasca v. United States,* 921 F.2d 450 (2d Cir. 1990); *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021) (granting extension and absence of good cause, "[b]ecause the statute of limitations would bar most of Plaintiffs' FLSA claims and some of their NYLL claims, this factor weighs in Plaintiffs' favor"). This factor militates in favor of Plaintiffs because the ASA window has elapsed concerning right to sue on the state law claims.

The court, in *Hernandez v Lira of New York Inc.*, 2023 WL 2647639, at *2-3 [SDNY Mar. 27, 2023], exercised its discretion to extend the service deadline *twice*, for reasons akin to those at bar, including that "Plaintiff's FLSA claims will be time-barred to a considerable degree if Plaintiffs are forced to refile their action at this stage." In *Styles v Westchester County*, 2020 WL 1166404, at *5-6 [SDNY Mar. 10, 2020], the plaintiff there "inexplicably" offered no reason why the plaintiff failed to serve the County in accordance with rule 4(j)(2), the same omission made by Plaintiffs here, except that Plaintiffs proffered a good cause explanation. Notwithstanding the failure to provide good cause, the court exercised its discretion to grant Plaintiff an extension of time because, *inter alia*, dismissal for insufficient service would be fatal to her case: "First, because the EEOC right-to-sue letter is dated September 19, 2018, plaintiff is correct that dismissal of this case on the basis of insufficient service of process would be fatal to her case."

Even the "Advisory Committee Notes to the 1993 Amendments [for Rule 4(m)] specifically mention that an extension might be justified where statute of limitations would bar the refiling of an action." See *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007). Given the strong public policy in favor of resolving actions on the merits, and the lack of prejudice to Defendants, the grant of an extension *nunc pro tunc* is both necessary, proper, and well within the scope of this Court's broad discretion.

All of the foregoing demonstrates good cause for why Plaintiff could not effect timely service herein. Accordingly, the service actually completed (February 27, 2019 and May 6, 2019, respectively) should be deemed timely, *nunc pro tunc*.

iii.    *The Second And Third Factors – Whether These Defendants Had Actual Notice And Concealed The Defect In Service – Militate In Favor Of Plaintiffs.*

The second factor militates in favor of Plaintiffs. In their motions to dismiss, Defendants do not deny notice of the lawsuit before the statutory period expired. Nor could they, since they were able to retain counsel who timely negotiated a briefing schedule for their motions to dismiss. This factor militates in favor of Plaintiffs. *See Hernandez v Lira of New York Inc*, 2023 WL 2647639, at *2-3 [SDNY Mar. 27, 2023] ("Defendants were on actual notice that they were named in this lawsuit by October 27, 2020"). In *Conflict International, Inc. v. Komorek*, 2024 WL 1347577, at *5-7 [SDNY Mar. 29, 2024], this factor favored the plaintiffs because the defendants had appeared at a preliminary injunction hearing and negotiated a timeline for filing papers. In *Styles v Westchester County*, 2020 WL 1166404, at *5-6 [SDNY Mar. 10, 2020], the County had actual notice of the lawsuit at "the earliest stages," militating in favor of the plaintiff.

Defendants did not conceal the defect in service, but courts have regularly held that this factor is not dispositive. *Agapov, supra*, at *3-5  (granting extension absent good cause because, *inter*

*alia*, defendant received notice of the action as evidenced by upon his attorney's filing on docket); *Conflict International, supra* (while there was no attempt to conceal the defect, this factor "is not dispositive"), citing *Blanco v. Success Academy Charter Schs., Inc.*, No. 2024 WL 965001, at *7 (S.D.N.Y. Mar. 6, 2024) ("this factor is not dispositive" and "does not offset the numerous reasons that support granting plaintiff's attempted service") (citations omitted); *see also*, *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013) ("[T]his factor alone does not offset the numerous reasons that support granting plaintiff additional time to correct service of process.").

    iv.    *The Fourth Factor – Whether Defendants Would Be Prejudiced By Extending The Time To Serve -- Militates In Favor Of Plaintiffs.*

Granting an extension of time to effect service of process *nunc pro tunc* would not cause Defendants any serious prejudice. Defendants timely filed their motions to dismiss, and service has already been effected. Further, discovery has not yet commenced. In this Circuit, such circumstances militate in favor of the plaintiff.

In *Hernandez v. Lira of New York Inc.*, *supra* at *3, the court *twice* granted an extension of time to effect service of process and rejected the claims of prejudice, because "Defendants have not argued that they would be prejudiced by an extension of time apart from the ordinary burdens of litigation and the possibility of defending against time-barred claims," and because "such prejudice does not outweigh the countervailing considerations"; and an amended complaint was served on defendants after the filing of the motion to dismiss. *Agapov v UBIF Franchising Co.*, 2024 WL 1018453, at *3-5 [SDNY Mar. 8, 2024] (granting extension because "[o]n balance, and in light of the "general preference for deciding cases on the merits"); *Conflict International, Inc. v. Komorek*, 2024 WL 1347577, at *5-7 [SDNY Mar. 29, 2024] (no prejudice where defendant "was aware of the lawsuit and fully briefed the motion to dismiss the claims asserted against him"); *Styles v Westchester County*, 2020 WL 1166404, at *5-6 [SDNY Mar. 10, 2020] ("defendant does not identify any prejudice it would face if the time to serve the SAC on the County under Rule 4(m) is extended"); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013) ("[T]his factor alone does not offset the numerous reasons that support granting plaintiff additional time to correct service of process").

Plaintiffs respectfully request that this Court enter an Order extending the deadline for service of process, *nunc pro tunc*, together with such other and further relief as this Court deems just and proper**.**

Respectfully submitted,

**MERSON LAW PLLC**

By:   /s/ Jordan Merson

Jordan Merson, Esq.