UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANE DOE 1, individually, and on behalf of all
others similarly situated, JANE DOE 2,
individually and on behalf of all others similarly
situated, JANE DOE 3, individually and on behalf
of all others similarly situated, JANE DOE 4, individually
 and on behalf of all others similarly situated,
JANE DOE 5, individually and on behalf of  all others
Similarly  situated, and JANE DOE 6, individually
and on behalf of all others similarly situated,

                       Plaintiffs,                         **Civil Action No: 1:23-cv-10301-AS**

       v.

GOVERNMENT OF THE UNITED STATES VIRGIN
ISLANDS, FIRST LADY CECILE DE JONGH,
GOVERNOR KENNETH MAPP, SENATOR
CELESTINO WHITE, ATTORNEY GENERAL
VICENT FRAZER, GOVERNOR JOHN DE JONGH,
SENATOR CARTLTON DOWE, DELEGATE
STACEY PLASKETT, and JOHN DOES 1-100,

                      Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND PURSUANT TO FRCP R. 15(a)(3) AND FOR DISCOVERY ADDRESSED TO JURISDICTION AND VENUE**

**MERSON LAW, PLLC**
Jordan Merson
Jennifer Plotkin
Kimberly Kramer
950 Third Avenue, 18th Fl
New York, NY  10022
 Telephone: (212) 603-9100
 Fax : (347)- 441-4171
 JMerson@MersonLaw.Com
 *jplotkin@mersonlaw.com*
 *kkramer@mersonlaw.com*
 *Counsel for Plaintiffs*

1

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... 1

TABLE OF AUTHORITIES ........................................................................................ 2

PRELIMINARY STATEMENT .................................................................................. 1

OPERATIVE FACTS ................................................................................................... 2

ARGUMENT ................................................................................................................ 4

POINT I ........................................................................................................................ 4

    THIS COURT MAY EXERCISE ITS BROAD DISCRETION AND
    GRANT LEAVE TO AMEND. ............................................................................ 4

POINT II ...................................................................................................................... 7

    THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION
    AND DIRECT DISCOVERY CONCERNING THE SCOPE AND
    EXTENT OF DEFENDANTS' ACTIVITIES IN NEW YORK. ........................ 7

CONCLUSION ........................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aira Jewels, LLC, v. Mondrian Collection, LLC,*
  2024 WL 1255798 [S.D.N.Y. Mar. 25, 2024] ........................................................................... 4

*Arista Records, LLC v Doe 3,*
  604 F3d 110 [2d Cir. 2010] ................................................................................................... 10

*Ashcroft v. Iqbal*
  556 U.S. 662 [2009] ............................................................................................................... 10

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 [2007] ............................................................................................................... 11

*Cavanagh v. Ford Motor Co.,*
  2014 WL 2048571 [E.D.N.Y. 2014] ........................................................................................ 4

*Dannenfelser v Flexi N. Am., LLC*
  2024 WL 640025 [E.D.N.Y. Feb. 15, 2024] ............................................................................. 8

*Foman v. Davis,*
  371 U.S. 178 [1962] ................................................................................................................. 5

*Hardie v. United States,*
  501 F. Supp. 3d 152 [E.D.N.Y. 2020] ...................................................................................... 5

*Lewis v. Experian Info. Sols., Inc.*,
  2024 WL 1308705 [E.D.N.Y. Mar. 27, 2024] .......................................................................... 4

*Matima v. Celli,*
  228 F.3d 68 [2d Cir. 2000] ....................................................................................................... 4

*Milanese v. Rust-Oleum Corp.,*
  244 F.3d 104 [2d Cir. 2001] ..................................................................................................... 4

*Monbo v. Nathan,*
  623 F. Supp. 3d 56 [E.D.N.Y. 2022] ........................................................................................ 4

*Oliver Schs., Inc. v. Foley,*
  930 F.2d 248 [2d Cir. 1991] ................................................................................................ 4, 5

*Patel v Clane Gessel Studio,*
  2023 WL 8280498 [S.D.N.Y. Nov. 30, 2023] ........................................................................ 11

