**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| JANE DOE 1, individually, and on behalf of all others similarly situated, JANE DOE 2, individually, and on behalf of all others similarly situated, JANE DOE 3, individually, and on behalf of all others similarly situated, JANE DOE 4, individually, and on behalf of all others similarly situated, JANE DOE 5, individually, and on behalf of all others similarly situated, and JANE DOE 6, individually, and on behalf of all others similarly situated, | : : : : : : : : : | |
|  | : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:23-cv-10301-AS |
| v. | : | |
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, FIRST LADY CECILE DE JONGH, GOVERNOR KENNETH MAPP, SENATOR CELESTINO WHITE, ATTORNEY GENERAL VINCENT FRAZER, GOVERNOR JOHN DE JONGH, SENATOR CARLTON DOWE, DELEGATE STACEY PLASKETT, and JOHN DOES 1-100, | | |
| Defendants. | | |

**DEFENDANT CONGRESSWOMAN STACEY PLASKETT'S MOTION TO DISMISS PLAINTIFFS' INDIVIDUAL AND CLASS ACTION SECOND AMENDED COMPLAINT**

DUANE MORRIS, LLP
Eric R. Breslin
Melissa S. Geller
1540 Broadway
New York, New York 10036-4086
212-692-1000
erbreslin@duanemorris.com
msgeller@duanemorris.com
*Attorneys for Congresswoman Stacey Plaskett*

**Table of Contents**

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL STATEMENT ..........................................................................................2

LEGAL ARGUMENT ................................................................................................4

I.    THE COURT SHOULD DISMISS THE SAC UNDER RULE 12(B)(2)
      LACKS PERSONAL JURISDICTION OVER CONGRESSWOMAN
      PLASKETT. ........................................................................................................4

      A.    Plaintiffs lack a statutory basis to assert jurisdiction under the New
            York Long Arm Statute............................................................................ 5

            1.    *Plaintiffs cannot establish jurisdiction under C.P.L.R. §302(a)(1) because
                  they cannot show that Congresswoman Plaskett transacted business in the
                  State of New York.* ...................................................................... 5

            2.    *Plaintiffs cannot establish any element of C.P.L.R. 302(a)(3).* ................. 7

      B.    The Exercise of Jurisdiction Would Offend Principles of Due Process........... 7

II.   THE SAC RELIES ON IMPROPER GROUP PLEADING AND SHOULD
      BE DISMISSED. .................................................................................................8

III.  THE SAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR
      FAILING TO STATE A CLAIM ON WHICH RELIEF CAN BE
      GRANTED..........................................................................................................9

      A.    Counts One through Three: Plaintiffs Cannot State a Cause of Action
            for Violation of the TVPA .................................................................... 10

            1.    *Allegations accruing before December 19, 2003 predate the civil right of
                  action under the TVPA and should be dismissed.* .................................. 10

            2.    *All TVPA claim pre-dating November 22, 2013 are barred by the statute
                  of limitations.* ............................................................................ 10

            3.    *Count One should be dismissed because the SAC fails to state a cause of
                  action for a violation of the TVPA.* .................................................. 11

            4.    *Count Two should be dismissed because the SAC fails to allege that the
                  Congresswoman joined a conspiracy to violate the TVPA.* ...................... 12

            5.    *Count Three should be dismissed because the SAC fails to identify
                  knowledge of an effort to enforce the TVPA against Epstein or any action
                  taken to interfere with enforcement.* .................................................. 12

i

**B.** **Count Four should be dismissed because Plaintiffs fail to plead nearly every element of a RICO claim.**........................................................... 13

    *1.* *Plaintiffs' RICO claims are barred by the statute of limitations.* ............. 13

    *2.* *Plaintiffs fail to establish RICO standing because they fail to allege injury to business or property.*............................................................................ 14

    *3.* *Plaintiffs cannot establish a violation of a substantive RICO offense.*...... 14

**C.** **Plaintiffs fail to allege a RICO conspiracy.** ........................................................ 19

**IV.** **COUNT FIVE SHOULD BE DISMISSED BECAUSE THE SAC FAILS TO STATE THE EXISTENCE OF A LEGAL DUTY.** ........................................................20

**CONCLUSION** ........................................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111
(S.D.N.Y. 2021)....................................................................................................................4

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)....................................................................................9

*Baisch v. Gallina*, 346 F.3d 366 (2d Cir. 2003).......................................................................13

*Bascunan v. Elsaca*, 874 F.3d 806 (2d Cir. 2017) ...................................................................14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................................9, 12

*Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379 (S.D.N.Y. 2021)...........................................6

*Bisnow LLC v. Lopez-Pierre, No. 20CIV3441PAESLC*, 2022 WL 17540573
(S.D.N.Y. Nov. 2, 2022) ....................................................................................................14

*Black v. Ganieva*, 619 F. Supp. 3d 309 (S.D.N.Y. 2022) ................................................16, 19

*Boyle v. United States*, 556 U.S. 938 (2009) ...................................................................... 15-16

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001)............................................16

*Chen Gang v. Zhao Zhizhen*, No. 3:04-CV-1146 (RNC), 2017 WL 4366967 (D.
Conn. Sept. 30, 2017) .......................................................................................................12

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229 (2d Cir. 1999).........................17

*D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663 (2d Cir. 2014) .................................. 15-17

*D'Addario v. D'Addario*, 901 F.3d 80 (2d Cir. 2018) .................................................................16

*David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290 (S.D.N.Y. 2019) ...........................................20

*DeFalco v. Bernas*, 244 F.3d 286 (2d Cir. 2001) ........................................................................18

*Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006) ........................................................13

*Dix v. Peters*, 374 F. Supp. 3d 213 (N.D.N.Y. 2019) ...................................................................7

*Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023)....................12

*Edwardo v. Roman Cath. Bishop of Providence*, 579 F. Supp. 3d 456 (S.D.N.Y.
2022).....................................................................................................................................5

*Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69 (2d Cir. 2023) ................................4

*Epstein v. Thompson*, No. 09 CIV. 8696 (HB), 2010 WL 3199838 (S.D.N.Y. Aug. 12, 2010) ................................................................................................................6

*First Capital Asset Mgmt., Inc. v. Satinwood*, 385 F.3d 159 (2d Cir. 2004) .................... 15-16, 18

*Goney v. SuttonPark Cap. LLC*, No. 22-1830, 2023 WL 8235019 (2d Cir. Nov. 28, 2023) ................................................................................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)................................4

*H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020) ...............................11

*Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21 (2d Cir. 1990) ................................................19

*Heinrich v. Dean*, 655 F. Supp. 3d 184 (S.D.N.Y. 2023) ...........................................................14

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499 (S.D.N.Y. 2009).....................10

*Jackson v. Cnty. of Rockland*, 450 F. App'x 15 (2d Cir. 2011)....................................................9

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) ....................................................6

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996)................................13

*Lehey v. Northwell Health, Inc.*, No. 23-CV-04708 (PMH), 2024 WL 1703697 (S.D.N.Y. Apr. 19, 2024)..............................................................................................3

*Mackin v. Auberger*, 59 F. Supp. 3d 528 (W.D.N.Y. 2014) ........................................................17

*Markel Am. Ins. Co. v. Mr. Demolition, Inc.*, -- F. Supp. 3d --, No. 21-cv-6998, 2024 WL 630422 (E.D.N.Y. Feb. 14, 2024).........................................................................10

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996)..................................8

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673 (S.D.N.Y. 2021)..................................................................................................8

*Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289 (E.D.N.Y. 2017) ....................................15

*Moss v. Morgan Stanley Inc.*, 719 F.2d 5 (2d Cir. 1983)........................................................ 13-14

*Reves v. Ernst & Young*, 507 U.S. 170 (1993).............................................................................18

*RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325 (2016)................................................................14

*Robbins v. Port of $ale, Inc.*, No. ST-12-CV-90, 2018 WL 5024920, at *4 (V.I. Super. Oct. 10, 2018) .............................................................................................20

*Rotella v. Wood*, 528 U.S. 549 (2000) .......................................................................13

*S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147 (E.D.N.Y. 2020) ........................11

*Sills v. Ronald Reagan Presidential Found., Inc.*, No. 09 CIV. 1188 (GEL), 2009
     WL 1490852 (S.D.N.Y. May 27, 2009) .................................................................6

*Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178 (2d Cir. 2008) .................18

*Three Five Compounds, Inc. v. Scram Techs., Inc.*, No. 11 CIV. 1616 (RJH), 2011
     WL 5838697 (S.D.N.Y. Nov. 21, 2011) ...............................................................6-7

*Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013) ..................7

*United States Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432
     (S.D.N.Y. 2004) ...................................................................................................19

*United States v. Epstein*, No. 1:19-cr-00490-RMB (S.D.N.Y. Jul. 6, 2019) ..................3

*United States v. Turkette*, 452 U.S. 576 (1981) ...........................................................15

*Velez v. Sanchez*, 693 F.3d 308 (2d Cir. 2012) ............................................................10

*W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, No. 03 CIV.
     8606RWS, 2004 WL 2187069 (S.D.N.Y. Sept. 29, 2004) ....................................18

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156
     (S.D.N.Y. 2015) .....................................................................................................3

*Zamora v. FIT Int'l Grp. Corp.*, 834 F. App'x 622 (2d Cir. 2020) ...............................19

**Statutes**

5 V.I.C. § 31 .................................................................................................................20

18 U.S.C. § 1595(c)(1) ..................................................................................................10

18 U.S.C § 1962 ............................................................................................................14

18 U.S.C. § 1962(c) .......................................................................................................16

18 U.S.C. § 1964(c) .......................................................................................................14

29 V.I.C. § 701 *et seq.* ....................................................................................................3

29 V.I.C. §§ 707 ..............................................................................................................3

29 V.I.C. §§ 713a – 713f .................................................................................................2

29 V.I.C. § 716 ...........................................................................................................3

29 V.I.C. § 717 ...........................................................................................................3

29 V.I.C. § 1100 .........................................................................................................2

29 V.I.C. § 1101 .........................................................................................................2

**Rules**

C.P.L.R. 302 ...............................................................................................................5

C.P.L.R. 302(a)(1) ..................................................................................................5, 7

C.P.L.R. 302(a)(3) ..................................................................................................5, 7

Fed. R. Civ. P. 9(b) ..................................................................................................11

Fed. R. Civ. P. 8 .........................................................................................................8

Fed. R. Civ. P. 12(b)(2) .............................................................................................4

Fed. R. Civ. P. 12(b)(6) .............................................................................................9

**Other Authorities**

161 Cong. Rec. H2 (daily ed. Jan. 6, 2015) ..............................................................2

U.S.V.I., Econ. Dev. Auth., "About Us," ..................................................................2

U.S.V.I., Econ. Dev. Auth., "EDC Tax Incentives" ..................................................3

## PRELIMINARY STATEMENT

Defendant Stacey Plaskett submits this memorandum of law in support of her motion to dismiss the Individual and Class Action Second Amended Complaint, filed by Plaintiffs Jane Does 1, 2, 3, 4, 5, and 6, as amended on May 24, 2024 (the "SAC").  (ECF 112).

Epstein's notorious crimes were reprehensible, and many women unquestionably suffered at his hands.  Congresswoman Plaskett learned of Epstein's crimes simultaneously with the rest of the country, when news of his arrest broke.  Like all decent-minded people, she was horrified. She is equally horrified to now be accused of complicity in his crimes, without any factual basis or justification.  Congresswoman Plaskett has devoted most of her professional life to public service, first as a prosecutor, then to further the economic development of the Virgin Islands, and now as a Member of the United States House of Representatives.  Yet Plaintiffs now seek to malign her good name with wild allegations so unsupportable they cannot even credibly claim to be speculative – instead they are the product of pure fantasy.  Plaintiffs' claims are typified by a lack of specificity, logic, or common sense.

