*Jane Doe 1, et al. v. Gov't of the U.S. Virgin Islands, et al.*
1:23-cv-10301-AS

**Defendant Congresswoman Stacey Plaskett's Rule 8(G) Chart**
**<u>Elements of Each Claim Not Plausibly Alleged</u>**

**III.A         COUNTS I - III: VIOLATIONS OF THE TVPA**

<u>Time-based motions for failure to state a claim</u>:

- All allegations of injuries accruing prior to the passage of the TVPA on December 19, 2003. *Velez v. Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012)

- Allegations falling outside the TVPA's 10-year statute of limitations. 18 U.S.C. § 1595(c)(1).
  *First complaint filed on November 22, 2023

    o   Plaintiff Jane Doe 1 (for injury alleged between 2001 – Nov. 21, 2013)
    o   Plaintiff Jane Doe 4 (injury alleged between 2001 – 2009)
    o   Plaintiff Jane Doe 5 (injury alleged between 2001 – 2009)
    o   Plaintiff Jane Doe 6 (injury alleged in 2004).
    o   Class allegations accruing prior to November 22, 2013.

| Count I: Failure to state a beneficiary claim under the TVPA: ||
|---|---|
| **Elements** | **12(b)(6) Motion for Failure to Plausibly Allege Elements** |
| Defendant knowingly received a benefit or something of value | |
| From participating in a sex trafficking venture | Failure to allege any non-conclusory facts suggesting participation in a sex trafficking venture |
| That the defendant knew or should have known was engaged in a violation of the TVPA | Failure to allege any facts giving rise to an inference that the defendant knew or should have known of a sex trafficking venture. |

(Elements from *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 152–53 (E.D.N.Y. 2020) (quoting *A.C. v. Red Roof Inns, Inc.*, 2020 WL 3256261, at *4 (S.D. Ohio June 16, 2020)).

*Jane Doe 1, et al. v. Gov't of the U.S. Virgin Islands, et al.*
1:23-cv-10301-AS

| Count II: Failure to allege elements of conspiracy to violate the TVPA ||
| Elements | 12(b)(6) Motion for Failure to Plausibly Allege Elements |
|---|---|
| The Defendant agrees to enter into a joint enterprise; | No facts alleged that support an agreement to join an enterprise. |
| With consciousness of the general nature and extent of the joint enterprise | No facts alleged that Congresswoman Plaskett had knowledge of Epstein's sex trafficking operation. |

(Elements from *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 412 (S.D.N.Y. 2023)).

| Count III: Failure to allege elements of obstruction of enforcement of the TVPA ||
| Elements | 12(b)(6) Motion for Failure to Plausibly Allege Elements |
|---|---|
| Knowledge of an effort to enforce the TVPA | No allegations of knowledge of an ongoing or contemplated effort to enforce the TVPA. |
| An intentional action to obstruct or attempt to obstruct enforcement | No allegation of any action taken to impede any ongoing or contemplated effort to enforce the TVPA. |

(Elements from *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 409 (S.D.N.Y. 2023)).

**III.B, C            COUNT IV: RICO**

Time-based motions for failure to state a claim

- Failure to allege any claim accruing within the four-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 552 (2000).

Failure to allege a RICO standing by showing a RICO injury
- Failure to allege economic injury (i.e., injury to business or property). 18 U.S.C. § 1964(c); *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 350, (2016)

*Jane Doe 1, et al. v. Gov't of the U.S. Virgin Islands, et al.*
1:23-cv-10301-AS

| **Failure to plead a substantive RICO violation** ||
| **Elements** | **12(b)(6) Motion for Failure to Plausibly Allege Elements** |
| --- | --- |
| The existence of a RICO enterprise | Failure to allege an organization with a common purpose outside of the individual actors' own self-interest; <br><br> Failure to allege any relationships between the participants of the purported enterprise; <br><br> Failure to allege the existence of a continuing unit distinct from the alleged illegal acts; <br><br> Failure to allege the existence of a continuing unit distinct from Jeffrey Epstein. |
| The defendant invests in, maintains an interest in, or participates in a RICO enterprise | Failure to allege any facts suggesting an investment or interest in a RICO enterprise; <br><br> Failure to allege participation by showing management or control of an enterprise. |
| The defendant commits two or more predicate acts | Failure to identify any statutory predicate act; <br><br> Failure to allege the elements of any identifiable predicate act; <br><br> Failure to allege two predicate acts occurring with a 10-year time-period. |
| In a pattern of racketeering activity | Failure to allege any related predicates by the defendant or the enterprise; <br><br> Failure to state facts sufficient to find open-ended continuity, specifically the threat of continuing illegal activity; <br><br> Failure to allege close-ended continuity (related predicate acts extending over a substantial period of time). |
| The activities of the enterprise affect interstate commerce | |

(*See* Elements of a RICO claim from *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17)(2d Cir. 1983).

*Jane Doe 1, et al. v. Gov't of the U.S. Virgin Islands, et al.*
1:23-cv-10301-AS

| Failure to allege RICO Conspiracy ||
|---|---|
| **Elements** | **12(b)(6) Motion for Failure to Plausibly Allege Elements** |
| Defendant's knowledge of an agreement to engage in a pattern of racketeering activity; | Failure to assert facts supporting an inference that the defendant had knowledge of any sex trafficking ring or other racketeering activity. |
| Agreement by the defendant to commit predicate acts; | No non-conclusory allegations of any agreement to commit predicate acts;<br><br>Failure to identify or plead any specific predicate act. |
| The completion of which would result in a substantive violation of the RICO statute; | Failure to plead the existence of a substantive RICO violation. |
| Knowing participation in the conspiracy by the defendant. | Failure to plead non-conclusory facts that would support an inference of knowing participation in a RICO conspiracy. |

(Elements from *Black v. Ganieva*, 619 F. Supp. 3d 309, 329 (S.D.N.Y. 2022), aff'd, No. 22-1524-CV, 2023 WL 2317173 (2d Cir. Mar. 2, 2023).

IV.     **COUNT IV: NEGLIGENCE**

Time-based motions for failure to state a claim

- Failure to allege any claim accruing within the two-year statute of limitations. 5 V.I.C. § 31.

| Failure to allege any elements of Negligence ||
|---|---|
| **Elements** | **12(b)(6) Motion for Failure to Plausibly Allege Elements** |
| A duty owed to the plaintiff; | No legal duty alleged; |
| A breach of the duty; | No breach of any legal duty alleged; |
| Resulting in injury proximately caused by the breach; | No injury alleged that was proximately caused by the breach of a legal duty. |

(Elements from *David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290, 305 (S.D.N.Y. 2019)).