UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————————X

JANE DOE 1, individually, and on behalf of all others similarly situated, JANE DOE 2, individually and on behalf of all others similarly situated, JANE DOE 3, individually and on behalf of all others similarly situated, JANE DOE 4, individually and on behalf of all others similarly situated and JANE DOE 5, individually and on behalf of all others similarly situated,

      Plaintiffs,

   vs.

GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, FIRST LADY CECILE DE JONGH, GOVERNOR KENNETH MAPP, SENATOR CELESTINO WHITE, ATTORNEY GENERAL VINCENT FRAZER, GOVERNOR JOHN DE JONGH, SENATOR CARLTON DOWE, DELEGATE STACEY PLASKETT, and JOHN DOES 1-100,

      Defendants.

—————————————————————————————X

№.: 1:23-cv-10301-AS

# MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION [ECF # 148] TO GOV. JOHN DE JONGH'S MOTION TO DISMISS



Cevallos & Wong LLP
Daniel L. Cevallos, Esq.
917.699.5008
Danny@CevallosWong.com
www.CevallosWong.com

The Cattie Law Firm, P.C.
David J. Cattie, Esq.
1710 Kongens Gade
St. Thomas, USVI, 00802
David.Cattie@Cattie-Law.com
www.Cattie-Law.com
Phone: 340.775.1200
Admitted Pro Hac Vice [ECF #21]

*Attorneys for Governor John de Jongh, Jr.*

Defendant Governor John de Jongh ("JdJ") hereby submits his Reply ("Reply") to the Plaintiffs Jane Does 1-5 (hereinafter "plaintiffs") Memorandum in Opposition (hereinafter "Opp" ECF # 148 and Exhibits A-S, ECF ## 148-1 through 20) to JdJ's Motion (ECF # 120, hereinafter JdJ's "Motion") to dismiss, transfer from New York (state of New York hereinafter abbreviated, including in citations, to "NY" due to page limitations) to the District Court of the Virgin Islands (hereinafter "DVI") in the United States Virgin Islands (hereinafter "USVI"), strike the Second Amended Complaint (ECF # 112, "SAC"), together with the record in this case, and incorporating all arguments contained in other defendants' replies to the extent they apply to JdJ, and in support of the Motion [ECF # 112], states:

## TABLE OF CONTENTS

**Plaintiffs Circumvent Page Limitations; Assert New Facts**......................................................... 1

**Reply to Plaintiffs' Preliminary Statement** .................................................................................. 1

**I. JdJ Could Not Reply to Mooted Opp. (Ex. O)**........................................................................ 2

**II. Reply to Plaintiffs' Attempt to Justify 82-Page SAC**............................................................. 3

**III. Reply to Subject Matter Jurisdiction Argument**................................................................... 4

**IV. Reply to Plaintiffs' Personal Jurisdiction Argument**........................................................... 4

    *B. Specific Jurisdiction*........................................................................................................ 5

    *C. NY's Long Arm Statute, CPLR §302* ............................................................................ 6

**V. Venue Not Properly Pleaded**................................................................................................... 7

    *Including Doe Defendants, Vast Majority (94%) of Parties in USVI* .................................. 8

**VII. VITCA's Notice of Claim Requirements** ............................................................................ 9

**VIII. NY Law Does Not Apply; JdJ is Immune** ......................................................................... 9

**XI. Insufficient Allegations vs. JdJ**............................................................................................. 9

    *A. Group Pleading Not Always Improper, but SAC's Group Pleading Is* ............................ 9

    *B. SOL; No Continuing Violation Theory; Uncertain if Abuse Post-2003* ......................... 10

**Affirmation of Service** .............................................................................................................. 11

**Affirmation of Compliance w/ Page Limits & Formatting** ...................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Bensky v Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819 [SDNY Aug. 5, 2024] .................................................................................................................. 10

*Daniel v Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-33 [2d Cir. 2005] ................................ 8

*Doe 1 v Apple*, 96 F.4th 403 [D.C. Cir. 2024] ................................................................ 4

*Fanelli v Latman*, 202 A.D.3d 758 [2d Dept. 2022] ........................................................ 5

