

**Merson Law, PLLC**
950 Third Avenue, 18th Floor
New York, NY 10022
212-603-9100
Facsimile 347-441-4171
www.mersonlaw.com
Please mail all correspondence to NY office

**Merson Law, PLLC**
Pennsylvania Office
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

September 26, 2024

**VIA PACER E-FILING**
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    **Re:**    *Jane Doe #1, et al. v. Government of the U.S. Virgin Islands, et al.*, 1:23-cv-10301-AS

Dear Judge Subramanian:

    Pursuant to the Court's Individual Practice Rule 4.D. and the Court's Notice of Initial Pretrial Conference, the Parties submit the following letter. Additionally, as described below, the Parties have been unable to reach agreement on a Proposed Case Management and Scheduling Order. Plaintiffs' proposed Order is attached hereto as Exhibit A.

    Plaintiffs bring this action pursuant to 18 U.S.C. § 1591, et seq.—the Trafficking Victim Protection Act ("TVPA")—and for negligence against the Defendants. As set forth in Plaintiffs' Second Amended Complaint and Opposition to Defendants' motions to dismiss, Plaintiffs allege that Defendants accepted money from Epstein's New York bank account in exchange for their participating, benefitting, and facilitating Epstein's sex trafficking venture by using their government authority and personal influence to provide a government-sanctioned sanctuary for wealthy men, travelling from New York, to engage in commercial sex acts with women traveling from New York and/or New York residents including, but not limited to, Plaintiffs.

    Defendants deny all allegations and have filed motions to dismiss based on a lack of personal jurisdiction, failure to lay proper venue, failure to state a TVPA claim, failure to state negligence claim, that the claims are barred by releases, and for other reasons. Defendants also argue that the Court lacks subject matter jurisdiction because the Government of the U.S. Virgin Islands and government officials have sovereign immunity. Given the jurisdictional motions and motions based on sovereign immunity, Defendants object to the execution of any merits or class discovery while the motions to dismiss are pending.

    Plaintiffs state that jurisdiction and venue are proper in this Court for the reasons set for in Plaintiffs' Opposition to Defendants' motions to dismiss and as set forth in the Second Amended Complaint: nearly all the tortious acts occurred within this District and Defendants requested and received substantial transactions from New York including large sums of money from Epstein's accounts, as well as through other fundraising and business activities in New York. This matter

has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for the claims brought under the TVPA and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for all other claims which arise out of the same nucleus of facts and involve the same parties. Venue is proper pursuant to 28 U.S. Code § 1391(b)(2) because nearly all the tortious acts occurred within this District. Defendants dispute jurisdiction and venue.

Defendants state that the Court lacks personal jurisdiction over all Defendants. None of the alleged tortious acts occurred in New York. The allegations against the Government—governmental decisions regarding the application of statutes and governmental functions—all occurred in the Virgin Islands. Plaintiffs' conclusory allegations that Defendants directed payment to Defendants from New York are refuted by the very documents on which Plaintiffs rely. And directing payments from New York to the USVI, even if taken as true, is not transacting business in New York. Venue, which is to be strictly construed, is also improper as Defendants' alleged acts or omissions occurred in the Virgin Islands.

There are no current deadlines, aside from the upcoming conference on September 30, 2024.

Defendants Stacey Plaskett, Governor John de Jongh, First Lady Cecile de Jongh, and the Government of the United States Virgin Islands have all filed motions to dismiss the Second Amended Complaint. Defendants Governor Kenneth Mapp, former Attorney General Vincent Frazer, and former Senators Carlton Dowe and Celestino White have joined in the defendant Government of the U.S. Virgin Island's motion to dismiss. Mr. Frazer filed an Answer.

The Government has directed Plaintiffs to certain materials produced in discovery that appeared on the public docket in the Government's prior suit against JP Morgan. No other discovery has been exchanged between parties to date.

There have been no settlement discussions to date. The parties briefly discussed resolution, but do not believe further settlement discussions would be fruitful at this time. The Parties also do not believe that alternative dispute resolution mechanisms would be appropriate at this time.

Plaintiffs propose a discovery schedule in accordance with Your Honor's Order, attached as Exhibit A. Defendants object to the same as set forth below.

Defendants submit that merits and class discovery should not commence until the jurisdictional motions are resolved. Further, Defendants dispute that the deadlines in the Order permit sufficient time for discovery a matter of this size and scope. It is unrealistic to expect that depositions can be completed by January 1, 2025, especially when: (1) Plaintiffs have proceeded anonymously and counsel have yet to disclose the identities of the plaintiffs; therefore Defendants

do not know what discovery has already been taken or will be needed; (2) Plaintiffs assert claims against a number of "Doe" defendants who will need to be identified and deposed assuming such allegations remain in the case; (3) the proposed discovery period includes both Thanksgiving and Christmas/Hannukah and therefore witness availability is likely to be limited. Moreover, the Parties will need to conduct class certification discovery in addition to the merits discovery referenced above.

Defendants therefore propose that the end of fact discovery be set for 8 months after a decision on the Motions to Dismiss.

We look forward to appearing before Your Honor on Monday, September 30, 2024. If the Court requires any further information on this matter prior to the conference, do not hesitate to contact me.

Respectfully Submitted,

/s/ Jordan K. Merson
Jordan K. Merson

/s/ Eric R. Breslin
Eric R. Breslin

/s/ David Ira Ackerman
David Ira Ackerman

/s/ Matthew G. Kaiser
Matthew G. Kaiser

/s/ Daniel Louis Cevallos
Daniel Louis Cevallos