# ENCLOSURE 1

O9U3DOEM

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   DOE 1, et al.,

4                    Plaintiffs,            New York, N.Y.

5              v.                           23 CV 10301 (AS)

6   GOVERNMENT OF THE UNITED
    STATES VIRGIN ISLANDS, et al.,
7
                     Defendants.
8
    ------------------------------x        Oral Argument
9
                                           September 30, 2024
10                                         4:00 p.m.

11  Before:

12                     HON. ARUN SUBRAMANIAN,

13                                         District Judge

14

15
                          APPEARANCES
16

17

18  MERSON LAW PLLC
         Attorneys for Plaintiffs
    BY:  JORDAN K. MERSON
19       ANNETTE G. HASAPIDIS
         KIMBERLY KRAMER
20       JENNIFER C. PLOTKIN

21

22  MOTLEY RICE
         Attorneys for Defendant Government of the USVI
    BY:  DAVID I. ACKERMAN
23                -and-
    OFFICE OF THE ATTORNEY GENERAL
24  CIVIL DIVISION
         Attorneys for Defendant Government of the USVI
25  BY:  VENETIA VELAZQUEZ

O9U3DOEM

1  will come quickly, so I don't think this will affect the

2  schedule.

3              THE COURT:  Is there any authority that a stay of

4  discovery is required, based on the assertion of sovereign

5  immunity as opposed to just being advisable or desired by your

6  client?

7              Because what I'll say is that, and I'll ask the

8  parties to just handle this as officers of the court, and I'm

9  sure just in the near term, there are things that you can work

10 out in terms of discovery that will be helpful to your efforts

11 to push discovery forward that don't involve actually

12 furnishing documents.  You can work out search terms, identify

13 custodians, have your initial 26(f) conference if you haven't

14 had that already.  Those are things you can get done in the

15 near term.

16             So Mr. Ackerman, to your point, those are easy lifts,

17 and I think consistent with the assertion of sovereign

18 immunity, if you get to a point where Mr. Merson or anyone on

19 his end is insisting on substantial discovery in the way of

20 document productions and the like, you can certainly make an

21 application to the Court at that time, and we'll try to adjust

22 things to make sure, to the extent that you would be free and

23 clear of this case, you're not at the same time trying to put

24 together voluminous discovery.

25             Does that make sense?