

1099 14th St. NW
8th Floor West
Washington, DC 20005
(202) 640-2850
www.kaiserlaw.com

aschmidt@kaiserlaw.com

December 12, 2024

**VIA CM/ECF Filing**
Honorable Arun Subramanian, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Court reiterates what it said at the September conference: Given the pending motions to dismiss, it may be inefficient for plaintiffs to push for substantial discovery, particularly depositions, at this point in the case. The Court urges the parties to work towards a resolution with this in mind. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 188.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: December 13, 2024

**RE:** *Jane Doe et al. v. Government of the U.S. Virgin Islands et al.*, 23-cv-10301

Dear Judge Subramanian,

On behalf of Cecile de Jongh, and pursuant to Local Rule 37.2 and Rule 5 of this Court's Individual Practices, I'm writing to request an informal conference about a stay of depositions until thirty (30) days after the Court has ruled on the pending motions to dismiss. Ms. de Jongh's motion (ECF No. 122)—which raises exactly the same issue the Court previously ruled on, and granted a motion to dismiss, in *Bensky v. Indyke*, 2024 WL 3676819, No. 24-cv-1204 (S.D.N.Y. Aug. 5, 2024)—particularly warrants staying depositions in this case.

**1. Background**

There are four motions to dismiss pending before the Court. At a hearing on those motions on September 30, 2024, the Court denied a stay of discovery but:

- Stated it anticipated a ruling on the motions to dismiss within sixty (60) days; and

- Encouraged the parties to take steps "that will be helpful to . . . to push discovery forward that don't involve actually furnishing documents," but if Plaintiffs "insist[ed] on substantial discovery," the defense should "make an application to the Court . . . to make sure, to the extent that you would be free and clear of this case, you're not at the same time trying to put together voluminous discovery."

Encl. No. 1 9/30/ Hr'g Tr. at 6. On November 15, 2024, approximately 45 days after the September 30 hearing, Plaintiffs served a Rule 30 Notice of Depositions, beginning with Ms. de Jongh's deposition for January 13, 2024. Encl. No. 2. Ms. de Jongh's motion to dismiss, and those of the other defendants, remain pending.

Undersigned counsel emailed Plaintiffs' counsel on December 10, 2024, stating objections to depositions pending resolution of the motions to dismiss, and requested a call pursuant to Rule 5 of the Court's Individual Practices to discuss the timing of depositions. Plaintiffs' counsel responded that they would agree to adjourn depositions only until February. Both parties ultimately agreed that the disagreement could not be resolved on a call because they are clearly at an impasse, and that seeking a ruling from the Court would be necessary. *See* Encl. 3 (emails between counsel).

### 2. Standard of Review

While "a motion to dismiss does not automatically stay discovery," *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citing *Brooks v. Macy's, Inc.,* 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing cases)), a district court "has considerable discretion to stay discovery" for good cause. *Hong Leong Fin.*, 297 F.R.D. at 72 (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)).

In deciding whether a motion for dismiss is good cause for a stay, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin.*, 297 F.R.D. at 72 (citing *Brooks,* 2010 WL 5297756, at *2). Courts in this District have differed on what "strength of the motion" means. Some have required the motion have "substantial grounds." *See, e.g., Hong Leong Fin.*, 297 F.R.D. at 72; *Spencer Trask Software and Info. Servs., LLC v. RPost Intern. Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Others have required it only "appear[] not to be unfounded in the law." *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (citation and internal quotation marks omitted); *see also Niv v. Hilton Hotels Corp.,* 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (same).

Finally, the Court must not permit unnecessary "merits discovery in a case over which the Court may lack subject matter jurisdiction." *Hong Leong Fin.*, 297 F.R.D. at 75 (citing *Filus v. Lot Polish Airlines,* 907 F.2d 1328, 1332 (2d Cir.1990)).

### 3. Argument

Depositions, at the very least,[1] should be stayed while the motions to dismiss are pending. First, all of the factors considered by other courts in this District warrant a stay. Second, a stay of depositions is plainly consistent with what the Court described would be appropriate while dispositive motions (particularly on jurisdictional arguments) are still pending.

#### a. Factors Considered by Other SDNY Courts Warrant Staying Depositions

All three of the factors considered by other courts in this District—breadth of discovery sought, resulting prejudice, and strength of the motion—warrant staying depositions, particularly the strength of Ms. de Jongh's motion, which is strong under any standard this Court may apply.

---

[1] Plaintiffs have not, to date, sought other substantial discovery. Ms. Jongh seeks only a stay of depositions at this stage, without prejudice to seek other relief that may become necessary.

- Breadth of discovery: Plaintiffs noticed seven party depositions within a nine-day timeframe. It would take an unduly burdensome amount of time to prepare for and attend these depositions, particularly since documents haven't even been served yet and holidays are approaching in the intervening weeks.

- Resulting prejudice: Depositions while the motions are still pending would be highly prejudicial, considering Plaintiffs' numerous claims against the numerous Defendants they seek to depose. Staying depositions also "avoid[s] the possibility that depositions may be sought more than once." *Leadenhall Cap. Partners LLP v. Wander*, No. 24-CV-3453 (JGK), 2024 WL 4904711, at *2 (S.D.N.Y. Nov. 26, 2024).

- Strength of the motion: Ms. de Jongh's motion to dismiss is extremely strong, particularly since Plaintiffs all executed extremely broad releases of claims against her—releases that had the same language this Court found barred claims against other defendants in *Bensky*. If Ms. de Jongh's motion were not strong enough to warrant a stay under this factor, it is difficult to imagine a motion that would be.

Moreover, all of the defendants have raised credible jurisdictional objections that are pending before the Court. *Hong Leong Fin.*, 297 F.R.D. at 75 (citing *Filus*, 907 F.2d at 1332). These objections, too, weigh against permitting any discovery on the merits until the Court has determined whether it has jurisdiction in this case.

### b. Staying Depositions Is Appropriate and Consistent with the Court's Ruling at the September 30, 2024 Hearing

Depositions—especially parties' depositions—are plainly substantial discovery, which the Court recognized would be improper while several defendants' motions to dismiss remain pending. *See* 9/30/24 Hr'g Tr. at 6. And, again, Ms. de Jongh in particular has a strong motion to dismiss. It would be unduly burdensome and highly prejudicial to compel her to prepare and sit for a Rule 30 deposition while the Court is still considering that motion, and for her counsel to undertake the necessary burden and expense of preparing for and traveling to attend all of the other defendants' Rule 30 depositions.[2]

I thank the Court for its attention to this matter.

Sincerely,

*Amelia Schmidt*

Amelia J. Schmidt (admitted *pro hac vice*)

*Counsel for Cecile de Jongh*

---

[2] Plaintiffs' counsel have noticed all depositions to take place in New York, which also would require both Ms. de Jongh (a U.S. Virgin Islands resident) and her D.C.-based counsel to travel.