

Admitted:
† New York
⌧ Pennsylvania
◆ New Jersey
☼ U.S. Virgin Islands
◊ Dist. Ct. of Puerto Rico

**Daniel Cevallos, Esquire**

O: 917.699.5008
F: 215.689.4375
Danny@CevallosWong.com
www.CevallosWong.com

January 31, 2025

Hon. Arun Subramanian
United States District Court
500 Pearl Street
New York, NY 10007

     Re: *Does 1-6 vs. Gov. John de Jongh [Jr.], et al.*, 1:23-cv-10301-AS

Dear Judge Subramanian:

     We represent defendant Gov. John de Jongh, Jr. ["JdJ"]. We respectfully submit this five-page letter brief (excluding tables of contents and authorities) pursuant to the Court's 1/24/2025 Order [ECF # 191] directing defendant to submit a letter solely addressing the below questions, assuming that the claims against some or all defendants are subject to dismissal on personal-jurisdiction grounds. Defendant JdJ also provides notice of joinder in all arguments submitted by other defendants to the extent that they are applicable to, and consistent with the arguments of, JdJ.

Table of Contents

**1. QUESTION: IS TRANSFER PREFERABLE TO DISMISSAL IF CLAIMS AGAINST MOST DEFENDANTS WOULD BE DISMISSED ON PERSONAL-JURISDICTION GROUNDS? ...............................................1**

   *§ 1406 Applies if Transferring to D.V.I., Not § 1404* ...............................................*1*

   *§ 1406: Transfer without Personal Jurisdiction is Only Appropriate if it is in the Interests of Justice* ...............................................*1*

      o Interests of Justice Analysis Supports Dismissal ...............................................1

      o Courts do not Reward Plaintiffs' Lack of Diligence ...............................................1

      o Court Can Consider SAC's Lack of Merits ...............................................1

      o Dismissal Instead of Transfer when Case "Doomed" ...............................................2

*a. QUESTION: WOULD ANY OF PLAINTIFFS' CLAIMS BE TIME-BARRED IF THE CLAIMS WERE DISMISSED ON PERSONAL JURISDICTION GROUNDS AND PLAINTIFFS SOUGHT TO REFILE IN ANOTHER DISTRICT, AND IF SO, WOULD TRANSFER ALLEVIATE THOSE CONCERNS?* ...............................................*2*

   **a-1. QUESTION: WOULD PLAINTIFFS' CLAIMS BE TIME-BARRED?** ...............................................2

   **a-2. QUESTION: IF TIME-BARRED, WOULD TRANSFER ALLEVIATE CONCERNS?** ...............................................3

      o SOL not a "Venue Quirk" or "Elusive Fact" that § 1406 was Designed to Excuse ...............................................3

**2. QUESTION: ARE VENUE AND PERSONAL JURISDICTION APPROPRIATE IN THE USVI?** ................................................................................................4

**3. QUESTION: ASSUMING THAT A TRANSFER TO THE D.V.I. IS WARRANTED, SHOULD TRANSFER BE UNDER 28 U.S.C. § 1404 OR § 1406?** ................................................................................................4

