UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE 1, individually, and on behalf of all
others similarly situated, JANE DOE 2,
individually and on behalf of all others similarly
situated, JANE DOE 3, individually and on behalf
of all others similarly situated, JANE DOE 4, individually
 and on behalf of all others similarly situated,
JANE DOE 5, individually and on behalf of  all others
Similarly  situated, and JANE DOE 6, individually
and on behalf of all others similarly situated,

                Plaintiffs,                        **Civil Action No: 1:23-cv-10301-AS**

       v.

GOVERNMENT OF THE UNITED STATES VIRGIN
ISLANDS, FIRST LADY CECILE DE JONGH,
GOVERNOR KENNETH MAPP, SENATOR
CELESTINO WHITE, ATTORNEY GENERAL
VICENT FRAZER, GOVERNOR JOHN DE JONGH,
SENATOR CARTLTON DOWE, DELEGATE
STACEY PLASKETT, and JOHN DOES 1-100,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A
JUDGMENT PURSUANT TO FED. R. CIV. PROC. 54(b)**

                                        **MERSON LAW, PLLC**
                                            Jordan Merson
                                            Annette G. Hasapidis
                                            Kimberly Kramer
                                            Jennifer Plotkin
                                 950 Third Avenue, 18th Fl
                                 New York, NY  10022
                                  Telephone: (212) 603-9100
                                  Fax : (347)- 441-4171
                                  JMerson@MersonLaw.Com
                                  *kkramer@mersonlaw.com*
                                  *jplotkin@mersonlaw.com*
                                  *Counsel for Plaintiffs*

## TABLE OF CONTENTS

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A JUDGMENT PURSUANT TO FED. R. CIV. PROC. 54(B)** ................................................................................................................. 1

**TABLE OF CONTENTS** ............................................................................................................ 2

**TABLE OF AUTHORITIES** ...................................................................................................... 3

**PRELIMINARY STATEMENT AND RELEVANT PROCEDURAL HISTORY** ...................................... 1

    A.    BACKGROUND. .................................................................................................... 1

    B.    PROCEDURAL HISTORY. ........................................................................................ 2

**ARGUMENT** ............................................................................................................................ 4

    THIS COURT SHOULD CERTIFY AND ENTER A FINAL AND SEPARATE JUDGMENT IN THIS MATTER AS TO THE COURT'S MARCH 21, 2025 ORDER AND OPINION PURSUANT TO FED. R. CIV. PROC. 54(B). ....................... 4

**CONCLUSION** ........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
   106 F.3d 11 (2d Cir.1997) ................................................................................................. 5, 8
*Cullen v. Margiotta*,
   811 F.2d 698 (2d Cir.), cert. denied, 483 U.S. 1021 (1987) ................................................... 8
*Curtiss-Wright Corp. v. General Elec. Co.*,
   446 U.S. 1 (1980) ................................................................................................................. 4, 5
*Ginett v. Computer Task Group, Inc.*,
   962 F.2d 1085 (2d Cir. 1992) ............................................................................................... 4, 5
*Harriscom Svenska AB v. Harris Corp.*,
   947 F.2d 627 (2d Cir. 1991) ..................................................................................................... 2
*I.L.T.A., Inc. v. United Airlines, Inc.*,
   739 F.2d 82 (2d Cir. 1984) ....................................................................................................... 5
*New York v. AMRO Realty Corp.*,
   936 F.2d 1420 (2d Cir.1991) ................................................................................................ 5, 7
*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956) .................................................................................................................. 4
*Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*,
   505 F.3d 226 (2d Cir. 2007) ..................................................................................................... 6

**Rules**

Fed. R. Civ. Proc. 54(b) ............................................................................................................ 1, 3

**PRELIMINARY STATEMENT AND RELEVANT PROCEDURAL HISTORY**

**A.    Background.**

This case was commenced to obtain justice for Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, and Jane Doe 6, and other similarly situated women, for the brutal and horrific sex trafficking, sexual intimidation, and sexual abuse they suffered at the hands of Jeffrey Epstein and his associates in the U.S. Virgin Islands from and to New York, which was facilitated, enabled, and encouraged by the Defendants in this matter. Defendant U.S. Virgin Islands not only participated, benefited, and conspired in the sex trafficking operation that was allowed to hold Plaintiffs and other like women prisoner for a combined period of almost two decades, but brought suit in this Court to further financially benefit from Epstein's schemes, this time on the back of the survivors, to the tune of millions of dollars.

