UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1 *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, *et al.*,<br><br>Defendants. | Case Number: 23-cv-10301-AS |

### CECILE DE JONGH'S OPPOSITION TO MOTION FOR FINAL JUDGMENT

Cecile de Jongh—and all but one of the defendants in this case—was dismissed from this case entirely by Order of the Court dated March 21, 2025. On April 17, 2025, Plaintiffs filed a motion for final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, as well as all of those set forth and to be set forth in John de Jongh's and/or the United States Virgin Islands' oppositions,[1] Ms. de Jongh opposes the relief requested.

Rule 54 of the Federal Rules of Civil Procedure provides that, in actions involving multiple defendants, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). There is a "historic federal policy against

---

[1] Gov de Jongh filed an opposition on April 26, 2025. ECF No. 209 ("JDJ Opp."). The United States Virgin Islands sought and received an extension to submit an opposition by May 15. ECF No. 208 (Minute Order). Ms. de Jongh joins all arguments that have been raised in both Mr. de Jongh's Opposition and which may be raised by USVI, to the extent those arguments are applicable to Ms. de Jongh, are not already raised herein, and/or to the extent they either further brief and expand upon grounds already raised herein or raise new grounds for denial of Plaintiffs' Motion that apply to Ms. de Jongh.

piecemeal appeals," *Citizens Accord v Rochester*, 235 F.3d 126, 128-29 (2d Cir. 2000), because of the "waste and futility" such appeals usually generate. *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir.1978) (Friendly, J.) (quoting *W. Geophysical Co. v. Bolt Assocs., Inc.,* 463 F.2d 101, 103 (2d Cir.1972)).

Such an appeal would certainly be wasteful and futile as to Ms. de Jongh. All six Plaintiffs released their claims against her, and as the Court repeatedly noted in dismissing Ms. de Jongh from this case, Plaintiffs even appeared to concede as much in subsequent filings. Order at 3, 4. Plaintiffs don't even dispute in their Motion that they conceded this defense. Any appeal on this issue would be frivolous—and waived—at any stage of this litigation. There is no reason for the Court to permit such an appeal now, particularly since Rule 54(b) requires some showing of hardship or injustice, neither of which Plaintiffs even allege here. *See Harriscom Svenska v Harris Corp.,* 947 F.2d 627, 629 (2d Cir. 1991) (showing of "hardship or injustice" required for Rule 54(b) relief) (citing Fed. R. Civ. P. 54(b)); *see also* JDJ Opp. at 8-10.[2]

Plaintiffs' attempts to revive their released claims against Ms. de Jongh are fruitless and must be put to an end. For the foregoing reasons, for those that have been set forth and will be set forth by her co-defendants, and for any others this Court deems just and proper, Ms. de Jongh

---

[2] Moreover, the issue on which Plaintiffs would seek appellate review as to Ms. de Jongh—"the enforceability of [their] releases," Mot. at 6—is a defense that Ms. de Jongh raised. Rule 54(b) relief may only be granted on claims that the district court has decided on the merits, not on affirmative defenses. *See Okla. Turnpike v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001) (citing *W.L. Gore v Int'l Med. Prosthetics*, 975 F.2d 858, 863 (Fed. Cir. 1992); *see also Miller Investment Trust v. Chen,* 12 Civ. 04997, 2013 WL 12623910*,* at *1 (S.D.N.Y. Oct. 25, 2013) (denying Rule 54(b) relief where defendant has been dismissed for lack of personal jurisdiction and "not because of any adjudication on the merits"); JDJ Opp. at 2-3. And the substance of the claims that remain in this case against Stacy Plaskett are intertwined with the claims that Plaintiffs raised against Ms. de Jongh, *see, e.g.,* Second Am. Compl. (ECF No. ¶¶ 6, 143-44), which also makes Rule 54(b) relief inappropriate here. *See* JDJ Opp. at 4-7.

respectfully urges this Court to spare the Second Circuit a wasteful and futile piecemeal appeal of their released claims and deny Plaintiffs' Motion for entry of a final judgment.

DATED: May 1, 2025

Respectfully submitted,

  /s/
Amelia J. Schmidt (NYS Bar 4947131) (admitted *pro hac vice*)
Matt Kaiser (admitted *pro hac vice*)
Courtney R. Forrest (admitted *pro hac vice*)
Kaiser PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005
(202) 640-2850
aschmidt@kaiserlaw.com
mkaiser@kaiserlaw.com
cforrest@kaiserlaw.com

*Counsel for Cecile de Jongh*