UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE 1, individually, and on behalf of all
others similarly situated, JANE DOE 2,
individually and on behalf of all others similarly
situated, JANE DOE 3, individually and on behalf
of all others similarly situated, JANE DOE 4, individually
 and on behalf of all others similarly situated,
JANE DOE 5, individually and on behalf of  all others
Similarly  situated, and JANE DOE 6, individually
and on behalf of all others similarly situated,

                Plaintiffs,                Civil Action No: 1:23-cv-10301-AS

     v.

GOVERNMENT OF THE UNITED STATES VIRGIN
ISLANDS, FIRST LADY CECILE DE JONGH,
GOVERNOR KENNETH MAPP, SENATOR
CELESTINO WHITE, ATTORNEY GENERAL
VICENT FRAZER, GOVERNOR JOHN DE JONGH,
SENATOR CARTLTON DOWE, DELEGATE
STACEY PLASKETT, and JOHN DOES 1-100,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR A JUDGMENT PURSUANT TO FED. R. CIV. PROC. 54(b)**

                **MERSON LAW, PLLC**
                Jordan Merson
                Annette G. Hasapidis
                Kimberly Kramer
                Jennifer Plotkin
              950 Third Avenue, 18th Fl
              New York, NY  10022
                 Telephone: (212) 603-9100
                 Fax : (347)- 441-4171
                 JMerson@MersonLaw.Com
                 *kkramer@mersonlaw.com*
                 *jplotkin@mersonlaw.com*
                 *Counsel for Plaintiffs*

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................................ 1

**TABLE OF AUTHORITIES** ........................................................................................................ 2

**PRELIMINARY STATEMENT** .................................................................................................. 3

**ARGUMENT** ................................................................................................................................ 4

   DEFENDANTS' ARGUMENTS ARE EITHER UNSUPPORTED BY
   THE LAW OR BASED ON A MISAPPREHENSION OF IT. ................................................... 4

**CONCLUSION** .......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doe 1 v Govt. of United States Virgin Is. et al*,
  2025 WL 887439 [S.D.N.Y. Mar. 21, 2025] .................................................................... 4
*E.I. du Pont de Nemours and Co. v Kolon Indus., Inc.*,
  2010 WL 427879 [ED Va Feb. 3, 2010] ......................................................................... 8
*Miller Inv. Tr. v Chen*,
  2013 WL 12623910 [S.D.N.Y. Oct. 25, 2013] ............................................................... 10
*Bennett v Pippin*,
  74 F.3d 578 [5th Cir. 1996] ............................................................................................. 6
*Cruz v Banks*,
  134 F.4th 687 [2d Cir. 2025] ........................................................................................... 8
*Edison v United States*,
  2014 WL 896977 [ED Cal Mar. 6, 2014] ....................................................................... 9
*FAT Brands Inc. v PPMT Capital Advisors, Ltd.*,
  2021 WL 1392849 [S.D.N.Y. Apr. 13, 2021] ............................................................. 6, 7
*Hogan v Consol. Rail Corp.*,
  961 F.2d 1021 [2d Cir. 1992] ......................................................................................... 8
*In re Bayou Hedge Fund Litig.*, 06 CV,
  2007 WL 2363622 [S.D.N.Y. Aug. 16, 2007] ................................................................. 7
*In re Peaslee*,
  547 F.3d 177 [2d Cir. 2008] ........................................................................................... 8
*Johnson v PPI Tech. Services, LP*,
  2014 WL 12722058 [E.D. La. Apr. 24, 2014] ................................................................ 8
*Oklahoma Turnpike Auth. v Bruner*,
  259 F.3d 1236 [10th Cir. 2001] ...................................................................................... 9
*PAETEC Communications, Inc. v MCI Communications Services, Inc.*,
  784 F Supp 2d 542 [E.D. Pa. 2011] ............................................................................... 8g

**Rules**

N.Y. Civil Practice Law and Rules 302(a)(1) ..................................................................... 5, 7
Fed. R. Civ. Proc. 54(b) .................................................................................................. *Passim*
Second Circuit Local Rule 27.2(a) ........................................................................................ 8

**Regulations**

N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a) ............................................................... 8

## PRELIMINARY STATEMENT

USVI, Governor de Jongh, and Cecile de Jongh concede that the first and second elements needed to prove that Plaintiffs are entitled to a partial judgment pursuant to Rule 54(b) have been satisfied and only dispute the third element; whether there is no just reason for delay. As explained below, Plaintiffs have met their burden of proof and Defendants have failed to demonstrate a basis for denying the motion.

## ARGUMENT
### DEFENDANTS' ARGUMENTS ARE EITHER UNSUPPORTED BY THE LAW OR BASED ON A MISAPPREHENSION OF IT.

USVI first asserts that the Second Circuit would have to familiarize itself with the claims against Plaskett in order to review this Court's determination as to jurisdiction against the USVI. USVI is incorrect. The governor and Cecile de Jongh make a similar argument; that Plaintiffs' claims against Plaskett are intertwined with the claims that would be raised on appeal against the dismissed defendants. They are incorrect.

