UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOES 1-6,<br><br>                              Plaintiffs,<br><br>             -against-<br><br>GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS et al.,<br><br>                              Defendants. | 23-CV-10301 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

   The Court issued an opinion and order dismissing claims against all defendants except for Stacey Plaskett. Dkt. 202. Plaintiffs moved for entry of a partial judgment, Dkt. 206, which three of the dismissed defendants opposed, Dkts. 209, 210, and 214. Discovery closed on June 2, 2025, and the deadline to move for summary judgment was June 30, 2025. Dkt. 182. No motion for summary judgment was filed by either side.

   As to the motion for entry of a partial judgment as to the dismissed defendants, Federal Rule of Civil Procedure 54(b) states that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Plaintiffs and opposing defendants agree that the key inquiry here is whether "there is no just reason for delay," and "[d]etermining just reason for delay is 'left to the sound judicial discretion of the district court.'" *Star Funding, Inc. v. Tire Ctrs., LLC*, 717 F. App'x 38, 40 (2d Cir. 2017) (quoting Fed. R. Civ. P. 54(b), and then quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

   "Generally, a district court may properly make a finding that there is 'no just reason for delay' only when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Adv. Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987)). "The proper guiding star" in the district court's determination "is 'the interest of sound judicial administration.'" *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1095 (2d Cir. 1992) (quoting *Curtiss-Wright*, 446 U.S. at 8). But "[a]s a general matter . . . the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised 'sparingly,'" *Adv. Magnetics*, 106 F.3d at 16 (citation omitted), for "the infrequent harsh case." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted).

   The Second Circuit's recent decision in *Kaufman LLC v. Derzaw*, 2023 WL 4926214 (2d Cir. Aug. 2, 2023) is instructive. There, plaintiffs sued multiple defendants. The district court dismissed two defendants for lack of subject-matter and personal jurisdiction and then issued a

Rule 54(b) certification of the dismissal. The Second Circuit remanded the case back to the district court on procedural grounds, but in doing so it expressed skepticism about the wisdom of the certification decision. "In this case," it wrote, "the dismissed claims [against two defendants] . . . and the surviving claims [against three defendants] implicate 'the same or closely related issues,' which arise from [shared] facts." *Id.* at *2 (citation omitted). "As such, certification is unlikely to advance the interests of sound judicial administration or efficiency because it creates a risk of piecemeal appeals that would require two or more three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Id.* (cleaned up). This case, where multiple defendants were dismissed because the Court lacked personal jurisdiction, but plaintiffs' claims against all defendants arise out of a common set of facts, presents the same concerns.

Furthermore, plaintiffs' surviving claims against Plaskett will be resolved at trial in a matter of months. The danger of unjust delay is presented where "an expensive and duplicative trial could be avoided if, *without delaying prosecution of the surviving claims*, a dismissed claim was reversed in time to be tried with the other claims." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 73 F. Supp. 2d 345, 347 (S.D.N.Y. 1999) (quoting *Cullen*, 811 F.2d at 711). Given the schedule in this case, it is nearly impossible that the dismissed claims could be reviewed on appeal "in time to be tried with the other claims" without "delaying prosecution" of those claims. In fact, "certifying a Rule 54(b) final judgment will derail the parties' trial schedule as the litigation is now ripe for trial." *Id.* The trial schedule also means that "this entire case will be available for appellate review on a full record" very soon, which similarly counsels against certification. *Harman v. City of New York*, 1997 WL 76509, at *2 (S.D.N.Y. Feb. 24, 1997).

Finally, the appropriate Rule 54(b) certification "must take account of . . . the equities between or among the parties." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011). Here, the Court observes that denying certification will cause little delay and will permit the parties to engage in one round of appeals after trial is complete at which all the parties' issues can be addressed. This will save time and resources all around.

Plaintiffs' motion for entry of a partial final judgment is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 206.

Plaintiffs and Plaskett should meet and confer and by August 21, 2025, jointly propose three separate weeks for trial in 2025.

SO ORDERED.

Dated: July 30, 2025
      New York, New York

ARUN SUBRAMANIAN
United States District Judge