*Peterson v. Spartan Industries, Inc.,*
  33 N.Y.2d 463, 354 N.Y.S.2d 905, 310 N.E.2d 513 [1974] .................................................... 7

*Scott v ProClaim Am., Inc.,*
  2015 WL 3851243 [E.D.N.Y. June 22, 2015] .......................................................................... 7

*Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft,*
  31 Fed. Appx. 738 [2d Cir. 2002] ............................................................................................ 8

*Tocker v. Philip Morris Cos.,*
  470 F.3d 481 [2d Cir. 2006] ..................................................................................................... 4

*Uni-Sys., LLC v United States Tennis Assn., Inc.,*
  350 F Supp 3d 143 [E.D.N.Y. 2018] ........................................................................................ 8

Wafios Mach. Corp. v. Nucoil Indus. Co
  2004 WL 1627168 [S.D.N.Y. July 21, 2004] ........................................................................... 8

*Winston & Strawn v. Dong Won Sees. Co.,*
  2002 WL 3144625 [S.D.N.Y. Nov. 1, 2002] ...................................................................... 7, 10

**Rules**

Fed. R. Civ. P. 15(a) ............................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this Memorandum of Law in support of their cross-motion to amend the First Amended Complaint ("FAC") and to deem the Proposed Second Amended Complaint ("SAC"), which is intended to correct and clarify any inconsistencies and to cure any deficiencies cited by Defendants, timely filed. *Exhibit A*.

Further, in the event that the court deems the SAC insufficiently specific, Plaintiffs request leave to conduct discovery addressed to jurisdiction and venue in this case given the notoriously non-public nature of Defendants' actions and Epstein's sex trafficking enterprise.

**OPERATIVE FACTS**

This is a significant case brought by sexual abuse survivors seeking to hold the USVI and other individuals responsible for their role in the Jeffre Epstein sex-trafficking ring. The problem is that much of the evidence concerning jurisdiction is not publicly available and Defendants will not provide it so Plaintiffs do not have it. There can be no dispute but that Defendants, and in particular the USVI, are in near-exclusive possession of the evidence concerning this Court's jurisdiction over them, venue, and even the underlying claims. To the extent that Plaintiffs have proffered allegations supporting jurisdiction and venue, it largely arises or derives from the little evidence adduced and unredacted to the public in the actions brought by the USVI against its co-conspirator, J.P. Morgan.

Indeed, the limited disclosure in the USVI's lawsuit against J.P. Morgan, *USVI v. JP Morgan,* 22-CV-10904, was notorious in part because the evidence supporting the allegations was maintained in the most guarded manner. A very broad protective order was entered into which allowed the parties to redact, *inter alia*, "any information of a personal or intimate nature concerning any individual." *Exhibit B*. Given the broad scope of the protective order, the unsealed documents shed little light on the underpinnings for the claims. Newly released Jeffrey Epstein documents include big names but few new details (nbcnews.com); Here's what we learned – and didn't learn – from the Jeffrey Epstein unsealed documents | CNN Business; What we know about unsealed Jeffrey Epstein documents | AP News. For example, the flight logs which identified those traveling in furtherance of the enterprise, are only partially disclosed.

More importantly, many of the individuals deposed in the USVI's earlier action are parties to this case, but their deposition transcripts are heavily redacted. For example, Congresswoman Plaskett and Cecile DeJongh were deposed in that action yet only excerpts of those transcripts are

2

available for public viewing[1]. Also, and clearly relevant to jurisdiction, are the banking records which are entirely redacted in the USVI's earlier action. Those records were pivotal to the sex trafficking enterprise and are pivotal to Plaintiffs' claims.

The summary judgment papers in the USVI's earlier action are filed entirely pursuant to the protective order. These documents, which would summarize the evidence adduced during discovery that supports the claims, or contradicts them, are shielded from public view. Notably, the action was resolved before the court issued an opinion resolving these motions. Thus, Plaintiffs do not even have the benefit of an order addressing the evidence.