The SAC fails nearly every pleading standard and suffers from a litany of faults, all militating in favor of dismissal.  Plaintiffs cannot establish jurisdiction.  The cursory pleading fails even the low bar of specificity required by Rule 8.  Many of the allegations fall outside the statute of limitations.  A dearth of factual allegations means the claims have no actual factual support by even the most permissible pleading standard.  Nearly every cause of action is missing at least one element, sometimes every element.   For whatever reason, Plaintiffs and their attorneys elected to include the Congresswoman in this lawsuit.  They did so without factual basis or legal justification.  The SAC should be dismissed.

**FACTUAL STATEMENT**

Congresswoman Plaskett serves as the elected Delegate for the Virgin Islands of the United States to the United States House of Representatives.  (SAC., ¶ 8(x)).  She lives in the United States Virgin Islands ("USVI") and maintains a part time residence in Washington D.C. (Declaration of Congresswoman Stacey Plaskett ("Plaskett Decl."), ¶ 2).  She maintains no residence and owns no property in New York.  (*Id.* at ¶ 2).

Congresswoman Plaskett served in the United States Department of Justice from 2002 to 2004.  (*Id.* at ¶ 3).  From 2004 to 2006, she worked as in-house counsel at a major U.S. corporation.  (*Id.* at ¶ 4).  From 2006 to 2007, she worked in private practice at a law firm in the Virgin Islands. (*Id.* at ¶ 5).  From 2007 to 2012, Congresswoman Plaskett served as the General Counsel for the Virgin Islands Economic Development Authority (the "VIEDA").  (*Id.* at ¶ 5). She then entered private practice until she was elected to the House of Representatives in 2014. (*Id.* at 7); Gov't of the V.I., Election Sys. of the V.I., 2014 Election Official Results Summary (Nov. 15, 2014).  She took her seat in Congress in 2015, where she has served ever since.  161 Cong. Rec. H2 (daily ed. Jan. 6, 2015) (announcement of the Clerk).

The VIEDA is a semi-autonomous government organization dedicated to economic development in the Virgin Islands.  29 V.I.C. § 1100; U.S.V.I., Econ. Dev. Auth., "About Us," last visited Mar. 25, 2024 (available at https://www.usvieda.org/about-vieda).  The VIEDA is legally distinct from the government of the Virgin Islands and has its own governance structure. 29 V.I.C. § 1101.  The Virgin Islands Code authorizes tax reductions and tax incentives for businesses that establish operations in the Virgin Islands and individuals who meet residency requirements.  *See, e.g.*, 29 V.I.C. §§ 713a – 713f (describing some of the tax incentives available); *see also* U.S. Virgin Islands, Econ. Dev. Auth., "EDC Tax Incentives" (last visited

Mar. 25, 2024) (available at https://www.usvieda.org/residents/grow/edc-tax-incentives).  The Court can take judicial notice of the statutes of the USVI, as well as information from the VIEDA's website.  *See Lehey v. Northwell Health, Inc.*, No. 23-CV-04708 (PMH), 2024 WL 1703697, at *1 n.4 (S.D.N.Y. Apr. 19, 2024) (taking judicial notice of the statutes and legislative history of the statute); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (discussing the types of material for which courts have taken judicial notice and collecting cases).

The Virgin Islands Economic Development Commission (the "EDC") is just one of four functions governed by the VIEDA.  U.S.V.I., Econ. Dev. Auth., "About Us."  One of the EDC's functions is to evaluate applications for certain statutorily authorized "tax breaks."  *See generally* 29 V.I.C. § 701 *et seq.*  The EDC approval process starts with an investigation by the Chief Executive Officer or the Assistant Chief Executive Officer's office.  29 V.I.C. §§ 707, 716.  The Chief Executive Officer then evaluates the application and makes a report and recommendation to the EDC Board (the "Board").  29 V.I.C. §§ 707, 716.  The EDC Board does an investigation and holds a public hearing.  29 V.I.C. § 717.  At that point, the CEO and Chairman of the Board makes a signed recommendation to the Governor of the USVI.  *Id.*  The general counsel does not play a role in the recommendation process.  The governor makes the final determination as to whether to grant tax incentives to an applicant.  *Id.*

Jeffrey Epstein was a well-known businessman with significant political and social connections.  On July 2, 2019, the United States Attorneys' Office for the Southern District of New York indicted Epstein with operating a worldwide sex trafficking operation for, at least 2002 through 2019.  Comp., *United States v. Epstein*, No. 1:19-cr-00490-RMB (S.D.N.Y. Jul. 6,

2019) (ECF No. 2).  He was arrested on July 6, 2019.  *Id.*, Docket Sheet (Jul. 8, 2019).  He died in prison while awaiting trial. *See id.* at ECF No. 48 (Aug. 21, 2019).

Plaintiffs assert that they are some of his victims.  None of Plaintiffs ever met the Congresswoman.  The SAC identifies no action taken by the Congresswoman in connection with the Plaintiffs.  The only concrete factual allegations are that she received a small amount of campaign contributions from Epstein and some of his associates, and that she made limited solicitations for campaign contributions and donations.  Every other allegation is stated in vague and conclusory fashion, sometimes in direct contradiction of the publicly available information. The Federal Rules of Civil Procedure do not permit such complaints to proceed.  The SAC should be dismissed.