*Fogel v Wal-Mart de Mexico SAB de CV*, No. 13 CIV. 2282 (KPF), 2017 WL 751155 [SDNY Feb. 27, 2017], *aff'd sub nom. Fogel v Vega*, 759 F.App'x 18 [2d Cir. 2018], *and aff'd sub nom. Fogel v Vega*, 759 F.App'x 18 [2d Cir. 2018] .................................................................. 1

*Goodyear v Brown*, 564 U.S. 915 [2011] ..................................................................... 5

*Holland v Mercy Health*, No. 3:18-CV-490-JGC, 2021 WL 4391220 [N.D. Ohio Sept. 23, 2021], *aff'd*, No. 21-3980, 2022 WL 2783886 [6th Cir. July 15, 2022] ............................................................................ 3

*Image Processing Techs., LLC v Canon Inc.*, No. CV103867SJFETB, 2012 WL 13175625 [EDNY Dec. 13, 2012] ............................................................... 1

*In re Crysen/Montenay Energy Co.*, 226 F.3d 160 [2d Cir. 2000] ................................................. 2

*James v City of Rochester*, 673 F.Supp.3d 279 [WDNY 2023] ...................................................... 9

*Jeffers v Goord*, No. 9:99 CV 0335 FJS/GHL, 2005 WL 928628 [NDNY Apr. 4, 2005], *report and recommendation adopted sub nom. Jeffers v Doe*, No. 9:99CV335(FJS/GHL), 2005 WL 2240686 [NDNY Sept. 13, 2005] ............................................................................................ 8

*Kreutter v McFadden Oil Corp.*, 71 NY2d 460 [NY 1988] ............................................................. 6

*Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 984 N.E.2d 893 [2012] ................................... 7

*MacDermid, Inc. v Canciani*, 525 F.App'x 8 [2d Cir. 2013] ........................................................... 7

*Murphy v Argo Blockchain PLC*, 683 F.Supp.3d 211 [EDNY 2023] ............................................. 3

*Outerbridge v City of NY*, No. 13 CIV. 5459 (AT), 2015 WL 5813387 [SDNY Sept. 30, 2015] .................................................................................................................. 6

*Pettaway v Nat'l Recovery Sols., LLC*, 955 F.3d 299 [2d Cir. 2020] ............................................ 3

*Reich v Lopez*, 38 F.Supp.3d 436 [SDNY 2014] ........................................................................... 4

*Strauss v Crédit Lyonnais, S.A.*, 175 F.Supp.3d 3 [EDNY 2016] ................................................. 7

*Targum v Citrin Cooperman & Co., LLP*, 12 Civ. 6909(SAS), 2013 WL 6087400 [SDNY Nov. 19, 2013] ..................................................................................... 4

*U.S. v Glauning*, 211 F.3d 1085 [8th Cir.2000] ............................................................................. 1

*U.S. v Lilly*, 810 F.3d 1205 [10th Cir. 2016] ................................................................................. 1

*Volunteer Fire Ass'n of Tappan, Inc. v Cnty. of Rockland*, No. 09-CV-4622, 2010 WL 4968247 [SDNY Nov. 24, 2010] ............................................................. 1

**Statutes**

42 U.S. Code § 1983 ............................................................................................................... 9

CPLR 302.................................................................................................................................. 7

**PLAINTIFFS CIRCUMVENT PAGE LIMITATIONS; ASSERT NEW FACTS**

In addition to their already excessive 82-page Opposition (ECF # 148), Plaintiffs attach a second memorandum of law (Ex. O, *480* pp. ECF # 148-16) and excessive exhibits (Exhs. 1-20, *1,136* pages total, 31.8 MB). Plaintiffs heavily incorporate and "rely on their opposition to the first motion. (Ex. O)." Opp. 8, 81, 83 (incorporating argument). Ex. O and the other "exhibits are improper attempts to circumvent the Court's…page limit for memoranda of law." *Image v Canon*, 2012 WL 13175625, *13 [EDNY 2012]. "Th[is] Court certainly has the authority to strike exhibits and pages that are attached to circumvent its page limits." *Fogel v Wal-Mart*, 2017 WL 751155, *18 [SDNY 2017]. Plaintiffs have also raised new facts in their 1,136 pages of opposition. New facts alleged for the first time to oppose a motion to dismiss are not generally considered when evaluating a complaint's sufficiency. *VFA Tappan v Rockland*, 2010 WL 4968247, *5 [SDNY 2010].