Table of Authorities

**Cases**

*Allen v. Indivior*, 2018 WL 3799905 [NDNY 2018] ................................................................ 2
*Anscombe Broadcasting v RJM*, 2004 WL 2491641 [WDNY 2004] ............................................ 1
*Arch v Ent. Spec. Ins.*, 2005 WL 696897 [SDNY 2005] ............................................................. 1
*Buchanan v Manley*, 145 F3d 386 [D.C.Cir. 1998] .................................................................. 1
*Coffey v Van Dorn*, 796 F.2d 217 [7th Cir. 1986] .................................................................... 1
*Cohen v S.A.C.*, 711 F.3d 353 [2d Cir. 2013] ........................................................................... 2
*Corke v Sameiet*, 572 F.2d 77 [2d Cir.1978] ............................................................................ 1
*Daniel v Am. Bd. of Emerg. Med.*, 428 F.3d 408 [2d Cir. 2005] ................................................ 2
*Doe 1 v Congreg. of Sacred Hearts*, 2023 WL 185496 [SDNY 2023] ........................................ 3
*Doe v Cotugno*, 2024 WL 4500994 [DNJ 2024] ..................................................................... 2
*Donner v Der Spiegel*, 2024 WL 4035215 [SDNY 2024] .......................................................... 3
*Ferens v. John Deere*, 494 U.S. 516 [1990] ............................................................................ 4
*Gerschel v Christensen*, 143 AD3d 555 [1st Dept. 2016] ......................................................... 3
*Gibbs v Cnty. of Del.*, 2015 WL 6150939 [D.Md. 2015] ........................................................... 2
*Hall v South Orange*, 89 F.Supp.2d 488 [SDNY 2000] ............................................................ 1
*In re Prosser*, 2022 WL 4392445 [Bankr DVI 2022], *affd*, 2024 WL 3412639 [DVI 2024] ................................................................................................ 3
*Krisko v Marvel Ent.*, 473 F.Supp.3d 288 [SDNY 2020] ....................................................... 3, 4
*Levin v Sarah Lawrence Coll.*, 2024 WL 4026966 [SDNY 2024] ............................................... 2
*Luctama v Knickerbocker*, 2020 WL 1503563 [SDNY 2020] .................................................... 2
*Murphy v Klein Tools*, 693 F.Supp. 982 [D.Kan. 1988] ........................................................... 1
*Phillips v Seiter*, 173 F.3d 609 [7th Cir. 1999] ..................................................................... 1, 2
*Reading v Sw. Airlines*, 2024 WL 4350740 [EDNY 2024] ..................................................... 3, 4
*Rijo v Am. Paradise Prop.*, 2018 WL 11277256 [V.I.Super. 2018] ............................................ 3
*Sanchez-Mercedes v BOP*, 453 F.Supp.3d 404 [D.D.C. 2020], *affd*, 2021 WL 2525679 [D.C.Cir. 2021] ................................................................................ 1
*Spar v Info. Resources*, 956 F.2d 392 [2d Cir.1992] ......................................................... 1, 3, 4
*Strickland v Hegedus*, 19-CV-6763L, 2022 WL 2306976 [WDNY 2022] ................................ 3, 4
*Van Zon v Powers*, 2006 WL 3706310 [SDNY 2006] .............................................................. 1
*Wolbach v Ziady*, 2018 U.S. Dist. LEXIS 126190 [WDNY 2018] .............................................. 4
*Zito v United Airlines*, 523 F.Supp.3d 377 [WDNY 2021] ........................................................ 4

**Statutes**

18 U.S.C. § 1595 ................................................................................................................ 2
28 U.S.C. § 1404 ................................................................................................................ 1
28 U.S.C. § 1406 ...................................................................................................... 1, 2, 3, 4
33 V.I.C. § 3401 ................................................................................................................. 3
48 U.S.C. § 1541 ................................................................................................................. 3
5 V.I.C. § 31 ....................................................................................................................... 3
CPLR § 214 ........................................................................................................................ 3
CPLR § 214-a ..................................................................................................................... 3
CPLR § 214-j ...................................................................................................................... 3



## 1. QUESTION: IS TRANSFER PREFERABLE TO DISMISSAL IF CLAIMS AGAINST MOST DEFENDANTS WOULD BE DISMISSED ON PERSONAL-JURISDICTION GROUNDS?

Dismissal is preferable to transfer.

### *§ 1406 Applies if Transferring to D.V.I., Not § 1404*

As discussed herein, only 28 U.S.C. § 1406 can apply to a transfer to the District of the Virgin Islands ["D.V.I."], and not 28 U.S.C. § 1404. First, the language of § 1404(d) prohibits using § 1404 to transfer specifically to the D.V.I. Second, "[t]ransfer of venue under [§] 1404(a)…is warranted 'only if venue is proper in both the court transferring the action [SDNY] and the court to which the action is transferred.'" *Van Zon v Powers*, 2006 WL 3706310, *2 [SDNY 2006] (*quoting Hall v South Orange*, 89 F.Supp.2d 488, 490 [SDNY 2000]). On the other hand, § "1406 applies only when [the original] venue is improper." *Arch v Ent. Spec. Ins.*, 2005 WL 696897, *9 [SDNY 2005]. Accordingly, only § 1406 transfer is discussed herein.

### *§ 1406: Transfer without Personal Jurisdiction is Only Appropriate if it is in the Interests of Justice*

It is true that even if this Court "lacks personal jurisdiction over the defendant[s]" it "has 'inherent' power to transfer the case," *but* it will transfer only "where transfer is 'in the interest of justice.'" *Anscombe Broadcasting v RJM*, 2004 WL 2491641, *9 [WDNY 2004] (*citing Corke v Sameiet*, 572 F.2d 77, 80 [2d Cir.1978]).

- Interests of Justice Analysis Supports Dismissal

"Upon determining that a transfer of venue could be ordered under § 1406(a), the question becomes whether the interests of justice point to ordering a transfer of venue or to dismissal of the action." *Id.*, *9 (*citing Corke*, 572 F.2d at 80). As discussed herein, the interests of justice point to a dismissal.