The issue that was extensively argued, and ultimately led to the dismissal, was personal jurisdiction over nearly all Defendants, due to allegedly insufficient ties to New York under law set by federal courts applying New York law.  This Court dismissed the claims against Cecile de Jongh on the grounds of the releases signed by Plaintiffs.  Specifically, on March 21, 2025, this Court dismissed all claims against all Defendants save one, Stacey Plaskett.  By that determination, this Court acknowledged that New York courts have not "weighed in on the precise question" whether conspiracy jurisdiction theory is available under New York's CPLR 302(a)(1).

As there are multiple parties and claims in this case and most Defendants have been dismissed from the case on a final determination, Plaintiffs move pursuant to Fed. R. Civ. Proc. 54(b) for a separate and final judgment on this Court's March 21, 2025 Order and Opinion dismissing all claims against Cecile de Jongh, the USVI, John de Jongh, Kenneth Mapp, Vincent Frazer, Celestino White, and Carlton Dowe, so that Plaintiffs may appeal the Order and Opinion.

1

As set forth herein, this case should be certified by this Court under Fed. R. Civ. Proc. 54(b) as more than one claim of relief has been presented in this action where multiple parties were involved; all claims have been dismissed against all parties but one; and entry of a final and separate judgment as to the dismissed parties will expedite litigation, save the current parties and the Court resources in the event that the Second Circuit (or New York Court of Appeals) resolve this issue differently than this court did. Indeed, the issue has never been resolved by either the Second Circuit or New York state courts. Given the novelty of this unresolved issue, Plaintiffs submit that the requested relief is proper.

Thus, while this Court's Order and Opinion is not a final judgment in this matter, Plaintiffs respectfully submit that it should be certified as one pursuant Fed. R. Civ. P. 54, which provides an express exception "to the general principle that a final judgment is proper only after all claims have been adjudicated." *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir. 1991).

**B.     Procedural History.**

This matter commenced on November 22, 2023 by filing of the Complaint. The claims in this matter were brought pursuant to the Adult Survivor's Act and the Trafficking Victims Protection Reauthorization Act. On January 21, 2024, Defendant John de Jongh filed the first motion to dismiss in this matter. *See* Doc. No. 31. On March 8, 2024, the defendants U.S. Virgin Islands, Vincent Frazer, and Kenneth Mapp filed their motion to dismiss the complaint. *See* Doc. No. 67. On March 15, 2024, defendant Cecile de Jongh filed her motion to dismiss. *See* Doc. No. 72. On March 28, 2024, defendant Stacey Plaskett filed her motion to dismiss. *See* Doc. No. 77.

Plaintiffs opposed the motion on March 8, 2024, and requested leave to amend the complaint, the latter of which was promptly granted by the Court. *See* Doc. Nos. 95, 98. Plaintiffs promptly filed their Second Amended Complaint at which point Defendants filed a new wave of

motions to dismiss by July 3, 2024. *See* Doc. No. 117, 119, 121, 124. Plaintiffs submitted their opposition to these motions on August 14, 2024. *See* Doc. No. 148. All replies by Defendants were submitted to the Court on August 14, 2025. *See* Doc. Nos. 158-162. On September 30, 2024, oral argument was held before Your Honor on the pending motions.

On October 4, 2024, letter responses were submitted to this Court upon its request for further case law on the issues before the Court. *See* Doc. Nos. 173, 174, 175, 177, & 178. On January 31, 2025, all parties issued letter responses to the Court's posed questions on the issues raised in the pending motions. *See* Doc. Nos. 192-197.

On March 21, 2025, the Court dismissed all claims against Cecile de Jongh, the USVI, John de Jongh, Kenneth Mapp, Vincent Frazer, Celestino White, and Carlton Dowe. Today, the only claim remaining in this case is against Stacey Plaskett as an individual. While she was sued in her capacity as a U.S. Virgin Islands representative, those claims were dismissed by the Court in the March 21, 2025, Order and Opinion.

## ARGUMENT

**THIS COURT SHOULD CERTIFY AND ENTER A FINAL AND SEPARATE JUDGMENT IN THIS MATTER AS TO THE COURT'S MARCH 21, 2025 ORDER AND OPINION PURSUANT TO FED. R. CIV. PROC. 54(b).**

A separate and final judgment should be entered on this Court's March 21, 2025 Order and Opinion pursuant to Fed. R. Civ. Pro. 54(b).