None of the opponents to the motion have referenced or acknowledged the basis for this Court sustaining the claims against Plaskett. Defendants fail to recognize the basis for this Court's denial of Plaskett's motion – Plaskett's role as an attorney at Epstein's lawyers' firm and as a Congresswoman who curried favor with Epstein. This Court's conclusion that the Complaint was sufficient as against Plaskett did not implicate the conspiracy allegations against Defendants. As this Court, in *Doe 1 v Govt. of United States Virgin Is.*, 23-CV-10301 (AS), 2025 WL 887439, at *11-12 [S.D.N.Y. Mar. 21, 2025], detailed:

> Here, there's no dispute that Epstein operated a sex-trafficking venture that violated § 1591.
>
> As to Plaskett's liability under § 1595, the SAC alleges that Plaskett received a position at a law firm affiliated with Epstein's lawyer, Kellerhals, Ferguson, and Kroblin, that Epstein made the maximum contributions to her campaigns, that Epstein hosted a fundraiser for her, and that Epstein gave her a $30,000 loan. Dkt. 112 ¶¶ 6, 141. In exchange, the SAC alleges that Plaskett "approved over $300 million in tax breaks for Epstein's companies" and "us[ed] her political influence as a Congresswoman to ensure that Epstein's clients, co-conspirators, and co-[d]efendants[ ] travelled freely and had access to victims and [p]laintiffs." *Id.* ¶¶ 50, 95. She also allegedly "agreed to be Epstein's 'friend,' " *id.* ¶ 144, and knew that her actions were in service of Epstein's sex-trafficking scheme. *See id.* ¶¶ 140–46 ("At the time that Plaskett agreed to use her influence as the attorney on the EDC, Plaskett knew that she was doing so in order that the sex trafficking venture flourish," and when "payments were received, Plaskett knew that [they] were in exchange for her using her influence ... to ensure that the sex trafficking venture could continue."). These allegations have not been tested against the evidence, and the Court credits

them solely for the purpo rule is ses of evaluating the motion to dismiss. But at this stage, the SAC adequately pleads a violation of § 1595.

\*                              \*                              \*

As to the SAC's negligence claim, Plaskett argues that she had no duty to plaintiffs based on her alleged lack of authority over customs officials, the Coast Guard, air traffic control, and the police. Dkt. 118 at 20. But Plaskett owed plaintiffs an "ordinary duty of reasonable care," just like "everyone else." *Deutsche Bank*, 671 F. Supp. 3d at 414. In *Deutsche Bank*, it was enough that plaintiffs alleged that JP Morgan and Deutsche Bank "helped 'set in motion' Jeffrey Epstein's sex-trafficking venture." *Id.* Here, the SAC adequately alleges that Plaskett helped facilitate that venture.

This Court's reasoning concerning the claims against Plaskett demonstrates that those claims are distinctly different than those alleged against the dismissed defendants and do not even reference the dismissed defendants. There are certainly no common facts or claims between an appeal of the dismissal of claims against Cecile de Jongh and the pending claims against Plaskett. This Court dismissed Plaintiffs' claims against Cecile de Jongh on the grounds that the Plaintiffs' release applied to their claims against her.

USVI and Gov. de Jongh are incorrect in arguing that, if this Court finds that Plaskett was not engaged in a conspiracy with Defendants, it would moot Plaintiffs' conspiracy jurisdiction allegations. USVI cites no caselaw for this proposition. Plaintiffs' evidence against Plaskett concerning the conspiracy will be far more limited than the evidence of the other Defendants' participation in the conspiracy. Plaskett's goal is to prove that she was not part of any conspiracy, not that none of the Defendants ever participated in a conspiracy. USVI is comparing apples and oranges.

In addition, the issue before the Second Circuit pertains to New York's conspiracy jurisdiction theory and its availability under Civil Practice Law and Rules 302(a)(1). There are no common facts or claims between Plaintiffs' conspiracy jurisdiction allegations, as set forth in the

5

second amended complaint, and the litigation of the substantive causes of action against Plaskett in her individual capacity.[1]