The USVI's participation in the enterprise was confirmed after JP Morgan asserted the affirmative defenses of *in pari delicto*, unclean hands, and contributory negligence in the *USVI v. JP Morgan* action. On May 8, 2023, the USVI moved to strike these affirmative defenses which prompted J.P. Morgan to oppose the motion, citing evidence adduced during discovery. *See Exhibits C and D*, respectively. JP Morgan's papers, which were heavily redacted, contained sufficient evidence that was proffered to establish that the USVI was complicit in Epstein sex trafficking enterprise and that payments were directed by Defendants in this case from Epstein's New York City bank accounts to the USVI. Plaintiffs thus began the process of exploring the litigation and filing a complaint before the Adult Survivors Act window closed on November 23, 2023.

Certainly, in this case, Defendants have not volunteered any information or evidence affirmatively disproving jurisdiction, venue, or the claims. They have simply pointed to alleged gaps in Plaintiffs' pleading, knowing that the USVI has thus fully prevented Plaintiffs from

---

[1] For example, only 26 pages of 313 of Congresswoman Plaskett's deposition is available in the Court filings, with the remaining 297 pages removed from the public record.

3

discovering the evidence in the earlier lawsuit that would facilitate litigation and resolution of this one. The USVI also has refused to turn over these documents, which raises questions about what is contained therein.

Consequently, Plaintiffs have moved in the USVI's action for an order permitting them to intervene and to secure access to the disclosure pursuant to the same Protective Order in *USVI v. JP Morgan*. *Exhibit E.* Such disclosure would conserve resources while continuing to preserve the confidences in that action. Plaintiffs, who are the real victims of the sex trafficking enterprise, should not be denied access to the very evidence that would prove Plaintiffs' claims in this suit.

## ARGUMENT
## POINT I
### THIS COURT MAY EXERCISE ITS BROAD DISCRETION AND GRANT LEAVE TO AMEND.

Plaintiffs should be granted leave to amend the FAC pursuant to Fed. R. Civ. P. 15(a), to address the arguments raised by Defendants in their motions and to clarify certain allegations. *Exhibit A.* "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli,* 228 F.3d 68, 81 [2d Cir. 2000] (internal quotation marks and citation omitted).

Indeed, as recently held by this Court, even when granting a motion to dismiss, "leave to amend at least once should normally be granted as a matter of course." *Aira Jewels, LLC, v. Mondrian Collection, LLC*, 2024 WL 1255798, at *6 [S.D.N.Y. Mar. 25, 2024], quoting *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 [2d Cir. 1991].

Leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nonmovant, or futility." *Cavanagh v. Ford Motor Co.,* 2014 WL 2048571 [E.D.N.Y. 2014] citing *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 [2d Cir. 2001].

While "leave to amend a complaint may be denied when amendment would be futile," *Tocker v. Philip Morris Cos.,* 470 F.3d 481, 491 [2d Cir. 2006], the standard for proving futility is quite high. "A complaint is futile when, as a matter of law, any "proposed amendments would fail to cure prior deficiencies." *Monbo v. Nathan*, 623 F. Supp. 3d 56, 144 [E.D.N.Y. 2022]. Where the deficiencies are substantive rather merely the consequence of "inartful" pleading, repleading would be futile and leave to amend should be denied. *Lewis v. Experian Info. Sols., Inc.*, 2024 WL 1308705, at *11 [E.D.N.Y. Mar. 27, 2024]. "[L]eave to amend is not warranted 'where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.' " *Hardie v. United States*, 501 F. Supp. 3d 152, 162 [E.D.N.Y. 2020] (citations omitted).

"The District Court has broad discretion over whether to grant or deny the motion to amend, however outright refusal to grant the leave without any justifying reason appearing for the denial is an abuse of discretion and inconsistent with the spirit of the Federal Rules…..that motions to amend complaints be liberally granted absent a good reason to the contrary, allowing disputes to be resolved upon the merits rather than on the basis of procedural technicalities." *Assam v Deer Park Spring Water, supra* at 404; *see Foman*, 371 U.S. 178 [1962].

Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground. *Oliver Schools, Inc. v Foley*, 930 F2d 248, 252-53 [2d Cir 1991]. Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course. *Id.*

Plaintiffs submit that leave to amend should be granted to address Defendants' concerns as raised in their four motions to dismiss. Moreover, Plaintiffs' Proposed SAC alleges a civil RICO

violation, which is grounded upon additional facts adduced by Plaintiffs from the very limited information that is publicly available to them.