## LEGAL ARGUMENT

### I.  THE COURT SHOULD DISMISS THE SAC UNDER RULE 12(B)(2) LACKS PERSONAL JURISDICTION OVER CONGRESSWOMAN PLASKETT.

The SAC should be dismissed under Rule 12(b)(2) for lack of jurisdiction. Congresswoman Plaskett resides in the USVI, not in New York, so Plaintiffs cannot establish general jurisdiction.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  To exercise specific jurisdiction Plaintiffs must establish a statutory basis under the New York long-arm statute and show that the exercise of jurisdiction comports with due process. *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023).  Plaintiffs must establish personal jurisdiction as to each defendant and cannot rely on group pleading.  *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021).

A.   **Plaintiffs lack a statutory basis to assert jurisdiction under the New York Long Arm Statute.**

The New York long-arm statute, C.P.L.R. 302, permits the exercise of jurisdiction over a foreign defendant in four circumstances.  Only subsections (a)(1) or (a)(3) can have any possible application here.  C.P.L.R. § 302(a)(1) permits the exercise of jurisdiction where the Plaintiffs claim arises from the transaction of business or the supply of goods or services in New York. C.P.L.R. § 302(a)(3) permits the exercise of jurisdiction where the claim arises from a tortious act committed outside New York if the defendant regularly engages in a persistent course of conduct in the state or where the defendant could foresee an impact in the state and derives substantial revenue from interstate or international commerce.

1.   *Plaintiffs cannot establish jurisdiction under C.P.L.R. §302(a)(1) because they cannot show that Congresswoman Plaskett transacted business in the State of New York.*

A person "transacts business" in New York when she "purposefully avails [herself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  *Edwardo v. Roman Cath. Bishop of Providence*, 579 F. Supp. 3d 456, 473–74 (S.D.N.Y. 2022), *aff'd*, 66 F.4th 69 (2d Cir. 2023) (quoting *Best Van Lines, Inc.* v. *Walker*, 490 F.3d 239, 247 (2d Cir. 2007)).  The primary consideration is the "quality of the defendants' New York contacts" as viewed by "the totality of the circumstances surrounding the foreign defendant's contacts with the state."  *Id.*  The SAC contains just a handful of facts, none of which support jurisdiction.

Plaintiffs allege that the Congresswoman invited Epstein to campaign fundraisers in July and September 2018, and visited Epstein's residence in New York to solicit a donation to the "Democratic National Committee" that was never consummated.  (SAC, ¶¶ 8(x), 148).  This does not amount to transacting business in New York.  The mere solicitation of a donation in

New York does not support jurisdiction. *See, e.g., Epstein v. Thompson*, No. 09 CIV. 8696 (HB), 2010 WL 3199838, at *3 (S.D.N.Y. Aug. 12, 2010) (noting that "solicitation of business within the state does not constitute the transaction of business within the state."); *Sills v. Ronald Reagan Presidential Found., Inc.*, No. 09 CIV. 1188 (GEL), 2009 WL 1490852, at *8 (S.D.N.Y. May 27, 2009) (observing "it may not necessarily be the case that a registered charity 'transacts business' in New York anytime it solicits a contribution."). Further, as Plaintiffs admit, the purported proposed donation to the "Democratic National Committee" was never paid. (SAC, ¶ 8(x)). "Courts in this Circuit have repeatedly and virtually universally declined to find that such meetings amount to the transaction of business." *Three Five Compounds, Inc. v. Scram Techs., Inc.*, No. 11 CIV. 1616 (RJH), 2011 WL 5838697, at *11 (S.D.N.Y. Nov. 21, 2011).

Plaintiffs also allege that campaign donations paid by Epstein were paid through New York bank accounts. Even if true, the passive receipt of campaign funds cannot support jurisdiction absent a showing that the defendant directed or controlled the route of the funds. *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 403-404 (S.D.N.Y. 2021) (and collecting cases).

In the SAC Plaintiffs have added the conclusory allegation that Congresswoman Plaskett and other defendants "directed" the payment of funds through New York accounts. This is just a conclusory restatement of a factor to be considered in evaluating jurisdiction and lacks the specificity required to confer jurisdiction. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998); *see also Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d at 400 (finding no jurisdiction because the "wholly conclusory allegation is patently inadequate").

Plaintiffs cannot establish that Congresswoman Plaskett transacted business in New York, much less that their claims arose from any New York transaction.

6

2.       *Plaintiffs cannot establish any element of C.P.L.R. 302(a)(3).*

Plaintiffs cannot make any showing that their claims arise from any persistent course of conduct by Congresswoman Plaskett in New York.  C.P.L.R. 302(a)(3).  Nor does she derive income from commerce either in New York or internationally.  *Id.*  Further, jurisdiction does not attach simply because Plaintiffs are residents of New York.  *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (noting that a plaintiff's domicile in New York is insufficient to establish jurisdiction under section 302(a)(3)).

No statutory authority exists for this Court to exercise personal jurisdiction over Congresswoman Plaskett.

**B.       The Exercise of Jurisdiction Would Offend Principles of Due Process.**

Courts conduct a two-pronged inquiry when considering whether the exercise of jurisdiction offends principles of due process: (1) does the defendant have minimum contacts with New York such that she could anticipate being "haled" into court here, and (2) does the assertion of jurisdiction comport with fair play and substantial justice.  *Three Five Compounds*, 2011 WL 5838697, at *6.

The minimum contacts analysis is similar to the "transacting business" inquiry under C.P.L.R. 302(a)(1).  *See Dix v. Peters*, 374 F. Supp. 3d 213, 223 (N.D.N.Y. 2019), *aff'd*, 802 F. App'x 25 (2d Cir. 2020) ("In assessing a defendant's minimum contacts, a court evaluates the 'quality and nature' of the defendant's contacts.").  The analysis focuses on the defendant's contacts with the forum, "not the Plaintiff's connection to the forum."  *Id.* at 223.  As described above, Congresswoman Plaskett has almost no contacts with New York, much less the minimum contacts required by the Fourteenth Amendment.