**REPLY TO PLAINTIFFS' PRELIMINARY STATEMENT**

Plaintiffs' Preliminary Statement (Opp. 1) unintentionally *supports* JdJ's argument for dismissal: (1) It admits that the alleged "sexual[] abuse, assault and rape [of] dozens of women [occurred only] in the USVI," Opp. p.1, ¶ 1, and not NY. (2) Plaintiffs commit to their untenable theory: that "Epstein was only able to parade his victims through USVI airport, without passing through customs…because USVI government and certain officials allowed Epstein to do so…" Opp. at 1. First, plaintiffs still do not specifically identify whether JdJ is the "USVI government" or one of these "certain officials." Second, as a matter of law, JdJ, as governor of the USVI, could not dictate federal agency policy. *U.S. v Glauning*, 211 F.3d 1085, 1087 [8th Cir.2000] ("[S]tate and local government officials have no power to bind the federal government."). *U.S. v Lilly*, 810 F.3d 1205, 1212 [10th Cir. 2016]. (3) Even if "USVI filed an action in this Court,"

1

(Opp. 1) this does not bind JdJ or establish jurisdiction or venue over him. (4) Even if "[t]he hub of *Epstein's* sex trafficking venture was [allegedly] in NY," (*Id.*) the plaintiffs' allegations are about *Epstein*, and people that are not identified as JdJ: Epstein had a "mansion in NY." Opp. 2. Epstein "solicited affluent male predators, often New Yorkers, to pay to abuse young women in a completely protected environment." Opp. 2. The "male predators" is not JdJ or the defendants. Plaintiffs allege that in NY *Epstein* "solicited the young women who would become his victims…" Again, the "young women" and "victims" is a "worldwide" group, not necessarily including the plaintiffs. It is *Epstein* who "owned, maintained,…stored his primary means of transportation -- aircraft." *Id*. No defendant is alleged to have owned an aircraft in NY. *Epstein* "maintained his bank accounts [in NY] from which he received payment from the NY predators to fund the venture." *Id*. Those "predators" do not include JdJ.  (5) Plaintiffs base much of their jurisdiction and venue argument on the allegation that defendant USVI "sued JP Morgan in this same courthouse." *Id*., 2. Defendant USVI is not the same as JdJ and these allegations do not establish jurisdiction or venue against JdJ.

## I. JdJ Could Not Reply to Mooted Opp. (Ex. O)

Plaintiffs first complain that they "filed a lengthy, detailed opposition to the first motions to dismiss," but "Defendants, on this second round, have almost completely ignored Plaintiffs' earlier opposition." Opp. I, 5-6, Exh. O. JdJ could not have responded to this Ex. O, because it is of no legal effect. On 5/9/2024, this Court granted plaintiffs' motion to amend the complaint, and, as a result, terminated the pending motions to dismiss. ECF ## 98, 100, 101 ("mooted"). "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay*, 226 F.3d 160, 162 [2d Cir. 2000]. This Court then properly denied the pending motions to dismiss as moot due to the amended pleading. *Pettaway v Nat'l Recovery*,

2

955 F.3d 299, 303–04 [2d Cir. 2020]. There was no "opposition" to address. The plaintiffs' 5/9/2024 opposition [ECF # 95] was an opposition to now-mooted motions to dismiss, and a since-amended complaint, which all have no legal effect now. JdJ *could not* have responded to the 5/9/2024 opposition. It exists only as a new filing (Ex. O). Plaintiffs also complain about being "sandbagged" by reply briefs, before the replies have been filed. "The purpose of the reply brief is to respond to arguments raised in opposition." *Murphy v Argo*, 683 F.Supp.3d 211, 220 [EDNY 2023]. That's what this Reply does. It is also disingenuous of the plaintiffs to complain that defendants are not replying *enough*, when JdJ properly adhered to the Court's 20-pages, and now 10-pages to reply to plaintiffs' 1,136 pages. Worst of all, though, instead of recognizing they are wrong, the plaintiffs "[c]avalierly accus[e] opposing counsel of sanctionable ethical misconduct, [which is] unacceptable conduct." *Holland v Mercy*, 2021 WL 4391220, *15 [N.D.Ohio 2021].