- Courts do not Reward Plaintiffs' Lack of Diligence

"[T]ransfer would not be in the interest of justice where it would reward a plaintiff for a lack of diligence in choosing a proper forum, such as where a non-diligent plaintiff files an action in an improper forum to avoid a statute of limitations defect through a venue transfer." *Anscombe*, 2004 WL 2491641, *10 (*citing Spar v Info. Resources*, 956 F.2d 392, 394–95 [2d Cir.1992]); *Irwin v Mahnke*, 2006 WL 691993 [D.Conn. 2006]. "The 'interest of justice' analysis is 'not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums.'" *Spar*, at 395 (*quoting Murphy v Klein Tools*, 693 F.Supp. 982, 988 [D.Kan. 1988] (*quoting Coffey v Van Dorn*, 796 F.2d 217, 221 [7th Cir. 1986]).

- Court Can Consider SAC's Lack of Merits

In assessing whether to transfer, "whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it." *Sanchez-Mercedes v BOP*, 453 F.Supp.3d 404, 418-19 [D.D.C. 2020], *affd*, 2021 WL 2525679 [D.C.Cir. 2021] (*citing Phillips v Seiter*, 173 F.3d 609, 610–11 [7th Cir. 1999]). Consistent with the Seventh Circuit's approach, the D.C. Circuit has affirmed dismissal under § 1406(a) when there are "substantive problems" with the plaintiff's claims. *Buchanan v Manley*, 145 F3d 386, 389 n.6 [D.C.Cir. 1998].



o Dismissal Instead of Transfer when Case "Doomed"

If plaintiffs' case has no chance of surviving transfer, "courts will not 'waste judicial resources by transferring a case that is clearly doomed.'" *Daniel v Am. Bd. of Emerg. Med.*, 428 F.3d 408, 436 [2d Cir. 2005] (*quoting Phillips*, at 610 [7th Cir. 1999]). "Because plaintiffs cannot state an actionable claim, it is not in the interest of justice to transfer the instant case to the [D.V.I.]. To do otherwise would 'raise false hopes and waste judicial resources.'" *Luctama v Knickerbocker*, 2020 WL 1503563, *5 [SDNY 2020] (*citing Allen v. Indivior*, 2018 WL 3799905, at *4 [NDNY 2018]). Some courts have held that "transfer under 28 U.S.C. § 1406(a) would not be in the interest of justice because the transferee court would likely dismiss under the [transferee] statute of limitations. Judicial efficiency would be much better served by a dismissal in this Court." *Gibbs v Cnty. of Del.*, 2015 WL 6150939, *3 [D.Md. 2015].

### a. QUESTION: WOULD ANY OF PLAINTIFFS' CLAIMS BE TIME-BARRED IF THE CLAIMS WERE DISMISSED ON PERSONAL JURISDICTION GROUNDS AND PLAINTIFFS SOUGHT TO REFILE IN ANOTHER DISTRICT, AND IF SO, WOULD TRANSFER ALLEVIATE THOSE CONCERNS?

It may be that only one of the plaintiffs' five causes of action (Count 5) has a statute of limitations ["SOL"] that could vary if the case is transferred. However, even if any of plaintiffs' claims are time-barred in another jurisdiction, under these facts, the Court's concerns are minimal. This is because the *plaintiffs* risked filing in New York, where they should have known venue and personal jurisdiction were lacking (indeed, it is evident from the SAC's allegations). Moreover, as discussed *infra*, a statute of limitations is not one of the "elusive facts" or "quirks" for which attorneys should be forgiven and rewarded with a § 1406 transfer. Plaintiffs' counsel is expected to diligently research venue, personal jurisdiction, and statutes of limitations periods before filing.

### a-1. QUESTION: WOULD PLAINTIFFS' CLAIMS BE TIME-BARRED?

Of the plaintiffs' five causes of action as alleged in the SAC, four (counts 1-4) may have the same (statutory) SOL periods whether they are brought in the Southern District, or the D.V.I. If counts 1-4 are time-barred, they are time-barred whether they are in the Southern District of New York, or the D.V.I. But Count 5, negligence, suffers from so many other defects, that being time-barred is only one of several reasons it will not survive—in either the D.V.I. or the Southern District.