As explained by the U.S. Appeals Court for the Second Circuit in *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1095 (2d Cir. 1992):

> [T]o have a final judgment under the rule, (1) multiple claims or **multiple parties must be present**, (2) at least one claim, or the **rights and liabilities of at least one party, must be finally decided** within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that **there is no just reason for delay**" and expressly direct the clerk to enter judgment.
>
> Factors (1) and (2) address the issue of whether rule 54(b) applies at all to the circumstances of the case. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2655 (2d ed. 1983) (Wright, Miller & Kane). Thus, they are questions of law, and are reviewed de novo. Factor (3), on the other hand, is addressed to the ultimate decision to direct the entry of judgment; given the permissive nature of rule 54(b) ("may direct the entry of a final judgment"), this decision "is left to the sound judicial discretion of the district court" and "is to be exercised 'in the interest of sound judicial administration.' " Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S. Ct. 895, 900, 100 L. Ed. 1297 (1956)).  (emphasis added).

As to factors one and two, there is no question that there were multiple parties in this matter and a final determination of rights and liabilities were finally decided, by dismissal, of Cecile de Jongh, the USVI, John de Jongh, Kenneth Mapp, Vincent Frazer, Celestino White, and Carlton Dowe. *United States v B.C.F. Oil Ref. Inc.*, CV 05 0562 CPS, 2007 WL 81933, at *2 [EDNY Jan. 9, 2007] ("In the present case, B.C.F. has stipulated as to liability for its violations of CERCLA.

4

Since there is no need for further litigation on the merits of the plaintiff's case as between the United States and B.C.F., the finality requirement has been met").

Accordingly, the only issue to determine is whether "there is no just reason for delay" in entering judgment in this case on the March 21, 2025 Order and Opinion.

There are many considerations in determining whether factor (3) as set forth above is met. They include whether the issue decided is a novel issue, whether the nature of the claims already determined is such that no appellate court would have to decide the same issue more than once even if there are subsequent appeals, whether an immediate appeal could expedite or avert further litigation including by facilitating settlement, whether the adjudicated claims are intertwined with or separable from the claims that remain pending, whether an additional trial would be required if the order appealed from were reversed, and whether the need for the review might or might not be mooted by future developments in the district court. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 2 (1980); *I.L.T.A., Inc. v. United Airlines, Inc*., 739 F.2d 82, 39 Fed. R. Serv. 2d 639 (2d Cir. 1984); *New York v. AMRO Realty Corp.,* 936 F.2d 1420, 1426 (2d Cir.1991); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc*., 106 F.3d 11, 15 –16 (2d Cir.1997). Several factors in this case point toward certification.

In determining whether to enter judgment under Rule 54(b), courts should be guided by "the interest of sound judicial administration" at both the trial and appellate levels and avoid the possibility that later determination at trial of the remaining claims could render an intervening decision by the court of appeals moot or require the appeals court to decide the same issue twice. *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1095 (2d Cir. 1992), *quoting Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8 (1980).

For example, where the pending and resolved claims are separable, there is no just reason for delay. For example, in *United States v B.C.F. Oil Ref. Inc.*, CV 05 0562 CPS, 2007 WL 81933, at *3 [EDNY Jan. 9, 2007], the court reasoned:

> "In determining whether to grant partial judgment, a court should consider the relationship between the adjudicated and unadjudicated claims." *Siderpali, S.P.A. v. Judal Industries, Inc.,* 833 F.Supp. 1023 (S.D.N.Y.1993) (citing *Gaetano Marzotto & Figli, S.P.A. v. G.A. Vedovi & Co.,* 28 F.R.D. 320, 324 (S.D.N.Y.1961)). Claims are inappropriate for certification under Rule 54(b) if they are "inherently inseparable" from each other or "inextricably interrelated." *Ginett,* 962 F.2d at 1096 (internal quotations omitted). As examples, claims may be too closely related under this standard if, in ruling on an appeal from the decided claim, an appellate court would have to decide the merits of a claim not yet appealed or if the district court's resolution of one of the remaining claims would render an appellate decision advisory or moot. *Id.* at 1095. However, if the resolved claims are separable or extricable, so that certifying them under 54(b) will not require an appellate court to decide any issues which have yet to be decided by the district court and no future disposition of the district court will impact the ruling of an appellate court, then the district court may certify the issue at its discretion.