Moreover, the grant of the 12(b)(6) motion is not rendered moot assuming, *arguendo*, that Plaskett prevailed on summary judgment or after trial. Rather, it is after a plaintiff prevails at trial on the merits that the denial of a 12(b)(6) motion is rendered moot. *Bennett v Pippin*, 74 F.3d 578, 585 [5th Cir. 1996] ("When the plaintiff has prevailed after a full trial on the merits, a district court's denial of a Rule 12(b)(6) dismissal becomes moot. The plaintiff has proved, not merely alleged, facts sufficient to support relief"). So, in this case, Plaintiffs' appeal of the grant of the motions to dismiss on conspiracy jurisdiction grounds will not be rendered moot by a resolution of Plaintiffs' claims that Plaskett, in her individual capacity, engaged in a conspiracy to engage in a sex trafficking conspiracy with others. The facts pertaining to Plaskett's conduct will differ from that proving Defendants' involvement in the sex-trafficking scheme. While Governor de Jongh argues otherwise in his memo of law, he does not explain how Plaskett's potential non-involvement in a conspiracy could moot Plaintiffs' claims that he was a member of a conspiracy. He does not because there is no factual similarity between de Jongh's involvement as Governor and an individual and that of Plaskett in her personal capacity.

Arguing otherwise, Gov. de Jongh relies principally on *FAT Brands Inc. v PPMT Capital Advisors, Ltd.*, 2021 WL 1392849, at *2-3 [S.D.N.Y. Apr. 13, 2021], to support his claim. There, the plaintiffs sought to appeal the dismissal of claims against two parties whose liability was vicarious and predicated on the conduct of two remaining defendants. Obviously, the claims were inextricably interrelated, so that resolution of the claims against the remaining Defendants would

---

[1] Because Plaintiffs have not pursued a RICO cause of action, Gov. de Johns arguments pertaining to the withdrawn RICO claims are irrelevant. Gov. de Jongh's Memo of Law at 5-6.

moot out the vicarious liability claims against the dismissed defendants. This ruling is irrelevant to the claims here as the liability of Defendants is not based on Plaskett's conduct.

Also, in *Fat Brands*, the court held that "complicated factual history" supporting conspiracy allegations among the remaining and dismissed defendants militated against granting the motion for Rule 54(b) relief because the appellate court would potentially review the facts twice. Here, however, the appellate court will not be asked to address the factual grounds for the conspiracy allegations, as the court's dismissal was based on its rejection of conspiracy jurisdiction, not the sufficiency of the conspiracy allegations. The same is true of de Jongh's claim that the negligence claims are inseparable – he fails to recognize that the court's dismissal was predicated on the novel theory of conspiracy jurisdiction, not the sufficiency of the negligence (or any other) allegations.

Similarly, *In re Bayou Hedge Fund Litig.*, 06 CV 3026 (CM), 2007 WL 2363622, at *3-7 [S.D.N.Y. Aug. 16, 2007], the court dismissed certain claims as legally insufficient against certain defendants. Consequently, the court reasoned that "if this court eventually finds Bayou not liable for the underlying fraud, breach and/or negligence, then any appellate review of this court's dismissal of these four claims against Citibank will be rendered either advisory or moot." That is not the case at bar, where Plaintiffs' legal theory for conspiracy jurisdiction was rejected by this Court.

Defendants also oppose the motion on the alleged grounds that the equities do not favor entry of judgment. USVI contends that judicial efficiency is irrelevant as is the fact that settlement would be facilitated if an immediate appeal were taken. USVI has not only failed to address these concerns collectively, the USVI has failed to address Plaintiffs' contention that the equities favor the entry of judgment now because dismissal of the claims was predicated on an issue of first impression; whether a party can assert conspiracy jurisdiction under CPLR 302(a)(1).

Plaintiffs submit that the equities favor the entry of a judgment pursuant to Rule 54(b) because of "special circumstances indicating that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties, will cause unusual hardship or work an injustice." *Hogan v Consol. Rail Corp.*, 961 F.2d 1021, 1026 [2d Cir. 1992]. It is inequitable to delay the appeal based upon this Court's resolution of an issue that has yet to be decided by New York State courts. On such an appeal, the Second Circuit may certify this issue to the New York Court of Appeals. In *Cruz v Banks*, 134 F.4th 687, 695 [2d Cir. 2025], the court certified an issue to the New York Court of Appeals under Second Circuit Local Rule 27.2(a) where the matter involved "determinative questions of New York law [that] are involved in a case pending before [us] for which no controlling precedent of the Court of Appeals exists." *Id.,* citing *In re Peaslee*, 547 F.3d 177, 183 [2d Cir. 2008] (quoting N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a)).