There is absolutely no evidence in the instant matter of undue delay, bad faith, or undue prejudice to Defendants by the requested amendment.  As set forth in Plaintiffs' opposition, there is a meritorious basis for jurisdiction over Defendants and the causes of action have been pleaded with even greater specificity.  This, despite Defendants' efforts to prevent evidence pertaining to Defendants' involvement in the sex trafficking enterprise from ever seeing the light of day.

This case – where a government is charged with facilitating an international sex-trafficking enterprise that was enjoyed by the most powerful men in the world without so much as a question from a law enforcement officer over more than a decade.  It is hardly surprising that the victims of the enterprise had difficulty in discovering evidence establishing their claims.  Further, as discovery has not commenced and Defendants have yet to Answer the Complaint, Defendants cannot demonstrate prejudice will result from Plaintiffs being granted leave to amend the complaint at this juncture. For these reasons and those explained below, Plaintiffs respectfully asked that this Court grant this motion in its entirety.

Assuming, *arguendo*, that the Court deems the SAC deficient, Plaintiffs' ask that the Court deny leave to amend without prejudice to address any concerns this Court may have about the sufficiency of the pleading.

## POINT II

### THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND DIRECT DISCOVERY CONCERNING THE SCOPE AND EXTENT OF DEFENDANTS' ACTIVITIES IN NEW YORK.

In the event that the Court finds Plaintiffs' allegations in the SAC concerning jurisdiction and/or venue lacking, *or to forestall yet another round of motion practice by Defendants*, Plaintiffs respectfully request an opportunity to conduct discovery addressing these issues.

In general, a district court may allow discovery to aid in determining whether it has personal jurisdiction over a defendant. *Winston & Strawn v. Dong Won Sees. Co.,* 2002 WL 31444625, at *5 [S.D.N.Y. Nov. 1, 2002]. Where, as here, jurisdictional and venue-specific discovery lies exclusively in the possession of the movants, the district court orders discovery concerning these issues. For example, in *Winston & Strawn v Dong Won Sec. Co., Ltd.*, 02 CIV. 0183(RWS), 2002 WL 31444625, at *5 [S.D.N.Y. Nov. 1, 2002], the Court granted leave to conduct jurisdictional and venue-specific discovery:

> Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge. See *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 4 (2d Cir. 1977); *Gelfand v. Tanner Motors, Ltd.,* 339 F.2d 317, 323 (2d Cir. 1964). Here, there is an issue of whether Dong Won is doing and/or transacting business in the State of New York and this judicial district. Discovery will lead to a more accurate judgement than one made solely on the basis of affidavits in response to the motion. See *Peterson v. Spartan Industries, Inc.,* 33 N.Y.2d 463, 354 N.Y.S.2d 905, 310 N.E.2d 513 (1974).

*Cf. Scott v ProClaim Am., Inc.*, 14 CV 06003 DRH ARL, 2015 WL 3851243, at *5 [E.D.N.Y. June 22, 2015] ("Moreover, unlike in the cases cited by the Plaintiff where further jurisdictional discovery was warranted, here there is no dispute as to facts material to the determination of jurisdiction").

For example, in *Wafios Mach. Corp. v. Nucoil Indus. Co.,* one of the defendants submitted an affidavit containing several alleged facts that were within its exclusive knowledge, including

that it allegedly did not target the New York market. 2004 WL 1627168, at *5 [S.D.N.Y. July 21, 2004]. Because the affidavit contained facts within the defendant's exclusive control and raised "further questions which [we]re not answered by the affidavit," the court allowed limited jurisdictional discovery concerning the defendant's New York contacts. Id.

In Uni-Sys., LLC v United States Tennis Assn., Inc., 350 F Supp 3d 143, 159-60 [E.D.N.Y. 2018], the court granted the plaintiff's request for venue-specific discovery, reasoning:

> . . . as plaintiff has requested the opportunity to conduct limited venue - specific discovery and seeks an evidentiary hearing on venue, the court grants plaintiff limited discovery as to whether these defendants have an established place of business in the Eastern District of New York under the supervision of the magistrate judge assigned to this case. *Allied Dynamics Corp.*, 965 F.Supp.2d at 288 (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004) ) (stating that if there are disputed facts relevant to determining venue, the district court may exercise their discretion to determine whether to hold an evidentiary hearing to resolve the dispute). The motions of the Morgan defendants and Rossetti, Inc. to dismiss for improper venue are denied without prejudice to renew.