Fair play and substantial justice requires a "reasonable analysis" that considers: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the

7

forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies."  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996).

This action does not belong in New York.  Congresswoman Plaskett does not live or work in New York.  Defending this case here would be a burden.  Nearly all defense witnesses will be located in the USVI and the majority of discovery would have to take place in the USVI. This, of course, places a tremendous financial strain on a defendant who must either bring witnesses here or send lawyers to the USVI.  To the extent any forum has an interest in this litigation, it is the USVI.  Due process does not permit the exercise of jurisdiction over Congresswoman Plaskett in this jurisdiction.

## II.     THE SAC RELIES ON IMPROPER GROUP PLEADING AND SHOULD BE DISMISSED.

Plaintiffs "cannot simply 'lump' defendants together for pleading purposes." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 728 (S.D.N.Y. 2021) (quoting *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 215CV6015(DRH)(AYS), 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017)).  The SAC violates Federal Rule of Civil Procedure 8(a) because it "fails to give each defendant of the fair notice of the claims against [her]." *Id.* at 728-29 (quoting *Holmes v. Allstate Corp.*, No. 11 CIV. 1543 (LTS) (DF), 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012)).

Nearly every allegation in the Amended Complaint relies on "the defendants" or some other group moniker.  For example, in Count Five (negligence), every paragraph pleads either the USVI or the "Defendants."  (*See, e.g.,* SAC ¶ 314 ("Defendants. . .used their money and influence. . . to ensure that these laws were affirmatively violated without any hindrance or

repercussion. . .”); ¶ 320 (“Defendants also permitted Epstein. . .to leave the USVI without any

hindrance. . .”).  The rest of the SAC is no more specific.  For example, Paragraph 65 makes the

claim “. . .Epstein, Defendants, and his co-conspirators threatened that harm would come to

Plaintiffs and other victims if they did not comply. . .”

Plaintiffs almost universal use of group pleading makes it impossible for Congresswoman

Plaskett to determine what she is alleged to have done to be included in the SAC.  This is likely

because no such facts exist.  The use of group pleading makes it impossible for Congresswoman

Plaskett to identify the claims against her and violates Rule 8(a).  The SAC should be dismissed.

## III.   THE SAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILING TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

To survive a motion to dismiss, Plaintiffs must plead factual allegations sufficient to

“nudge” their claims “across the line from conceivable to plausible.”  *Ashcroft v. Iqbal,* 556 U.S.

662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A “plausible”

claim requires more than the “sheer possibility that a defendant has acted unlawfully,”

particularly when a lawful explanation is equally as likely.  *Id.* at 678-80 (2009) (quoting and

explaining *Twombly*).

Only well-pleaded facts may be considered when analyzing a complaint under Rule

12(b)(6).  *Id.* at 679.  The presumption of truth does not attach to “threadbare recitals of a cause

of action’s elements,” *id.* at 633, or “conclusory allegations masquerading as factual

conclusions,” *Jackson v. Cnty. of Rockland*, 450 F. App’x 15, 19 (2d Cir. 2011) (citing *Kirch v.*

*Liberty Media Corp.*, 449 F.3d 388, 398 (2d. Cir. 2006)).  A complaint must be evaluated on the

factual allegations remaining after the bare conclusions are discarded.  *Iqbal*, 556 U.S. at 679).

The SAC contains almost nothing but the rote recitation of legal elements or conclusory

allegations with no factual support.  Once these bare allegations are stripped away, the SAC cannot state any cause of action against Congresswoman Plaskett.

A.      **Counts One through Three: Plaintiffs Cannot State a Cause of Action for Violation of the TVPA**

1.      *Allegations accruing before December 19, 2003 predate the civil right of action under the TVPA and should be dismissed.*

Plaintiffs seek to state claims for violations of the TVPA (Count One), conspiracy to violate the TVPA (Count Two) from 2001 to 2019, and obstruction of an attempt to enforce the TVPA (Count Three).  Claims predating December 19, 2003 should be dismissed because they pre-date the passage of the civil right of action under the TVRA and the civil right of action does not have retroactive effect.  *Velez v. Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012).

2.      *All TVPA claim pre-dating November 22, 2013 are barred by the statute of limitations.*

Count One, Two, and Three make allegations for injuries purportedly arising from violations of the TVPA from 2001 through 2019.  The TVPA is a federal statute with a ten-year statute of limitations.  18 U.S.C. § 1595(c)(1).  Plaintiffs first filed on November 22, 2023. (Comp., ECF No. 1).  Claims predating November 22, 2013 fall outside the statute of limitations and should be dismissed.  *See Markel Am. Ins. Co. v. Mr. Demolition, Inc.*, -- F. Supp. 3d --, No. 21-cv-6998, 2024 WL 630422, at *4 (E.D.N.Y. Feb. 14, 2024) (a statute of limitations defense can be raised on a motion to dismiss where the defense appears on the face of the complaint).

Plaintiffs also fail to plead fraudulent concealment sufficient to toll the statute of limitations.  Fraudulent concealment requires a showing of: "(1) wrongful concealment by defendants (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing discovery of the claim."  *Hinds Cnty., Miss.*

*v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009).  It must be pleaded with particularity under Fed. R. Civ. P. 9(b).  *Id.*

There are no allegations, even in conclusory fashion, that Congresswoman Plaskett took any action to conceal anything.  To the contrary, one of the only concrete facts pleaded by Plaintiff – that Epstein donated to Congresswoman Plaskett's campaign – is a matter of public record.  Campaign donations are easily located by a search of the Federal Election Commission's database.  (*See* Fed. Election Comm'n Database (available at https://www.fec.gov/introduction-campaign-finance/how-to-research-public-records/individual-contributions/).