## II. REPLY TO PLAINTIFFS' ATTEMPT TO JUSTIFY 82-PAGE SAC

Plaintiffs defend the 82 pages of the SAC because it alleges "five causes of action against eight named, and *100 unnamed* [John Does 1-100]," Opp. II. The 100 Doe defendants do not require 82 pages of pleading. The *number* of Doe defendants is usually made up (as they were here) because they are unknown. Using this rationale, the plaintiffs could simply name a *thousand* John Doe defendants, and thereby justify a thousand-page complaint. They could not do this. Plaintiffs are also wrong when they insist that the SAC cannot be both (a) unnecessarily long, but also (b) fail to adequately state a claim. The SAC does just that by devoting dozens of pages to vague allegations about Epstein (who is not a party) and undefined "co-conspirators," "victims," and "abusers" who are scattered "worldwide." The SAC is both vague *and* excessively long.

### III. REPLY TO SUBJECT MATTER JURISDICTION ARGUMENT

Plaintiffs complain that JdJ "repeats his argument verbatim," (Opp., III) but JdJ has not "repeated" anything. As discussed above, the prior motions and opps are mooted. Plaintiffs cite to the D.C. Circuit's decision in *Doe 1 v Apple*, 96 F.4th 403, 408 [D.C. Cir. 2024], but *Doe 1* reiterates that plaintiffs "must separately demonstrate standing "for each claim ... and for each form of relief that is sought." *Id*. Parenthetically, in *Doe 1* plaintiffs failed to establish standing as to their "purely speculative" request for injunctive relief. *Id*. at 409. *Doe 1* also held that "[t]he chain of causation may not be attenuated,…or "result[ ] from the independent action of some third party not before the court…"

### IV. REPLY TO PLAINTIFFS' PERSONAL JURISDICTION ARGUMENT

Plaintiffs appear to cite to *Reich v Lopez*, 38 F.Supp.3d 436, 459 [SDNY 2014] (plaintiff's citation lacks the reporter volume #) to argue that "group pleadings [are] not improper." Opp. IV, 8. The *Reich* facts are very different from these facts. In *Reich*, there "[were] only three defendants named." *Id*. at 462. Here, there are *108* defendants, who are then lumped in with nonparties like Epstein and clients, predators, etc. *Reich* actually confirmed that "Plaintiffs should generally plead allegations in relation to each defendant." Moreover, these plaintiffs allege fraud. SAC, ¶¶ 64, 67, 131, 186, 197-199, 201, 231, 234, 255, 259. The *Reich* plaintiffs did not (other than an improperly pleaded RICO claim). *Id*. at 462. The *Reich* court actually confirmed that "in…cases [where] the plaintiff alleges fraud, th[ey] invoke[] [Fed.R.Civ.P.] 9(b)'s heightened pleading standard [which] require[s] even greater specificity." *Id*. Under *Reich*, this is a "scenario[] where group pleading leads to a lack of notice and therefore warrants dismissal…" *Id*. In fact, *Reich* cites *Targum v Citrin*, 2013 WL 6087400, *6 [SDNY 2013],

4

where "group pleading was an issue because the complaint referred to the multiple defendants in an inconsistent manner." *Id*., at 462-63.