**Counts 1-3 – TVPRA:** Counts 1-3 of the SAC alleged causes of action under the Trafficking Victims Protection Reauthorization Act ("TVPRA", SAC ¶ 191-259. The statute of limitations for civil claims under the TVPRA is ten years from the date "the cause of action [arises]" or when "the victim reaches 18 years of age," whether the case is in the in the Southern District (*Levin v Sarah Lawrence Coll.*, 2024 WL 4026966, *15 [SDNY 2024]) or the D.V.I. (*Doe v Cotugno*, 2024 WL 4500994, *2 [DNJ 2024]). 18 U.S.C. § 1595(c). If the plaintiffs' TVPRA claims are time-barred, they will be time-barred whether they are brought in the Southern District or the D.V.I.

**Count 4 – RICO:** Count 4 of the SAC alleges a civil RICO claim. SAC ¶¶ 260-299. "The statute of limitations for a civil RICO claim is four years" in SDNY. *Cohen v S.A.C.*, 711 F.3d 353, 361 [2d Cir. 2013]. It is four years in the D.V.I. *In re Prosser*, 2022 WL 4392445, *10



2

[Bankr DVI 2022], *affd*, 2024 WL 3412639 [DVI 2024]. If plaintiffs' RICO claims are time-barred, they are time barred whether they are brought in the Southern District or the D.V.I.

**Count 5 – Negligence:** Count 5 of the SAC alleges negligence. SAC ¶¶ 302-349. Pursuant to New York Civil Practice Law and Rules ("CPLR") § 214 and § 214-a, the statute of limitations for negligence is three years. *Gerschel v Christensen*, 143 AD3d 555, 556 [1st Dept. 2016]; CPLR § 214(5). The Virgin Islands statute of limitations for negligence is two years. 5 V.I.C. § 31(a)(5)(A); *Rijo v Am. Paradise Prop.*, 2018 WL 11277256, *3 [V.I.Super. 2018]. Plaintiffs also allege that their "action is also timely under New York's Adult Survivor's Act ["ASA"]…making this action timely under CPLR § 214-j." SAC ¶ 13.

However, the statute of limitations is only one of several reasons why plaintiffs' fifth cause of action for negligence is hopeless. First, as argued elsewhere, plaintiffs' failure to comply with the Virgin Islands Tort Claims Act ["VITCA"] notice requirements "dooms" the negligence claim. 33 V.I.C. § 3401 *et seq*. Second, sovereign immunity bars Plaintiffs' negligence claims, "dooming" them along with their other claims. 48 U.S.C. § 1541(b).

### a-2. QUESTION: IF TIME-BARRED, WOULD TRANSFER ALLEVIATE CONCERNS?

Concededly, courts frequently speak of transferring cases to alleviate the concerns of time-barred claims or other consequences of dismissal. *Donner v Der Spiegel*, 2024 WL 4035215, *10 [SDNY 2024] (quoting *Daniel*, 428 F.3d at 408). This case, however, represents a parallel principle recognized by both the Second Circuit and the Southern District: "if allowing a transfer would reward a plaintiff for a lack of diligence in choosing a proper forum, transfer is not in the interest of justice." *Doe 1 v Congreg. of Sacred Hearts*, 2023 WL 185496, *2 [SDNY 2023] [citations omitted, cleaned up]. The Second Circuit has long held that a plaintiff who knowingly files in the wrong district by failing to properly ascertain any bars to jurisdiction before filing should not be rewarded with a transfer if it is evident that such transfer would permit forum shopping. *Spar*, at 392.

> o *SOL not a "Venue Quirk" or "Elusive Fact" that § 1406 was Designed to Excuse*

It is true that "§ 1406 was enacted 'to avoid the injustice which has often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.'" *Strickland v Hegedus*, 2022 WL 2306976, *3 [WDNY 2022] (*citing Spar v Info. Resources*, 956 F.2d 392, 394 [2d Cir. 1992] (*quoting Goldlawr v Heiman*, 369 U.S. 463, 466 [1962]). But § "1406 was enacted to protect 'plaintiffs who were diligent in initiating suit from forfeiting their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known.'" *Reading v Sw. Airlines*, 2024 WL 4350740, *2 [EDNY 2024] (*quoting Krisko v Marvel Ent.*, 473 F.Supp.3d 288, 301 [SDNY 2020]).