Likewise, in this case, the Second Circuit would not be called upon to decide issues that may be decided by the district court, nor will the appeal be impacted by a district court ruling. If this Court grants Rule 54(b) certification for Plaintiffs, there is no risk that this or any other Court will revisit the issues determined (personal jurisdiction of the dismissed defendants) in this case at a later stage in this action. *Cf., Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007) ("Even if separable, if it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper"). Similarly, an appellate determination concerning the enforceability of the releases as to Cecile de Jongh would not render a district court determination concerning the remaining claims against Stacey Plaskett moot. As there will be no second review of this appeal

once determined, nor will it be rendered moot, it is in the interest of sound judicial administration to enter a final and separate judgment on this Court's Order and Opinion.

In this case, the final, adjudicated claims are distinct and separable from the claims decided. Defendant Plaskett is now only answering claims in her individual capacity, wholly separate from her capacity as a U.S. Virgin Islands representative, claims of which were dismissed alongside the other U.S. Virgin Islands' representatives in this case, including the actual U.S. Virgin Islands itself. Given the actual language of the Order and Opinion ("Plaskett is the last defendant standing. And while she may not have had any New York contacts while she was acting in her official capacity as an alleged USVI employee, she did have sufficient contacts in her **individual** capacity") which separates and distinguishes the two on the issue decided—jurisdiction—also distinguishing the claims highlighting Plaintiffs' allegations that "Plaskett purposefully traveled to New York on multiple occasions to avail herself of the New York donor network (including Epstein) and the benefits of soliciting donations in New York".

In its Order and Opinion and as inferred by the above extensive briefing history, this Court also recognized that the issue decided upon is a novel issue and had not yet been specifically ruled on by New York state courts: "Although "'[i]t appears that New York state courts have not weighed in on the precise question'" directly, "'numerous district courts sitting in New York have held that Section 302(a)(1) . . . does not provide for co-conspirator jurisdiction.'" citing *Przewozman v. Charity*, 2023 WL 2562537, at *16 (E.D.N.Y. Mar. 17, 2023) *See* Ex. 1 (March 21, 2025 Order and Opinion), at pg. 5.

In addition, resolution of the appeal may facilitate settlement with the remaining Defendants giving resolution to all claims and parties in this matter. *New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1426 (2d Cir.1991). Defendant Stacey Plaskett is in this case alone against six Plaintiffs and

7

a potential class. The likelihood this case will be able to resolve by settlement prior to trial is highly unlikely as she is unlikely to be able to cover near to what the case is worth. However, if the dismissed Defendants in this matter, were reappear in this matter, the likelihood of settlement would increase significantly, presenting an opportunity to expedite resolution of this matter on all claims.

The Second Circuit has held Rule 54(b) to be applicable where it would be "more efficient" for reinstatement of claims on appeal to occur in time for trial, together with the remaining claims, thereby avoiding an "expensive and duplicative trial." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 15 –16 (2d Cir.1997), quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.), *cert. denied,* 483 U.S. 1021 (1987).

Here, if the parties were forced to wait until after the trial in this matter was decided as to Defendant Plaskett to appeal the Court's Order and Opinion, there is no question that, if the Second Circuit reinstates claims against Defendants, discovery (and potentially a trial) would be duplicated by Plaintiffs and Plaskett. It would be an unnecessary waste of the courts' and the parties' time and resources, which favors 54(b) certification in this case.

While the causes of action remain the same against Plaskett, the claims themselves—the facts making up the causes of action against a particular defendant—here are unique. As set forth *supra* they are specific to her acts as an individual and do not include her time as a U.S. Virgin Islands agent or employee as per the Court's Order and Opinion, which is intertwined with the claims dismissed by this Court in its final decision as to all other Defendants.

Accordingly, as the above factors weigh in favor of entering a final and separate judgment on this Court's Order and Opinion pursuant to Fed. R. Civ. Proc. 54(b), Plaintiffs respectfully request this Court grant their motion.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court issue an order pursuant to Fed. Rule of Civ. Proc. 54(b) certifying the Judgment entered pursuant to the Court's Decision and Order and Opinion dismissing the copyright infringement claims alleged in Plaintiffs' Complaint as "final," upon the express determination that there is no just reason for delay, together with such further and other relief as the Court deems necessary and appropriate.

Dated:   April 17, 2025
         New York, New York

Respectfully submitted,

**MERSON LAW, PLLC**

By: ___/s/ Jordan Merson_____
Jordan Merson
950 Third Avenue, 18th floor
New York, NY  10022
Telephone: (212) 603-9100
Counsel for Plaintiffs

9