That Plaintiffs' claims against nearly all Defendants were dismissed based on this Court's resolution of a state law issue which has never been presented to a New York appellate court is inequitable. Other courts have certified an appeal under these circumstances. *See Johnson v PPI Tech. Services, LP*, CV 11-2773, 2014 WL 12722058, at *2 [E.D. La. Apr. 24, 2014] (certifying pursuant to Rule 54[b] and ruling that "the Court's interpretation of the Terrorism Exclusion in the Policy at issue deals with an issue of first impression and is a vital part of the remaining issues; therefore, expeditious and final resolution on that issue will facilitate this litigation as a whole"); *PAETEC Communications, Inc. v MCI Communications Services, Inc.*, 784 F Supp 2d 542, 548 [E.D. Pa. 2011] ("we have decided an issue important to the telecommunications industry as a matter of first impression; entering final judgment pursuant to Rule 54(b) is particularly appropriate in such cases"); *E.I. du Pont de Nemours and Co. v Kolon Indus., Inc.*, CIV.A 3:09CV58, 2010 WL

8

427879, at *3 [ED Va Feb. 3, 2010] ("The Court sees significance in the complexity of, and the dearth of precedential guidance respecting, the issues . . . raised in Kolon's counterclaim. Early appellate review provides greater value in a case such as this one, where, if Kolon is allowed to proceed to discovery on its claims, all parties would benefit from an assured definition of the legal issues around which the long and expensive process of antitrust discovery will be focused").

Hardship and injustice are clearly present here because nearly all of the claims in this case were dismissed based on this Court's resolution of an issue of New York law that has yet to be addressed by a New York State Court.

Governor de Jongh and Cecile de Jongh contend that Rule 54(b) does not allow for certification of a defense.  Counsel's own cited authority, however, holds that "a defense may be certified when, as here, the defense is 'implicitly and indirectly' certified with the claim against which it is raised." *Oklahoma Turnpike Auth. v Bruner*, 259 F.3d 1236, 1243 [10th Cir. 2001].  In fact, the defendant in *Edison v United States*, 2014 WL 896977, at *5 [ED Cal Mar. 6, 2014], made the same argument, by relying on *Oklahoma Turnpike*, but ignoring the balance of the holding which recognize that a defense may be certified.  The District Ct. in *Edison* reasoned:

> Defendant argues that Rule 54(b) does not allow for certification of a defense and alleges that seeking entry of the judgment as to the United States' defense —— the independent contractor exception to the FTCA —— is precisely an attempt by Plaintiff to certify USA's defense. Defendant relies on Oklahoma Turnpike v. Bruner, 259 F.3d 1236, 1243 (10th Cir. 2001) ("Rule 54(b) does not allow for certification of a defense" (quoting W.L. Gore & Assocs., Incv Int'l Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 863 (Fed. Cir. 1992)).

> Defendant's reliance on *Oklahoma Turnpike* is misplaced because the argument fails to consider the language that follows "[D]oes not allow for certification of a defense." The case states, in pertinent part:

> "Rule 54(b) does not allow for certification of a defense. By its terms, Rule 54(b) ... allows certification only of 'gone or more but fewer than all of the claims or parties.' Fed.R.Civ.P. 54(b) ... [M]oreover, Rule 54(b) does not come into play when mere defenses are left unadjudicated, but only when additional claims, counterclaims, or thirdparty claims are left unadjudicated. *See* Fed.R.Civ.P. 54(b)." *Gore,* 975 F.2d at 863.

> In the instant case, Plaintiff invokes Rule 54(b) not to certify a "mere defense," but to, indeed, certify "one or more but fewer than all of the claims or parties." Fed.R.Civ.P. 54(b). In this manner, *Gore* serves to support Plaintiff's Motion for Entry of Final Judgment on the claims against the USA. The nature of Plaintiff's motion is precisely that which is allowed within the langue of Rule 54(b), and the court is unpersuaded that the motion should be denied simply because the reason USA was dismissed from the case can be considered a defense. Additionally, *Gore* does not address a fact pattern that is similar to the instant case: In *Gore,* only defenses remained to be adjudicated, whereas here, claims against other parties remain.

That reasoning applies on all fours here.

Governor's and Cecile's reliance on *Miller Inv. Tr. v Chen*, 12 CIV. 04997 (LGS), 2013 WL 12623910, at *1 [S.D.N.Y. Oct. 25, 2013], is equally misplaced. The *Miller* Court did not deny certification because the order dismissed a party from the action for lack of jurisdiction. There, the *dismissed* party sought the entry of a final judgment for finality, as opposed to the losing party seeking an interlocutory appeal which is the case at bar. The court denied certification, pointing out, among other things, that the plaintiffs might sue that defendant in another forum before the expiration of the statute of limitations and so "Defendant Hansen will continue to experience legal uncertainty until then whether or not the judgment is final." Thus, certification was not denied because the dismissal was not on the merits of the cause of action but because that Defendant could not achieve finality with the entry of the judgment.

10

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court issue an order pursuant to Fed. Rule of Civ. Proc. 54(b) certifying the Judgment, together with such further and other relief as the Court deems necessary and appropriate.

Dated:    May 21, 2025
          New York, New York

Respectfully submitted,

**MERSON LAW, PLLC**

By:    /s/ Jordan Merson
Jordan Merson
950 Third Avenue, 18th floor
New York, NY  10022
Telephone: (212) 603-9100
Counsel for Plaintiffs

11