It is well-established that a plaintiff need not first make out a *prima facie* showing of personal jurisdiction as a prerequisite to conducting jurisdictional discovery. Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft, 31 Fed. Appx. 738, 739 [2d Cir. 2002] ("Although plaintiffs did not show that [defendant] is subject to the court's jurisdiction, we believe they were entitled to jurisdictional discovery to develop the factual record requisite for such a showing"). Accordingly, as noted above, the District Court's holding that any request by Plaintiffs to conduct jurisdictional discovery must be conditioned upon Plaintiffs' first establishing a *prima facie* case for jurisdiction was clear error. Indeed, such a requirement would render jurisdictional discovery pointless.

In *Dannenfelser v Flexi N. Am., LLC*, 22-CV-6608 (SIL), 2024 WL 640025, at *12-13 [E.D.N.Y. Feb. 15, 2024], the court reasoned as follows in granting such discovery:

> Where a plaintiff has established a genuine issue of jurisdictional fact, the Court may in its discretion order jurisdictional discovery. *See RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010). Moreover, "the district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990) (internal alterations omitted)).
>
> Here, the Court concludes that Dannenfelser is entitled to limited jurisdictional discovery. For one, Plaintiff alleges that Bogdahn uses Amazon to sell its products in New York, *see* PSAC at ¶¶ 19-20, and the only facts rebutting that allegation come from the declarations of Flexi's and Bogdahn's general managers. *See* Dekker Opp. Decl. at ¶¶ 4-5; Kruse Decl. at ¶ 13. Discovery, however, may reveal evidence to the contrary such that personal jurisdiction is proper over Bogdahn under NY CPLR § 302(a)(3). *See EnviroCare Techs.,* 2012 WL 2001443, at *3 (quoting *Boschetto*, 539 F.3d at 1019). With respect to Flexi, Dannenfelser also may uncover further facts regarding Flexi's sale of products to Petco such that personal jurisdiction is proper under NY CPLR § 302(a)(1), in addition to (a)(3).
>
> Further, Dannenfelser has asserted that Flexi's sole member, Beteiligungs, and Bogdahn are in fact the same entity and that a sufficient level of control exists such that personal jurisdiction over Bogdahn is appropriate. *See* PSAC ¶ 11 n. 1; *see Linde,* 262 F.R.D. at 142 (concluding courts can acquire personal jurisdiction over parent based on subsidiary's presence in New York where the degree of control is considerable). Although Bogdahn asserts that Flexi is not its subsidiary, *see* Kruse Decl. at ¶ 14, discovery may uncover evidence to the contrary. As such, Dannenfelser may obtain jurisdictional discovery regarding the relationship between Beteiligungs, Bogdahn and Flexi. Accordingly, Plaintiff's Motion for leave to conduct jurisdictional discovery is granted.

Here, at a minimum, Plaintiffs have raised allegations sufficient to allow Plaintiffs to engage in limited jurisdictional discovery as to whether there is personal jurisdiction over Defendants. It is indisputable that the evidence pertaining to the activities of those involved in the scheme and/or Defendants' actions concerning Epstein has been shielded from public view as a result of a broadly applied protective order. It is further undisputed that Plaintiffs – the victims of sex trafficking—lacked any access to the evidence proving their claims. Until Plaintiffs are granted access to the documents in that action pursuant to the same protective order, or discovery

9

herein, they are hamstrung by the successful efforts of others to shield the protectors of the sex trafficking enterprise from the public.