Jane Doe 1 makes claims under the TVPA (Counts One through Three) for injuries accruing between 2001 to 2019.  (SAC, ¶¶ 301)  Jane Does 4 and 5 allege injuries accruing between 2001 to 2009.  (SAC, ¶¶ 304-305).  Jane Doe 6 alleges injuries accruing in 2004 (SAC, ¶ 306).  These claims and the class claims accruing prior to November 22, 2013 should be dismissed as falling outside the limitations.

> 3. *Count One should be dismissed because the SAC fails to state a cause of action for a violation of the TVPA.*

To state a beneficiary claim for a violation of the TVPA Plaintiffs must establish that: (1) the defendant knowingly received a financial benefit or something of value, (2) from participating in a venture, (3) that the defendant knew or should have known was engaged in a violation of the TVPA.  *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 152–53 (E.D.N.Y. 2020) (quoting *A.C. v. Red Roof Inns, Inc.*, 2020 WL 3256261, at *4 (S.D. Ohio June 16, 2020)). At a minimum, Plaintiffs must plead facts sufficient to show that the defendant would or should have been on notice of sex trafficking by the specific venture alleged.  *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 705 (E.D. Mich. 2020) (holding general knowledge of a sex trafficking problem does not satisfy the *mens rea* of a TVPA claim).

Congresswoman Plaskett learned of Epstein's crimes along with the rest of the country, in July 2019, after his arrest.   Plaintiffs can point to no well-pleaded fact in the SAC that raises even an inference otherwise.  The conclusory allegations that the Congresswoman "knew" or joined the sex trafficking venture does not suffice to state a claim.

> 4.   *Count Two should be dismissed because the SAC fails to allege that the Congresswoman joined a conspiracy to violate the TVPA.*

To allege conspiracy, Plaintiffs must that "each defendant. . . 'entered into a joint enterprise with consciousness of its general nature and extent.'"  *Doe 1*, 671 F. Supp. 3d at 412 (quoting *United States v. Alessi*, 638 F.2d 466, 473 (2d Cir. 1980).  Plaintiffs must show that a defendant actually agreed to participate in Epstein's sex trafficking venture.  *Id.* (observing that agreeing provide banking services with knowledge that they would assist a sex trafficking venture is different than agreeing to participate).

Plaintiffs offer only the conclusory allegations that Congresswoman Plaskett agreed to join Epstein's sex trafficking venture.  (*See, e.g.,* ¶ SAC 95 ("Plaskett entered into an agreement. . . to facilitate the sex trafficking venture. . .").  This "conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."  *Twombly*, 550 U.S. at 557; *see also Chen Gang v. Zhao Zhizhen*, No. 3:04-CV-1146 (RNC), 2017 WL 4366967, at *1 (D. Conn. Sept. 30, 2017) (complaint lacks factual content allowing for a reasonable inference that the defendant entered into an agreement to do acts that violated the TVPA).  Count Three should be dismissed.

> 5.   *Count Three should be dismissed because the SAC fails to identify knowledge of an effort to enforce the TVPA against Epstein or any action taken to interfere with enforcement.*

Obstruction of the TVPA requires a showing of: (1) knowledge of an effort to enforce the TVPA, and (2) an intentional action to obstruct or attempt to obstruct enforcement.  *Doe 1 v.*

*Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 409 (S.D.N.Y. 2023).  The SAC fails to allege that the Congresswoman had knowledge of any investigation or other attempt to enforce the TVPA against Epstein.  It also fails to allege any action purportedly taken by the Congresswoman to obstruct enforcement.  Count Two should be dismissed.

    **B.**    **Count Four should be dismissed because Plaintiffs fail to plead nearly every element of a RICO claim.**

    Civil RICO's treble damages and "almost inevitable stigmatizing effect" on defendants renders it "an unusually potent weapon. *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996).  Courts therefore must scrutinize claims carefully, and "should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Id.*  Plaintiffs have two burdens to state a RICO violation.  First, they must establish RICO standing by showing they suffered an injury to business or property as the direct and proximate cause of a RICO violation. *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983); *Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003).  This "is a more rigorous matter than standing under Article III." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006)).  Second, Plaintiffs must allege a substantive violation of the RICO statute. *Moss*, 719 F.2d at 17.  The SAC fails both burdens.

    *1.*    *Plaintiffs' RICO claims are barred by the statute of limitations.*

    Civil RICO has a four-year statute of limitations running from the date the plaintiff knew or should have known of the injury, not from discovery of the pattern of racketeering activity. *Rotella v. Wood*, 528 U.S. 549, 552 (2000).  Each Plaintiff alleges personal injuries of which they were presumably aware at the time the injuries occurred.  No injuries could have accrued after Epstein's arrest after July 6, 2019, which event put an end to Epstein's sex trafficking. (Docket, *United State v. Epstein*, No. 1:19-cr-00490-RMB (S.D.N.Y. Jul. 8, 2019)).  The latest plaintiffs or a class could conceivably file a claim under RICO would be July 6, 2023.  Plaintiffs

filed the first complaint on November 22, 2023.  All Plaintiffs' RICO claims fall outside the statute of limitations.

> 2. *Plaintiffs fail to establish RICO standing because they fail to allege injury to business or property.*

Plaintiffs cannot establish RICO standing because they allege only personal injuries (*see, e.g.*, SAC, ¶ 338), not injuries to business or property (i.e., economic injuries).  18 U.S.C. § 1964(c) (providing a civil right of action for those injured in their business or property by a RICO violation); *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 350, (2016) (noting that the RICO private right of action excludes personal injury claims); *Bascunan v. Elsaca*, 874 F.3d 806, 817 (2d Cir. 2017) (noting that a plaintiff cannot recover for personal injuries under RICO); *Goney v. SuttonPark Cap. LLC*, No. 22-1830, 2023 WL 8235019, at *1 (2d Cir. Nov. 28, 2023) (observing RICO "does not allow recovery for 'personal injuries' such as bodily harm or emotional distress.").