### B. Specific Jurisdiction

Plaintiffs cite *Goodyear v Brown*, 564 U.S. 915, 919 [2011] to argue that "[s]pecific jurisdiction depends on '[an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Opp. 11. If true, there is no jurisdiction here. Looking at the SAC's specific jurisdiction allegations at ¶¶ 2-9, none of that conduct was subject to regulation by NY. The chart at ¶ 4 establishes that the defendants, the abuse, and Little St. James were all in USVI, and not subject to NY regulation. There is no specific allegation as to JdJ in ¶ 5 other than references to "John." Even if the Court assumed these refer to JdJ, there is nothing in ¶ 5 subject to NY regulation. The SAC admits no defendants were in NY, and all but one was in the USVI. There are no allegations as to JdJ in ¶ 6, but even the allegations against other defendants allege USVI conduct and not anything subject to NY regulation. The alleged "participations" and "benefits" in ¶ 7, p. 8 against JdJ do not allege any conduct that would have been subject to NY regulation. The main venue and jurisdictional allegations in ¶ 9(i- xviii) fail to allege conduct subject to NY regulation. Plaintiff then cites to *Fanelli v Latman*, 202 A.D.3d 758, 760 [2d Dept. 2022] arguing that "sufficient activities within the state can be met even though the defendant never enters NY" but only "so long as the defendant's activities [in NY] were purposeful." First, the SAC fails to allege that JdJ conducted sufficient NY activities. Second, even if JdJ's "activity" was in NY, the SAC fails to allege it was "purposeful." Indeed, the SAC alleges that the victims were located [SAC ¶ 63], and the abuse occurred [SAC ¶¶ 303-307] "*worldwide*." At best, when defendants "assisted" Epstein in his "worldwide" venture, they could not have specifically known they were "purposefully" directing activities to NY. Plaintiffs

5

also rely on news articles. Opp. 11. But these should be disregarded as inadmissible hearsay, especially at the motion to dismiss stage. *Outerbridge v City of NY*, 2015 WL 5813387, *4 [SDNY 2015].

### C. NY's Long Arm Statute, CPLR §302

The plaintiffs insist that "[NY] Courts have already held that the conduct pleaded here, soliciting wire transfers from NY bank accounts, confers jurisdiction." This is just not true, at least not in every case. Not every (or any) bank transaction confers jurisdiction in every case. Plaintiffs cite a 1988 state court case *Kreutter v McFadden*, 71 NY2d 460, 466 [NY]. But in *Kreutter*, the court found jurisdiction over a nonresident company when that company deliberately (a) used a NY company to secure the plaintiff's investment, (b) paid the NY company for its NY services, and the (c) received the balance of the invested funds directly from the NY company when it issued a check payable to the nonresident. Here, no defendant supervised or served as the "primary actor" or "representative" of a nonresident corporation transacting business in NY, unlike the "purposeful corporate acts" that took place in NY in *Kreutter*, at 470.

*[i] § 302(A)(1): Transacting Business:* Plaintiffs again assert that it is "black-letter law in the Second Circuit that directing the wiring or transmission of money from NY bank accounts establishes jurisdiction." Opp. 15. This is not always true. First, the cases plaintiffs cite here involve jurisdiction over (1) *banks* (not individuals) from (2) foreign *countries* (not U.S. residents); that are (3) maintaining corresponding accounts in NY banks; and (4) the defendant foreign banks are conducting significant transfers. They do not involve U.S. individuals subject to U.S. jurisdiction who happen to receive payment from a customer from a NY bank account. Plaintiffs' cases are distinguishable. Plaintiffs cite *Licci v LCB*, signaling that it is a Second

6

Circuit case and mandatory authority. Opp. 15 ("[2d Cir. 2012]"). But *Licci* is not a Second Circuit case. It is a *state* court case, at 20 NY3d 327 [2012] (though it was a question certified by the Circuit). In *Licci*, the state court concluded that a (1) *foreign* (country, not state) (2) *bank's* (3) *intentional* (4) *maintenance* of a correspondent NY account (5) "to effect '*dozens*' of wire transfers on behalf of a foreign client" was a "transaction of business" under CPLR 302(a)(1). 20 NY3d at 334, 341. Shortly after *Licci* was decided, the Second Circuit discussed it in *MacDermid v Canciani*, 525 F.App'x 8, 10–11 [2d Cir. 2013], and observed that "although a defendant's maintenance and use of an account in the forum state can in some circumstances amount to the transaction of business,…a defendant's "essentially adventitious" or "coincidental," rather than "purposeful" use of an in-state account does not give rise to personal jurisdiction. Plaintiffs cite to *Strauss v Crédit Lyonnais*, 175 F.Supp.3d 3 [EDNY 2016], another case involving a defendant French bank's deliberate transfers with a NY bank. And, in *Strauss*, "the nexus between Plaintiffs' claims and Defendant's NY conduct [wa]s premised on more than just the NY Transfers." *Id.*, 21. In *Strauss,* the key was the "foreign bank's *repeated* use of a correspondent account in NY on behalf of a client – in effect, a course of dealing…" *Id.* This was what "show[ed the foreign bank's] purposeful availment of NY's dependable and transparent banking system, the dollar as a stable and fungible currency, and the predictable jurisdictional and commercial law of NY and the U.S." That's not what happened in this case.