The plaintiffs here were not diligent. Failing to file within the limitations period is *not* one of these "elusive facts," or "quirks" that the statute was designed to excuse. *Strickland*, 2022 WL 2306976, *3; *Spar*, 956 F.2d at 394. In this Circuit, "a statute of limitations is far from an elusive fact unknown to a reasonable plaintiff – our system virtually mandates that a responsible plaintiff be aware of applicable limitations periods." *Spar*, 945 F. 2d 392 at 394-395. "The Second Circuit has expressly disapproved the 'avoid[ance of] a statute of limitations through a [§ 1406] transfer of venue' as an unearned reward for plaintiffs who failed to conduct due diligence, holding that a "plaintiff's failure to shop diligently before the action's inception is no reason to allow [them] to



3

'bargain hunt' " by way of a § 1406(a) venue transfer." *Strickland*, 2022 WL 2306976, *3 (*quoting Spar*, 956 F.2d 392, 395 [2d Cir. 1992] (*citing Ferens v. John Deere*, 494 U.S. 516, 527 [1990]).

In *Reading*, the plaintiff failed to diligently research whether New York was the proper forum and lacked a good faith basis for filing in New York in the first place. Accordingly, "the "plaintiff…displayed a lack of diligence that the Court decline[d] to reward" with a transfer, deciding instead to dismiss the case. 2024 WL 4350740, *2. In *Reading*, it was "apparent from [the] complaint…that proper forum was not diligently researched." *Id*. Plaintiff failed to allege that New York was the proper forum and therefore, plaintiff "lack[ed] a good faith basis for filing this action in New York…Neither [defendant's proper] home forum, *nor the forum in which specific jurisdiction would lie*, is 'some elusive fact' rendered undiscernible due to complicating factors." *Id*. (*quoting Spar*, 956 F.2d at 394)." Ultimately, "[t]ransfer of venue [wa]s not in the interest of justice, and the request [wa]s denied [and the complaint was dismissed without prejudice]. *Id*. [emphasis added].

In *Wohlbach v Ziady*, a § 1406 transfer was not in the interests of justice, when plaintiff stated no colorable basis in the complaint for having brought an action in an improper venue in the first place, and thus failed to act diligently. 2018 U.S. Dist. LEXIS 126190 *11 [WDNY 2018]. In *Krisko*, the Southern District declined to transfer where due to plaintiff's lack of diligence because his "complaint cite[d] no facts stating a colorable basis for jurisdiction under NY's long-arm statute." 473 F.Supp.3d at 302.

In *Zito v United Airlines*, the Western District confronted a similar situation. It denied a § 1406 transfer, even though it could prevent plaintiff from timely refiling, because "[a]s the party commencing this litigation, Plaintiff had his choice of forum. Although Plaintiff was aware that the events giving rise to his claim occurred [in other states], he 'chose to file the Complaint in New York without providing any colorable basis for venue here." 523 F.Supp.3d 377, 389 [WDNY 2021]. Like *Reading* and *Zito*, plaintiffs' attorneys in this case had every opportunity to diligently research any of the forums where the case could have been brought. The SAC alleges that plaintiffs were "sexually abused, forced to engage in commercial sex acts, and trafficked by Epstein and his co-conspirators…in *NY, Florida, USVI, and around the world*." SAC ¶¶ 303-308; also ¶ 62. According to the SAC's own allegations, venue and personal jurisdiction were potentially available *anywhere*, not just in the United States, but "around the world." As in *Zito*, plaintiffs' counsel had their choice of forums. Also as in *Zito*, plaintiffs were aware that alleged events giving rise to their claims occurred in other states and the USVI, *because they alleged those other forums in their own SAC*.

## 2. QUESTION: ARE VENUE AND PERSONAL JURISDICTION APPROPRIATE IN THE USVI?

Defendant JdJ denies the SAC's allegations, and maintains that the SAC suffers from the other defects raised in JdJ's submissions to the Court. However, based on the allegations in the SAC, if venue and personal jurisdiction are appropriate anywhere, they have the best chance of being appropriate in the USVI.

## 3. QUESTION: ASSUMING THAT A TRANSFER TO THE D.V.I. IS WARRANTED, SHOULD TRANSFER BE UNDER 28 U.S.C. § 1404 OR § 1406?

As discussed above, only § 1406 is available to transfer the case to the D.V.I. Counsel for JdJ admittedly has previously cited to both statutes, but counsel recognizes now that for transfer



*specifically to the D.V.I.,* section 1404 is unavailable. It might be available for transfer to any of the other districts or jurisdictions "around the world" (other than NY) where the SAC alleges abuse and trafficking occurred. SAC ¶¶ 303-308; also ¶ 62. If the Court is considering transfer to the D.V.I., § 1406 is a viable option. Section 1404 is not.

By:_____
Daniel L. Cevallos

### AFFIRMATION OF SERVICE

The undersigned hereby affirms that on **January 31, 2025**, a copy of the foregoing was uploaded to the Court via CM-ECF, which will send a notice of electronic filing to all parties of record.

By:_____
Daniel L. Cevallos