Accordingly, at the very least, Plaintiffs should be allowed to engage in limited discovery concerning issues relevant to whether there is personal jurisdiction, such as whether and the extent to which Defendants conducted business with Epstein and his companies in New York, visited him in New York for the purpose of securing financial support from the sex trafficking enterprise, and own properties in New York. *See Winston,* 2002 WL 31444625, at *5 (allowing limited jurisdictional discovery where "there is an issue whether [defendant] is doing and/or transacting business in the State of New York" and "[discovery will lead to a more accurate judgment than one made solely on the basis of affidavits").

Defendants can hardly deny that this case is unique in that the evidence pertaining to Epstein's activities in the USVI and New York, as well as Defendants and those others who conspired with him to continue the enterprise is largely beyond the public's purview.

For this reason, Plaintiffs have been forced to *properly* plead allegations "upon information and belief," which is in accord with federal law. As the Second Circuit explained in *Arista Records, LLC v Doe 3*, 604 F3d 110, 120 [2d Cir. 2010], such pleading is proper where the defendants are exclusive possession of key facts:

> The *Twombly* plausibility standard, which applies to all civil actions, *see Iqbal,* 129 S.Ct. at 1953, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief' " where the facts are peculiarly within the possession and control of the defendant, *see, e.g., Boykin v. KeyCorp,* 521 F.3d 202, 215 (2d Cir.2008), or where the belief is based on factual information that makes the inference of culpability plausible, *see Iqbal,* 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The *Twombly* Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of illegal[ity]." 550 U.S. at 556, 127 S.Ct. 1955.

Consequently, Plaintiffs ask that this Court order such discovery just as the court did in *Patel v Clane Gessel Studio*, 2023 WL 8280498, at *1 [S.D.N.Y. Nov. 30, 2023]. There, the plaintiff made the same request, which was granted with the court reasoning,

> In his opposition to the motion to dismiss, Plaintiff took the position that the Court should order jurisdictional discovery if it found Plaintiff's showing to be insufficient to find that the Court has personal jurisdiction over Defendants and that venue is proper in this District. (*See* Pl.'s Opp. at 23-24, ECF 29.) On November 20, 2023, I held a telephonic conference during which I informed the parties that, based on my preliminary review of their motion papers, I believed that jurisdictional discovery would be appropriate, because there appeared to be a genuine factual dispute about whether the Court has personal jurisdiction over Defendants and whether venue is proper in this District. *See APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (Courts possess "considerable latitude in devising the procedures [they] will follow to ferret out the facts pertinent to jurisdiction.") (internal quotation marks and citation omitted); *see also Wilson & Wilson Holdings LLC v. DTH, LLC*, No. 22-CV-02941 (PGG) (SDA), 2023 WL 3449163, at *3 (S.D.N.Y. May 15, 2023) (ordering jurisdictional discovery where plaintiff identified "genuine issue of jurisdictional fact") (quoting *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004)) (internal quotation marks omitted). I advised Defendants that they could choose to withdraw the motion to dismiss without prejudice to refiling it after the close of jurisdictional discovery, but Defendants have declined to do so. (*See* 11/27/23 Status Report, ECF 45.) Plaintiff now argues that jurisdictional discovery is unnecessary. (*See* 11/27/23 Status Report, ECF 44.)
>
> In light of my preliminary view that jurisdictional discovery is appropriate here, I am providing Plaintiff with the opportunity to take such discovery and to make a supplemental filing in connection with Defendants' motion to dismiss on grounds of lack of personal jurisdiction and improper venue. Accordingly, Plaintiff may propound up to five document requests covering personal jurisdiction and venue in this District, and he may depose Gessel for up to two hours on those subjects. . . .

In sum, Plaintiffs are entitled to limited discovery, targeted at adducing evidence establishing jurisdiction and venue.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion for Leave to Amend, deeming the SAC timely filed, and/or for jurisdictional and venue-specific discovery, together with such other and further relief as this Court deems just and appropriate.

Dated: May 8, 2024
New York, New York

Respectfully submitted,

**MERSON LAW, PLLC**

By:   /s/ Jordan Merson
     Jordan Merson
     950 Third Avenue, 18th floor
     New York, NY 10022
     Telephone: (212) 603-9100
     Fax: (347)- 441-4171
     JMerson@MersonLaw.Com
     jrutsky@mersonlaw.com
     kkramer@mersonlaw.com
     Counsel for Plaintiffs