> 3. *Plaintiffs cannot establish a violation of a substantive RICO offense.*

To state a violation of 18 U.S.C § 1962, Plaintiffs must allege: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains and interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce."  *Moss*, 719 F.2d at 17.  Plaintiffs fail to allege nearly every one of these elements.

> a. <u>Plaintiffs fail to allege the existence of a RICO enterprise.</u>

The existence of an "enterprise" is the "*sine quo non* of a civil RICO claim."  *Heinrich v. Dean*, 655 F. Supp. 3d 184, 190 (S.D.N.Y. 2023).  There can be no RICO claim without a RICO enterprise.  *Id.*  Thus, many courts evaluate the existence of an enterprise before considering the other factors.  *Bisnow LLC v. Lopez-Pierre, No. 20CIV3441PAESLC*, 2022 WL 17540573, at *9

(S.D.N.Y. Nov. 2, 2022), *report and recommendation adopted*, No. 20CIV3441PAESLC, 2022 WL 17540349 (S.D.N.Y. Dec. 5, 2022) (collecting cases).

Plaintiffs purport to plead an association in fact enterprise.  (SAC, ¶ 272).  An enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct."  *United States v. Turkette*, 452 U.S. 576, 583 (1981).  A RICO association in fact "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."  *Id*.  Such an enterprise "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."  *Boyle v. United States*, 556 U.S. 938, 946 (2009).  A plaintiff must also plead an enterprise distinct from its members and the alleged predicate acts.  *First Capital Asset Mgmt., Inc. v. Satinwood*, 385 F.3d 159, 173 (2d Cir. 2004) (citing *Turkette*, 452 U.S. at 583 (1981).

First, Plaintiffs fail to "plead a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.'"  *Satinwood*, 385 F.3d at 174 (quoting *First Nationwide Bank v. Gelt Funding Corp.,* 820 F.Supp. 89, 98 (S.D.N.Y.1993).  The SAC offers "no plausible basis" to infer that the purported members of the alleged enterprise "acted 'on behalf of the *enterprise* as opposed to on behalf of [themselves] in their individual capacities, to advance their individual self-interests.'"  *D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 668 (2d Cir. 2014) (quoting *United Food & Comm. Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.,* 719 F.3d 849, 854 (7th Cir. 2013)) (emphasis and alterations in original).  This is fatal to Plaintiffs' RICO claim.  *Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289, 299 (E.D.N.Y. 2017) ("[F]ailing to allege that members of an association-in-fact enterprise shared a wrongful intent to violate RICO is fatal to an 18 U.S.C. §

1962(c) claim."); *see also D. Penguin Bros.*, 587 F. App'x at 667 (finding the complaint lacked any factual detail sufficient to allege a plausible common purpose among the RICO defendants); *Black v. Ganieva*, 619 F. Supp. 3d 309, 331 (S.D.N.Y. 2022) (holding a RICO enterprise requires a "common intent to violate RICO or to act unlawfully.").

Second, the SAC fails to allege any ascertainable structure.  It should be dismissed because the SAC contains no factual allegations allowing an inference of the existence of "an 'ongoing organization, formal or informal," or any 'evidence that the various associates' of the alleged enterprise functioned 'as a continuing unit.'"  *Satinwood*, 385 F.3d at 174.  The SAC lacks any facts at all concerning the relationships between the members, how they came to an agreement, how they knew each other, whether they acted to benefit each other, or any other consideration.  *Black*, 619 F. Supp. 3d at 334–35 (listing factors considered by courts when evaluating an enterprise's structure).  At best, the SAC alleges (mostly in conclusory fashion) that various defendants had agreements with Epstein and contains no allegations about the interpersonal relationships among the defendants.  *See Id.* ("[R]elationships among those associated with the enterprise" are essential structural features of a RICO association-in-fact." (quoting *Boyle*, 556 U.S. at 946).  It is well-settled law that the "rimless hub-and-spoke" structure alleged by the SAC cannot be classified as a RICO enterprise.  *D'Addario*, 901 F.3d at 101 (2d Cir. 2018).

Third, Plaintiffs fail to plead an enterprise distinct from Epstein or the purported racketeering conduct.  To the extent the SAC pleads anything concrete, it pleads actions taken by Epstein or on Epstein's behalf to forward Epstein's goals.  As pleaded, the alleged enterprise and Epstein are one and the same, and cannot be a RICO enterprise.  *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) ("[O]ne must allege and prove the existence of two

distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person referred to by a different name.').  Further, as alleged, the SAC does not plead a "coherent entity separate and apart from the alleged fraudulent scheme," itself a fatal flaw.  *D. Penguin Bros.*, 587 Fed. Appx. at 668.

        b.        <u>The SAC fails to allege any predicate acts.</u>

A RICO plaintiff must plead that the defendant committed at least two related predicate acts occurring within ten years of each other.  *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999).  Predicate acts must be pleaded in accordance with federal pleading standards.  *See Mackin v. Auberger*, 59 F. Supp. 3d 528, 553 (W.D.N.Y. 2014) (failure predicate act of bribery because the allegations fell "woefully short" of the pleading and "lack the factual support to constitute a sufficiently alleged predicate act.").

Plaintiffs allege "bribery" generally, but does not identify any particular bribery statute alleged to have been violated.  This is fatal in and of itself.  Plaintiffs also do not allege any specific act of bribery occurring in any given time, certainly not two in a ten-year period.  The SAC does not identify any meeting, any plausible action or non-action taken by Plaskett, much less in return for anything of value.  It is impossible to tell from the face of the SAC what wrongdoing the Congresswoman is alleged to have done.  The SAC should be dismissed because Plaintiffs fail to plead any predicate acts.

        c.        <u>Plaintiffs fail to allege a pattern of racketeering activity.</u>

Predicate acts must be related and demonstrate a pattern of racketeering activity.  This requires a showing of either open-ended or close-ended continuity.  Open-ended continuity does not apply because it requires a showing of a continued threat of criminal activity.  *Cofacredit,*

*S.A.*, 187 F.3d at 242.  Epstein is dead and there can be no plausible claim of a continuation of his enterprise.