## V. VENUE NOT PROPERLY PLEADED

Plaintiffs advance nine specific points to support venue in NY. Opp. 32-33. Pts. 1-7 do not even mention JdJ, or any other defendant. *Id*. Pts. 1-7 describe NY conduct by Epstein, his "male clients," (not defendants), and "young girls" (maybe plaintiffs?). At Pt. 8 there is finally a reference to "defendants" as a group. But even then, Pt. 8 does not specify that JdJ did anything

7

in NY. In fact, the "sanctuary" defendants supposedly provided would have occurred from the USVI, not NY. Plaintiffs make vague, unsubstantiated references to Cecile de Jongh's "regularly communicat[ing] with [] Epstein in NY," Opp. at 30. But the SAC does not allege that (1) Cecile or (2) Epstein were *in* NY while communicating. When plaintiffs invoke "substantiality" under *Daniel v ABEM*, 428 F.3d 408, 432-33 [2d Cir. 2005] (Opp. 33), plaintiffs are trying to count acts *committed by other nonparties*, and not defendants.

Plaintiffs attempt to distinguish JdJ's cited cases "in which venue was transferred for convenience…In the cases [JdJ] cited, there was a dispute whether sex trafficking occurred at all." Opp., 35. Every defendant disputes the sex trafficking allegations in this case, too. This disputed/undisputed distinction does not exist. The cases cited by JdJ (ECF # 120-2, at V) support dismissal or transfer of this TVPRA case for improper/wrong venue.

Plaintiffs also appear to suggest that venue is not proper in the USVI in part because the *federal* district court there would be unsafe. Opp. 36. Plaintiffs' counsel's subjective belief now that a federal transferee court and judges might unsafe is unsupported by facts, and is unrelated to the sufficiency of the SAC's venue allegations.

*Including Doe Defendants, Vast Majority (94%) of Parties in USVI*

Plaintiffs plead that *all* 100 John Doe defendants are USVI residents. SAC ¶¶ 21, 24, 52-56. All 108 known and unknown defendants are residents of the USVI (except Plaskett, in D.C.). There are 114 total parties (108 defendants + 6 plaintiffs), of which 94% are located in the USVI, and 5% are in NY (with less than 1% in D.C.). The USVI is the proper venue for the majority of defendants. *Jeffers v Goord*, 2005 WL 928628, *10 [NDNY 2005] .

## VII. VITCA's Notice of Claim Requirements

Plaintiffs confidently insist that "VITCA's notice of claim requirements are preempted by the TVPRA." Opp. 39. But plaintiffs cite no court that has ever held this. The undersigned can This does not appear to be a statement of the law. It's the plaintiffs' own untested theory that they insist must be true—because they need it to be true for this case. Plaintiffs urge the Court to consider § 1983 cases as an analogy, but do not explain why § 1983 cases should be treated the same as TVPRA cases.

## VIII. NY Law Does Not Apply; JdJ is Immune

Plaintiffs cite to *James v Rochester*, 673 F.Supp.3d 279, 292-93 [WDNY 2023] (Opp. 44). But *James* is a § 1983 case, not a TVPRA case. Moreover, the alleged misconduct occurred in NY, so NY law was applied to state law claims.

## XI. Insufficient Allegations vs. JdJ

Plaintiffs accuse defendants of the "height of hypocrisy" for pointing out that plaintiffs' failure to make "detailed allegations when USVI has successfully shielded evidence from public view through broad protective orders and heavy-handed redactions." Opp. 52. The plaintiffs cannot argue that their allegations are sufficient because the defendants must be shielding something that would make the SAC's allegations sufficient.