To establish closed-ended continuity, the plaintiff must prove "a series of related predicates extending over a substantial period of time.  *DeFalco v. Bernas*, 244 F.3d 286, 321 (2d Cir. 2001) (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989)).  "The mere fact that predicate acts span two years is insufficient, without more, to support a finding of a closed-ended pattern."  *Satinwood*, 385 F.3d at 181.   Plaintiffs "'must provide some basis for a court to conclude that defendants' activities were neither isolated or sporadic.'"  *DeFalco*, 244 F.3d at 321 (quoting *GICC Capital Corp. v. Technology Finance Group, Inc.,* 67 F.3d 463, 467 (2d Cir.1995)).  "The relevant period, moreover, is the time during which RICO predicate activity occurred, not the time during which the underlying scheme operated or the underlying dispute took place."  *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008).

Plaintiffs have not alleged any specific RICO predicate act by Congresswoman Plaskett and cannot show a pattern of predicate acts.  Plaintiffs cannot establish a pattern of racketeering activity sufficient to sustain a RICO claim.

> d.    Plaintiffs fail to allege that the Congresswoman invested in, maintained an interest in, or participated in a RICO enterprise.

Plaintiffs fail to allege that Congresswoman Plaskett participated in any RICO enterprise. To participate in a RICO enterprise, a defendant must "participate in the operation or management of the enterprise itself."  *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).  That means a defendant must exercise some discretion or have some role in directing the affairs of the enterprise.  *W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, No. 03 CIV. 8606RWS, 2004 WL 2187069, at *13-14 (S.D.N.Y. Sept. 29, 2004) (and collecting cases).   Providing

goods and services to an enterprise or undertaking necessary and helpful tasks does not satisfy

the operation or management test.   *United States Fire Ins. Co. v. United Limousine Serv., Inc.*,

303 F. Supp. 2d 432, 451–52 (S.D.N.Y. 2004).

  The SAC contains no allegations permitting an inference that Congresswoman Plaskett

exercised any control, discretionary authority, or management of the enterprise.   There are also

no allegations that Congresswoman Plaskett made any investment in or maintained an interest in

any organization with Epstein, illicit or otherwise.

  **C.**  **Plaintiffs fail to allege a RICO conspiracy.**

  First, Plaintiff's claim for RICO conspiracy fails because Plaintiffs fail to plead a

substantive RICO violation.   *Zamora v. FIT Int'l Grp. Corp.*, 834 F. App'x 622, 626 (2d Cir.

2020) ("Plaintiffs' failure to a claim for a substantive RICO violation is fatal to their RICO

conspiracy claim. . .").   Plaintiff must also plead that the Congresswoman "knew about and

agreed to facilitate at pattern of racketeering activity."   *Black*, 619 F. Supp. 3d at 330.   At the

very least, this requires a showing that there was an agreement to commit predicate acts, because

"the core of a RICO civil conspiracy is an agreement to commit predicate acts."   *Hecht v. Com.*

*Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990).   Plaintiffs must thus establish that the

defendant "agreed to participate in the affairs of the enterprise through a pattern of racketeering

activity. . .which, if completed, would satisfy the elements of the substantive RICO statute."

*Black*, 619 F. Supp. 3d at 329-30.   This requires a showing of: '(1) an agreement to join the

conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; [and] (3) that the

co-conspirator knowingly participated in the same.'"   *Id.* at 348 (quoting *Valenti v. Penn Mutual*

*Life Ins.*, 850 F. Supp. 2d 445, 450–51 (S.D.N.Y. 2012)).   No allegations in the SAC support

such an inference.   Further, because the RICO conspiracy claim is "entirely derivative of [the]

allegations of a substantive RICO violation," the claim should be dismissed.   *Id.*

IV.    **COUNT FIVE SHOULD BE DISMISSED BECAUSE THE SAC FAILS TO STATE THE EXISTENCE OF A LEGAL DUTY.**

Negligence requires a showing of: 1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff." *Robbins v. Port of $ale, Inc.*, No. ST-12-CV-90, 2018 WL 5024920, at *4 (V.I. Super. Oct. 10, 2018) (citing *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (V.I. 2014)); *see also David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290, 305 (S.D.N.Y. 2019) (citing the elements of a negligence claim in New York as "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom."). Plaintiffs also fail to allege any injury within the two-year statute of limitations for negligence. 5 V.I.C. § 31.

Plaintiffs allege no legal duty by the Congresswoman to the Plaintiffs. She had no authority over the United States Coast Guard or United States Customs Official, both under the auspices of the Department of Homeland Security. She never had any authority over air traffic controllers, who are under the control of the Federal Aviation Administration. She never had any authority over the privately employed baggage handlers. And, she certainly was never in a position to have supervisory authority over the police. Of course, Plaintiffs have not offered any concrete allegations of anything done by the Congresswoman even approximating a breach. Count Five should be dismissed.

<u>**CONCLUSION**</u>

Plaintiffs conclusory SAC contains no concrete factual allegation that supports any of their claims. Even with conclusory allegations, most of the claims fail as a matter law under incontrovertible precedent. The SAC lacks any legal merit, is wholly frivolous, and should be dismissed in its entirety.

Dated: June 27, 2024

New York, New York

**DUANE MORRIS, LLP**

  /s/ Eric R. Breslin
Eric R. Breslin
Melissa S. Geller
1540 Broadway
New York, NY 10036-4086
(212) 212-692-1000
erbreslin@duanemorris.com
msgeller@duanemorris.com
*Attorneys for Congresswoman Stacey Plaskett*