### A. Group Pleading Not Always Improper, but SAC's Group Pleading Is

JdJ *agrees* with the plaintiffs that "group pleading is not *per se* improper." Opp. 52, XI. Probably every complaint at some point refers to the "defendants" in the collective. *This* SAC's group pleading *is* improper. In fact, the plaintiffs acknowledge part of JdJ's argument (that the "victims" are not "plaintiffs" and the "coconspirators" and predators are not always the defendants) (Opp. 53) but offer no explanation or justification. Even the lead case cited by

9

plaintiffs, *Gibson v Bartlett Dairy, Inc.*, recognizes that the "Second Circuit has held that lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" can preclude fair notice…" 2022 WL 784746, *7 [E.D.N.Y. 2022].

### B. SOL; No Continuing Violation Theory; Uncertain if Abuse Post-2003

Plaintiffs admit the SAC fails to provide Plaintiffs' ages. Opp. 54. Plaintiffs argue this doesn't matter because this "suit is brought under the ASA, requiring that Plaintiffs be adults at the time of the assaults…" That's JdJ's point: if a statute creates a requirement to bring suit and that requirement is not ascertainable from the SAC, then plaintiffs have failed to plead a cause of action. Plaintiffs also cite *Bensky v Indyke*, 2024 WL 3676819, *12 [SDNY 2024], but Judge Subramanian observed that a single act preserves a claim when the acts were part of a single pattern. The plaintiffs have not sufficiently pleaded a single pattern. Plaintiffs also accuse JdJ of "absurd…criticism that this lawsuit was belatedly filed…within 6 months of the public disclosure of deposition excerpts." But this is a mischaracterization of JdJ's argument. JdJ points out in his Motion that, in addition to the release of transcripts, "plaintiffs themselves allege they knew about the claims and the defendants when the alleged conduct occurred." ECF # 120-2 at 19.

Dated: *August 26, 2024*
        New York, New York

C&W CEVALLOS & WONG LLP

_____
Daniel L. Cevallos, Esq.
Cevallos & Wong LLP
61 Broadway, Suite 2220,
New York, NY 10006
Danny@CevallosWong.com

### The Cattie Law Firm, P.C.
David J. Cattie, Esq.
1710 Kongens Gade
St. Thomas, USVI, 00802

10

>David.Cattie@Cattie-Law.com
>www.Cattie-Law.com
>Phone: 340.775.1200
>Admitted Pro Hac Vice [ECF #21]
>
>*Attorneys for Governor John de Jongh, Jr.*

### AFFIRMATION OF SERVICE

I, Daniel L. Cevallos, Esq., declare under penalty of perjury that on the below date, I served a copy of the foregoing by e-filing the same on the SDNY's CM-ECF system, which will send a notice of electronic filing (NEF) to all parties who have appeared, including the plaintiffs:

>Jordan Rutsky, Esq.
>Kimberly Kramer, Esq.
>Annette Hasapidis, Esq.
>950 Third Avenue, 18th Floor
>New York, NY 10022
>Phone: (212) 603-9100
>Email: jmerson@mersonlaw.com;
>kkramer@mersonlaw.com;
>agh@hasapidislaw.com
>*Attorneys for the Plaintiffs*

Dated: *August 26, 2024*
    New York, New York

                                         C&W CEVALLOS & WONG LLP

                                         Daniel L. Cevallos, Esq.

**AFFIRMATION OF COMPLIANCE W/ PAGE LIMITS & FORMATTING**

The undersigned hereby confirms that the attached Reply Memorandum of Law complies with Judge Subramanian's Individual Practices in Civil Cases, Rule 8(C), and **His Honor's Order ECF # 155**, granting an extension to ten pages. This Brief is 10 pages (excluding tables, captions, and signature lines). The attached papers also comply with Local Civil Rule 11.1.

Dated: *August 26, 2024*
       New York, New York

                                        C&W CEVALLOS & WONG LLP

                                        _____
                                        Daniel L. Cevallos, Esq.